**Ray W. Sowards** SBN 139952
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, Callifornia 95035
Telephone:    (408)957-0807
FAX:              (408)957-0663
Email: rsowards@pacbell.net

Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust, American Synergy Financial Company, and Eagle Systems International, Inc.

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case Number: **C 07 3086** |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| **DAVID C. CLARK; WENDY R. CLARK; CLARK C. FAMILY TRUST; AMERICAN SYNERGY FINANCIAL COMPANY TRUST; EAGLE SYSTEMS INTERNATIONAL, Inc.** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

　　　　COME NOW Defendants David C. Clark, Wendy R. Clark, Clark C. Family Trust, American Synergy Financial Company Trust, and eagle Systems International, Inc. (hereinafter referred to collectively as "Defendants"), by and through their undersigned legal counsel, and Answer the unverified Complaint as follows:

## AS TO COUNT I OF THE COMPLAINT

1. In Answer to Paragraph 1 of Count I of the Complaint, Defendants admit that this is a civil action brought by the United States, but deny the validity of the federal tax assessments referred to in Paragraph 1 of Count I of the Complaint and on that basis assert that Plaintiff is without standing to sue Defendants thereupon.

2. In Answer to Paragraph 2 of Count I of the Complaint, Defendant is without sufficient knowledge or information with which to admit or deny that this suit is authorized or sanctioned by the Attorney General of the United States or at the request of the Chief Counsel of the Internal Revenue Service, but deny that *Internal Revenue Code*, Sections 7401, 7403, or any other provision of law authorizes this suit.

3. In Answer to Paragraph 3 of Count I of the Complaint, Defendants admit that Title 28 U.S.C., Sections 1340 and 1345 confer jurisdiction over this matter to this Court, but deny that *Internal Revenue Code*, Sections 7402(a), 7403, or any other provision of law confers such jurisdiction.

4. In Answer to Paragraph 4 of Count I of the Complaint, Defendants admit that venue is proper in this Court.

## AS TO COUNT II OF THE COMPLAINT

5. In Answer to Paragraph 5 of the Complaint, Defendant David C. Clark admits that Defendant David C. Clark resided at 41121 Kathlean Street, Fremont, California 94583 at the time the Complaint was filed. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

6. In Answer to Paragraph 6 of the Complaint, Defendant Wendy R. Clark admits that Defendant Wendy R. Clark resided at 41121 Kathlean Street, Fremont, California 94583 at the time the Complaint was filed. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

7. In Answer to Paragraph 7 of the Complaint, Defendant Clark C. Family Trust admits that Defendant Clark C. Family Trust was located at 41121 Kathlean Street, Fremont, California 94583 at the time the Complaint was filed. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

8. In Answer to Paragraph 8 of the Complaint, Defendant Eagle Systems International, Inc. admits that Defendant Eagle Systems International, Inc. was located at 1330 South 1000 East, Orem, Utah 84097 at the time the Complaint was filed. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

9. In Answer to Paragraph 9 of the Complaint, Defendant American Synergy Financial Company Trust admits that Defendant American Synergy Financial Company Trust was located at 28436 Satellite Street, Hayward, California 94545 at the time the Complaint was filed. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

10. In Answer to Paragraph 10 of the Complaint, Defendants admit the allegations therein.

## AS TO COUNT III OF THE COMPLAINT

11. In Answer to Paragraph 12 of the Complaint, without admitting or denying the legitimacy or propriety of the alleged tax assessment, Defendants David C. Clark and Wendy R. Clark admit the allegations contained therein. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

12. In Answer to Paragraph 13 of the Complaint, Defendants David C. Clark and Wendy R. Clark deny the allegations therein. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

13. In Answer to Paragraph 14 of the Complaint, Defendant David C. Clark admits that a delegate of the Secretary of the Treasury made assessments against taxpayer David C. Clark as alleged therein. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same. By this admission Defendants do not concede the validity of the underlying assessments described in Paragraph 14 of the Complaint.

14. In Answer to Paragraph 15 of the Complaint, Defendant David C. Clark denies the allegations therein. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

15. In Answer to Paragraph 17 of the Complaint, Defendants admit the allegations therein.

16. In Answer to Paragraph 18 of the Complaint, Defendants David C. Clark, Wendy R. Clark, and Clark C. Family Trust admit that Clark C. Family Trust acquired record title to the Kathlean property described in Paragraph 18 of the Complaint. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

17.  In Answer to Paragraph 19 of the Complaint, Defendants deny that Defendant Clark C. Family Trust is or ever was the nominee or agent of Defendants David C. Clark or Wendy R. Clark, including the time of the conveyance of the Kathlean property to the Clark C. Family Trust, and deny that title to the Kathlean property passed to Defendant Clark C. Family Trust as a nominee or agent of Defendants David C. Clark or Wendy R. Clark.

