**Ray W. Sowards** SBN 139952
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, Callifornia 95035
Telephone:    (408)957-0807
FAX:          (408)957-0663
Email: rsowards@pacbell.net

Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust, American Synergy Financial Company, and Eagle Systems International, Inc.

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **DAVID C. CLARK; WENDY R. CLARK; CLARK C. FAMILY TRUST; AMERICAN SYNERGY FINANCIAL COMPANY TRUST; EAGLE SYSTEMS INTERNATIONAL, Inc.** <br><br> Defendants. | Case Number: **C 07 3086** <br><br> **MEMORANDUM OF DEFENDANTS IN SUPPORT OF DEMAND FOR JURY TRIAL** |

In accordance with this Court's Order Vacating CMC and Order Requesting Briefing Re: Right to Jury Trial dated September 11, 2007 Defendants submit the following Memorandum in support of such right. Defendants respectfully submit that the right to jury trial attaches in this case because it is a "suit at common law " as described in the Seventh Amendment to the United States Constitution, and is a suit for legal relief, wherein legal rights are to be determined by a trier of fact.

## 1. **THE RIGHT TO JURY TRIAL AND THE PUBLIC RIGHTS DOCTRINE**

The Seventh Amendment to the United States Constitution provides that "in suits at common law," the right of trial by jury is preserved. (*City of Monterey v. Del Monte Dunes, Ltd.* (1999) 526 U.S. 687, 708.) *Federal Rules of Civil Procedure*, Rule 38(a) codifies this Constitutional imperative. The phrase "suits at common law" in the Seventh Amendment refers to suits in which legal rights are to be determined, as opposed to equitable rights. (*Granfinanciera, S.A. v. Nordberg* (1989) 492 U.S. 33, 41.)

In the case at bar, the defense raises disputes of material factual and legal issues which seek to determine the legal rights of the defendants. More specifically, the defense raises issues going to the legality of the assessments sued upon and the various defendants' liability, if any, thereunder. This matter therefore falls squarely within the Seventh Amendment's protection of the right to jury trial.

Moreover, in cases brought by the United States against a private party, the right to jury trial is determined in the same manner as if the suit were between private parties.. (*Austin v. Shalala* (5th Cir. 1993) 994 F.2d 1170, 1175.) This case was brought by the United States to challenge the transfer of a piece of real property into a trust and seeks a monetary judgment. This case is therefore clearly analogous to a private quiet title and fraudulent conveyance action which seeks monetary damages. "[Where an action is…for the recovery …of a monetary judgment, the action is one at law." (*Whitehead v.* Shattuck (1891) 138 U.S. 146, 151; *Pernell v. Southall Realty* (1974) 416 U.S. 363, 370.)

A final factor in determining whether Defendants herein are entitled to a jury trial is the fact that the action, being one brought under common law causes of action, is brought in an Article 3 court. Under the Public Rights doctrine, the Seventh Amendment protects a litigant's right to jury trial in *all cases*, with the exception of only to categories of cases: 1) those in which a statutory claim asserts a "public right"; and 2) those which congress has assigned to be adjudicated by non Article 3 courts. (*Granfinanciera v. Norberg, supra*, 492 U.S. at 42, n.4.)

The base at bar does not assert either a claim for, or a defense pursuant to, a "public right." Instead, the defense seeks a determination of the specific legal rights of the defendants, jointly and severally. The defense also challenges the Plaintiff's authority to levy the assessments in the first place. The disputes arising under these two issues are clearly ones which the jury trial clause of the Seventh Amendment protects, and one which the founders of our government intended to protect as issues triable by jury.

Finally, Congress has not assigned the adjudication of cases such as the one now under consideration to non-Article 3 courts. If it had, then this case would be in tax court; it is not. Plaintiff filed this action is U.S. District Court, an Article 3 Court of general jurisdiction.

## **CONCLUSION**

Defendants respectfully submit that they are entitled to have the issues in this matter tried by a jury as provided for in the Seventh Amendment to the United States Constitution. Accordingly, Defendants request that the jury trial demand be honored, and any ruling to the contrary be made only after a properly noticed motion to strike the jury demand is made by Plaintiff and duly subjected to hearing by this Court. (*Akin v. PAFEC, Ltd.* (11th Cir. 1993) 991 F.2d 1550, 1555.)

DATED:_____     Respectfully submitted,


                             _____

                             Ray W. Sowards

                             Attorney for Defendants