SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Chief, Tax Division
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-7017
 Fax:        (415) 436-6748

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID C. CLARK; WENDY R. CLARK;<br>and CLARK C. FAMILY TRUST<br><br>    Defendants. | Case No. C-07-3086-MEJ<br><br><br><br><br>GOVERNMENT'S MEMORANDUM<br>RE: RIGHT TO JURY TRIAL |

United States of America hereby submits this memorandum pursuant to the Court's Order Requesting Briefing Re: Right to Jury Trial.

**MEMORANDUM**

The United States brought the present action seeking (1) to reduce to judgment federal income tax assessments made against David C. Clark and Wendy R. Clark ("taxpayers"), (2) to set aside the fraudulent transfer of real property and (3) to foreclose federal tax liens against that parcel of real property. The United States did not request trial by jury in its complaint. However, a jury demand has been made by the taxpayers. The taxpayers are entitled to a trial by jury on the legality of their tax assessments but are not entitled to trial by jury as to the fraudulent conveyance and foreclosure portions of the United States' complaint. Accordingly, the Court should strike the jury demand as to the fraudulent conveyance and foreclosure issues.

///

# I

## Taxpayers Are Entitled to a Jury Trail on the Determation of Their Legal Tax Liabilities

United States does not contest taxpayers' demand for a jury trial as to their challenge to the legality of their federal tax liability. The Seventh Amendment preserves the right to jury trial in suits in which legal rights, with limited exceptions, are to be determined. See **Granfinanciera , S.A. v. Nordberg**, 492 U.S. 33 (1989). The United States agrees with the taxpayers' that the Seventh Amendment right to jury trial does not extend to determination of equitable rights. See Defendants' Demand for Jury Trail, 2; see also **Granfinanciera**, 492 U.S. at 41.

# II

## Taxpayers Are Not Entitled to a Jury Trial On Equity Issues

Courts have long held that the foreclosure on real property is an equitable action and for that reason there is no right to a jury trial in suits in which the United States seeks to foreclose federal tax liens upon real property. **Gefen v. United States**, 400 F.2d 476, 477-79 (5th Cir. 1968), cert. denied, 393 U.S. 1119 (1969); **Damsky v. Zavatt**, 289 F.2d 46 (2d Cir. 1961); **United States v. Warren**, 235 F. Supp. 638, 639 (W.D.N.C. 1964).

Courts addressing the issue have held that a defendant does not have a right to trial by jury with respect to a claim seeking to set aside the fraudulent conveyance of real property. **Johnson v. Gardner**, 179 F.2d 114 (9th Cir. 1949), cert. denied 339 U.S. 935 (1950). In **Johnson**, supra, an action seeking to set aside the fraudulent conveyance of real property, the Ninth Circuit Court of Appeals stated,

> The sole question for decision in this appeal is whether or not under the record the defendants' demand for a jury trial should have been granted in the court below.

and goes on to determine,

> It is pellucidly clear from a consideration of the pleadings, findings, conclusions and the judgment in the record before us that the action in the District Court was entirely and essentially one of equitable cognizance...it is not one which under the record the chancellor was required to call the jury to decide.

**Johnson**, 179 F. 2d at 117. The instant case is exactly the type of action in **Johnson**, i.e. an action to set aside a fraudulent conveyance of real property and, therefore, this Court should deny a jury trial to the defendants with respect to the equitable claims.

Since the decisions cited above, the issue whether a defendant has a right to trial by jury in fraudulent conveyance cases has been the subject of some debate, stemming from dicta by the Supreme Court in **Granfinanciera**.  In **Granfinanciera**, the Court found that the Seventh Amendment entitled a creditor who had not filed a claim against a bankruptcy estate to a jury trial in an action brought by the bankruptcy trustee against the creditor to recover an allegedly fraudulent transfer of money to him and to recover money damages.  **Granfinanciera**, 492 U.S. at 64.  A number of courts have cited this decision in granting fraudulent conveyance defendants a right to trial by jury.  See **In re Jensen**, 946 F.2d 369, 372 (5th Cir. 1991); **In re Stoecker**, 117 B.R. 342 (N.D. Ill. 1990); **In re Lee Way Holding Co.**, 115 B.R. 586 (S.D. Ohio 1990), rev'd on other grounds, 956 F.2d 1146 (6th Cir. 1992).

More recent decisions, however, have given **Granfinanciera** a restrictive application, finding that it should only apply to cases where a plaintiff seeks to set aside the fraudulent conveyance of a certain sum of money; not in cases such as this were the plaintiff seeks to set aside the conveyance of real property.  **In re Pasquariello**, 16 F.3d 525, 529-31 (3d Cir. 1994); **United States v. Jones**, 158 F.R.D. 309 (D.N.J. 1994).

The distinction drawn in **Pasquariello** was based on the language of **Granfinanciera** itself, where the Court was careful to distinguish the facts of that case from cases such as this which involve "the equitable remedy of setting aside an alleged fraudulent conveyance of *real estate*." **Granfinanciera**, 492 U.S. at 46 n.5.  Since a claim to set aside the fraudulent conveyance of real property has traditionally been recognized as equitable in nature, there is no right to a trial by jury with respect to such claims.  **Pasquariello**, 16 F.3d at 530.  The holding in **Granfinanciera** can be further distinguished in this case as it has long been recognized that an action such as this brought by the United States pursuant to 26 U.S.C. § 7403 "is by its nature a proceeding in equity." **United States v. Rodgers**, 461 U.S. 677, 708 (1983); **Jones**, 158 F.R.D. at 313.

Accordingly, since this case involves equitable claims by the United States to set aside the fraudulent conveyance of real property and foreclose federal tax liens, the taxpayers' request for a trial by jury as to those claims should be stricken.

///

///

## **CONCLUSION**

For the foregoing reasons, the plaintiffs are not entitled to a jury trial as to the fraudulent conveyance and foreclosure claims.

SCOTT N. SCHOOLS
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Chief, Tax Division