18. In Answer to Paragraph 20 of the Complaint, Defendants deny the conveyance of the Kathlean property as described in Paragraph 18 of the Complaint was a sham or that it lacked economic substance or that it was made solely for the use and benefit of Defendants David C. Clark or Wendy R. Clark.

## AS TO COUNT IV OF THE COMPLAINT

19. In Answer to Paragraph 22 of the Complaint, Defendants David C. Clark and Wendy R. Clark admit that Plaintiff United States of America placed liens against Defendants David C. Clark and Wendy R. Clark asserting possessory rights to all property, real or personal, belonging to Defendants David C. Clark and Wendy R. Clark. Defendants David C. Clark and Wendy R. Clark deny the implied legitimacy of said liens. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

20. In Answer to Paragraph 23 of the Complaint, Defendants David C. Clark and Wendy R. Clark are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same. Defendants David C. Clark and Wendy R. Clark deny the implied legitimacy of said liens, if any. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

21. In Answer to Paragraph 24 of the Complaint, Defendants David C. Clark and Wendy R. Clark deny that the property described in Paragraph 10 of the Complaint was owned by them for purposes of the tax provisions of the Internal Revenue Code, or for any other purpose, and deny that the Internal Revenue Code provides any authority for Plaintiff or any other person or entity to recognize the ownership status of the property described in Paragraph 10 of the Complaint as anything other than as it exists in law, and particularly for the self-serving purposes set forth in the Complaint. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

22. In Answer to Paragraph 25 of the Complaint, Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that defendant Clark C. Trust is an alter ego or nominee of Defendants David C. Clark or Wendy R. Clark with respect to the property described in Paragraph 10 of the Complaint, or for any other property or any purpose whatsoever. All other defendants are without sufficient knowledge or

information with which to admit or deny such allegations and on that basis deny same.

23. In Answer to Paragraph 26 of the Complaint, Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that the property described in Paragraph 10 of the Complaint was transferred to the Clark C. Trust as an alter ego or as a nominee of Defendants David C. Clark or Wendy R. Clark. Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that the Clark C. Trust is used by Defendants David C. Clark or Wendy R. Clark to avoid paying federal tax obligations. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

24. In Answer to Paragraph 27 of the Complaint, Defendant Clark C. Trust admits that on February 5, 2004 a delegate of the Secretary of the Treasury filed a Federal Tax Lien with the Alameda County Recorder's Office in Alameda County, California against Defendant Clark C. Trust. Defendant Clark C. Trust further admits that said lien designated the Clark C. Trust as "THE NOMINEE AND/OR ALTER EGO OF DAVID CLARK AND WENDY CLARK." Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that the Clark C. Trust is a nominee and/or alter ego of David Clark and/or Wendy Clark, and assert that said allegation is utterly without legal or factual basis. Defendants further deny the legitimacy of the underlying Federal Tax Liens, and assert that the liens and the assessments upon which they are based are without lawful authority and are therefore void and unenforceable. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

25. In Answer to Paragraph 28 of the Complaint, Defendant Clark C. Trust admits that that it participated in the transaction described in Paragraph 18 of the Complaint. Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that the transaction described in Paragraph 18 of the Complaint was a sham or that it lacked economic substance. All other defendants are without sufficient knowledge or

information with which to admit or deny such allegations and on that basis deny same.

26. In Answer to Paragraph 30 of the Complaint,[1] Defendants deny the allegations of Paragraph 30 of the Complaint in their entirety. Specifically, Defendants deny that the tax assessment by the Secretary of the Treasury on December 15, 2003 against the property described in Paragraph 10 of the Complaint was valid or that it was authorized by Sections 6321 or 6322 of Title 26, United States Code. Defendants further allege that Sections 6321 or 6322 of Title 26, United States Code, nor any other statute or law authorizes the assessment described in Paragraph 10 of the Complaint in that said assessment was unlawful, unfair, and contrary to law.

27. In Answer to Paragraph 31 of the Complaint, Defendants David C. Clark and Wendy R. Clark are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same. Defendants David C. Clark and Wendy R. Clark deny the implied legitimacy of said liens, if any. All other defendants are without sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

28. In Answer to Paragraph 32 of the Complaint, Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that the property described in Paragraph 10 of the Complaint has belonged to Defendant David C. Clark or Wendy R. Clark for the purposes of the tax lien provisions of the Internal Revenue Code, or for any other purpose. Defendants David C. Clark, Wendy R. Clark and Clark C. Trust deny that the Internal Revenue Code provides any authority for Plaintiff or any other person or entity to recognize the ownership status of the property described in Paragraph 10 of the Complaint as anything other than as it exists in law, and particularly for the self-serving purposes set forth in the Complaint. All other defendants are without

---

[1] There is no Paragraph 29 in the Complaint.

United States v. David C. Clark, et. al.        7                           Case No. C 07 3086
ANSWER TO COMPLAINT and DEMAND FOR JURY TRIAL

sufficient knowledge or information with which to admit or deny such allegations and on that basis deny same.

## AFFIRMATIVE DEFENSES

Statutory Affirmative Defenses (F.R.C.P. Rule 8(c))

## FIRST STATUTORY AFFIRMATIVE DEFENSE
### Violation of Procedural Due Process / Error in Lien Procedure – All Defendants

As a first separate and affirmative statutory defense these answering Defendants assert that Plaintiff failed to comply with the notice requirements of 26 U.S.C. §6320 in that Plaintiff failed to provide Defendants with any notice regarding their rights to a hearing and to an appeal as required by 26 U.S.C. §6320(a)(3)(B). Consequently, these answering Defendants were never afforded an opportunity to seek redress from the actions of Plaintiff, in violation of 26 U.S.C. §6320 and of Defendants' constitutional right to due process of law.

## SECOND STATUTORY AFFIRMATIVE DEFENSE
### Failure to State Facts upon which Relief Could be Based –All Defendants

As a second separate and affirmative statutory defense these answering defendants assert that the Complaint fails to state any facts as to any defendant or defendants which demonstrates Plaintiff's entitlement to the money it claims it is owed by Defendants. Specifically, Title 26 U.S.C. §6322 directs that the effective date for tax liens is the assessment date upon which the lien is based. Plaintiff's rights and legal interest in the real property therefore began on August 21, 2001 and December 15, 2006, respectively.

Since the property at issue in this matter was conveyed to the Clark C. Trust on October 4, 1989, the conveyance preceded Plaintiff's entitlement, if any, under the liens placed or under the Internal Revenue Code to any part or portion of, and any legal interest in, said property as a means of collecting on subsequent tax debts. Plaintiff's Complaint therefore fails to state any facts upon which relief could be granted.

### THIRD STATUTORY AFFIRMATIVE DEFENSE

### Subordination of Federal Tax Lien – 26 U.S.C. § 6323

As a third separate and affirmative statutory defense Defendants David C. Clark, Wendy R. Clark and Clark C. Trust assert that all federal tax liens placed against the property at issue herein are subordinate to a Second Deed of Trust held by Eagle Systems International, Inc.

### Other Affirmative Defenses

### FOURTH AFFIRMATIVE DEFENSE

### Failure to State a Claim – All Defendants

As a fourth separate and affirmative defense Defendants, and each of them, assert that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against any defendant or to entitle Plaintiff to the relief sought or to any relief whatsoever.

### FIFTH AFFIRMATIVE DEFENSE

### Illegality of Assessments

As a fifth separate and affirmative defense Defendants David C. Clark, Wendy R. Clark, and Clark C. Trust assert that the tax assessments committed by Plaintiff on August 1, 2001 and December 15, 2003, as alleged in the Complaint, were unlawful in that there was no legitimate basis for such assessments, and there was no lawful authority for such assessment to be undertaken.

### SIXTH AFFIRMATIVE DEFENSE

### Laches

As a sixth separate and affirmative defense Defendants assert that Plaintiff's claims are barred in their entirety by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### Estoppel

As a seventh separate and affirmative defense Defendants assert that the Complaint, and each cause of action thereof are estopped by virtue of its Plaintiff's own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### Statute of Limitations

As an eighth separate and affirmative defense Defendants assert that the Complaint, and each cause of action thereof, is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

As an ninth separate and affirmative defense Defendants assert that Plaintiff failed to exercise due diligence in making its tax assessments and in initiating collection procedures in a timely manner, thus unnecessarily increasing Defendant's tax burden.

## TENTH AFFIRMATIVE DEFENSE

### Waiver

As an tenth separate and affirmative defense Defendants assert that the Complaint, and each cause of action thereof, is barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

As an eleventh separate and affirmative defense Defendants assert that the Complaint, and each cause of action thereof, is barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### Defendants' Investigation Continues

Defendants, and each of them, are without sufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event if appropriate.

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint;
2. That the Court dismiss Plaintiff's suit with prejudice;
5. That Defendants, and each of them, be awarded costs and attorney's fees incurred as a result of having to defend this action;
6. That this matter be tried by a jury on all issues triable by jury;
7. That the Court order such other and further relief as may be just, proper, and equitable.

DATED:_____                    Respectfully submitted,


                                               ____/s/_____
                                               Ray W. Sowards
                                               Attorney for Defendants

# **DEMAND FOR JURY TRIAL**

TO THE HONORABLE MARIA-ELENA JAMES, UNITED STATES MAGISTRATE JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to *Federal Rules of Civil Procedure*, Rule 38, and in accordance with *Civil Local Rule* 3-6(a), Defendants David C. Clark, Wendy R. Clark, Clark C. Family Trust, American Synergy Financial Company, and Eagle Systems International, Inc. hereby invoke their rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues triable by jury.

This notice is not to be construed as a waiver of defenses, claims, or exceptions, express or implied, and does not constitute consent to bifurcation or severance of issues.

DATED:_____          Respectfully submitted,

                                _____
                                Ray W. Sowards
                                 Attorney for Defendants