IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>DAVID C. CLARK, et al.,<br><br>　　　　Defendant(s).　　　　　／ | No. C 07-3086 MEJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

Plaintiff United States of America ("Plaintiff") brought this action, pursuant to Internal Revenue Code Sections 7401 and 7403, against Defendants David C. Clark, Wendy R. Clark, Clark C. Family Trust, American Synergy Financial Company Trust and Eagle Systems International, Inc. ("Defendants").  Plaintiff wishes to reduce to judgment federal income tax assessments made against David and Wendy Clark, to set aside a fraudulent transfer of real property, and to foreclose on federal tax liens. Defendants have demanded a right to a jury trial on all three counts. On September 11, 2007, this Court requested briefs from both parties, addressing whether a jury trial is permissible in a § 7403 proceeding. Defendant thereafter submitted a memorandum in support of their jury demand; ("Def. Memo") Plaintiff has also submitted a memorandum detailing its position on the matter ("Plaint. Memo").

The issue before the Court is whether Defendants are entitled to a jury trial for the three causes of action named in Plaintiff's Complaint.  After careful consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court GRANTS Defendants' demand as the

issue of the legality of Plaintiff's tax assessments and DENIES Defendants' demand as to the remaining two causes of action.

## II.  DISCUSSION

### A.   Venue & Jurisdiction

Venue is proper in the Northern District of California because Defendant taxpayers, David C. Clark and Wendy R. Clark, reside within this judicial district, and the subject property is also located within this district.

This Court has federal question jurisdiction over this action under Section 7402(a) and 7403 of the Internal Revenue Code of 1986, and 28 U.S.C. §§ 1340, 1345.

### B.   Jury Trial Issues

####   1.   Reducing Federal Income Tax Assessments To Judgment

Plaintiff seeks to reduce to judgment certain tax assessments made against Defendants David and Wendy Clark. As stated in the Complaint, these assessments include federal income tax, penalties, and interest for the years 1996, 1998, 1999, 2000, and 2001, totaling $600,870.58. (Complaint, ¶11-15). Defendants assert that material disputes of factual and legal issues exist regarding their tax liabilities, and claim the Seventh Amendment entitles them to a jury trial as to the legality of these tax assessments. (Def. Memo, 2: 9-13). Plaintiff has not contested Defendants' demand for a jury trial as to this issue, and expressly conceded that Defendants are entitled to a jury trial on this narrow issue. (Plaint. Memo, 2: 2-8).

The Seventh Amendment protects a litigant's right to a jury trial in suits at common law, where legal rights to be ascertained or determined, as opposed to equitable rights or remedies. *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989). When a party challenges the validity of a tax assessment made against him, he seeks the judicial determination of a legal right. *United States v. O'Connor*, 291 F.2d 520, 527 (2d Cir. 1961). Therefore, a party is entitled to a jury trial as to the legality of federal tax assessments, pursuant to the Seventh Amendment. Accordingly, Defendants' demand for a jury trial as to their challenge of the legality of Plaintiff's federal tax assessments is GRANTED.

2. <u>Setting Aside Fraudulent Transfer of Real Property</u>

Plaintiff contends that Defendants engaged in a fraudulent transfer of real property located at 41121 Kathlean Street, Fremont, California 94583, and seeks to set aside this transfer on the basis that the transfer of title to said property lacked economic substance and was made solely for the use and benefit of Defendants David and Wendy Clark. (Complaint, ¶5-21).  Defendants argue they have a right to trial on this particular issue, based on their assertion that this case is analogous to a private quiet title and fraudulent conveyance action when the Plaintiff is seeking a monetary judgment. (Def. Memo, 2: 15-22).  In addition, Defendants appeal to the "Public Rights Doctrine" as support for their claim to a jury trial, stating that the United States Supreme Court in *Granfinanciera* held that a litigant's right to a jury trial is protected by the Seventh Amendment in all cases, with the exceptions of those cases in which a statutory claim asserts a "public right", and those in which Congress has assigned to non-Article 3 courts. (Def. Memo, 2: 15-28).

Plaintiff contests the demand for a jury trial on this issue on the ground that an action to set aside the fraudulent transfer of real property is an equitable action, and therefore Defendants are not entitled to a jury trial.  Plaintiff cites *Johnson v. Gardner*, 179 F.2d 114 (9th Cir. 1949), as support for its claim.  In *Johnson*, plaintiff trustee brought suit to set aside conveyances from defendant Ruth Vena Johnson to other defendants, "by which such transfers were to be effectuated were without a fair consideration and were intended to hinder, delay, and defraud creditors, both present and future, as of the respective times of such conveyances." *Id*. at 115.  The defendants requested a jury trial and a panel of jurors were assembled and present in the district court. *Id.* at 115.  However, the trial judge excused the jury, after determining that the defendants waived their right to a jury. *Id.* at 116. On appeal before the Ninth Circuit, the sole issue was whether the trial court erred in refusing to grant the defendants' demand for a jury trial. *Id.*  The Ninth Circuit held the action to set aside a fraudulent conveyance of real property was an equitable action because "the wrong wrought by the fraud is not remedial at law in any efficient and practical way, and the historical equitable relief by cancellation of record is the only adequate and complete remedy." *Id.* at 117.  Since the underlying action was one at equity, the court determined it was not one which required a jury trial, and the

3

court ultimately upheld the district court's judgment. *Johnson*, 179 F.2d at 117-18.

*Johnson* is factually similar to the case before this Court in that Plaintiff is seeking a court's determination that a conveyance made by Defendants is devoid of sufficient consideration and ultimately motivated by the desire to avoid liability to creditors. The holding in *Johnson* provides strong authority and guidance; however, the Court must consider Defendants' argument regarding *Granfinanciera*.

In *Granfinanciera*, 492 U.S. 33, 56 (1989), the United States Supreme Court held that when a bankruptcy trustee seeks to recover a determinate sum through a fraudulent conveyance action, pursuant to 11 U.S.C. § 548, the action resembles a breach of contract suit for which the right to a jury trial attaches. The Supreme Court's decision to grant a jury trial was particularly grounded in the facts that "the preferences sued for were money payments of ascertained and definite amounts" and "[plaintiff]'s fraudulent conveyance action plainly seeks relief traditionally provided by law courts." *Id.* at 49. The Supreme Court also stated, "The nature of the relief respondent seeks strongly supports our preliminary finding that the right he invokes should be denominated legal rather than equitable." *Id.* at 47.

After *Granfinanciera*, circuit and district courts began to distinguish the case on the reasoning that the Supreme Court only intended the holding to apply for actions involving pure money transfers, rather than conveyances of real property. For example, in *Resolution Trust Corp. v. Pasquariello (In re Pasquariello)*, 16 F.3d 525, 530 (3rd Cir. 1994), the Third Circuit continued to classify fraudulent conveyance of real property actions as an equitable issue devoid of the right to a jury trial, given the historical nature of the action, and that the particular plaintiff was not seeking monetary damages as his remedy. *Id.* at 529-30. The court also made the salient point that "every court of appeals to have considered the issue, albeit prior to *Granfinanciera*, held that any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to jury trial attached." *Id*. at 530.

Furthermore, in another decision by the United States Supreme Court, the court warns of a statutory scheme that "[forecloses] a court of equity from the exercise of its traditional discretion."

4

*United States v. Rodgers*, 461 U.S. 677 (1983).  In *Rodgers*, the Supreme Court weighed the propriety of a judicial sale of property owned by a delinquent taxpayer.  In its decision, the Supreme Court stated, "[a] § 7403 proceeding is by its nature a proceeding in equity." *Rodgers*, 461 U.S. at 708.

The right to a jury trial depends on the nature of the relief that is sought. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990).  Here, Plaintiff in this case is not seeking monetary damages equivalent to those sought by the plaintiff in *Granfinanciera*; rather, Plaintiff seeks to set aside the fraudulent conveyance of real property, in the traditional and equitable sense of the action.  (Plaint. Memo, 2:26-28).  Accordingly, the issue becomes an equitable one suitable for determination by a judge, and therefore Defendants' demand for a jury trial as to this issue is DENIED.

### 3. Foreclosure on Federal Tax Liens

As to its last claim, Plaintiff seeks to foreclose on federal tax liens against the above-mentioned parcel of real property belonging to David and Wendy Clark. Defendants have demanded a jury trial as to this issue, and Plaintiff contends that this is an equitable claim that does not carry a Seventh Amendment right to jury trial.

Foreclosure suits are historically equitable actions for which there is no right to trial by jury. *United States v. Annis*, 634 F.2d 1270, 1272 (10th Cir. 1980); *Gefen v. United States*, 400 F.2d 476, 477-79 (5th Cir. 1968); *Damsky v. Zavatt*, 289 F.2d 46, 52-54 (2d Cir. 1961).  Thus, courts have long ago determined that there is no right to trial available to the parties involved in a lawsuit concerning the foreclosure of federal tax liens.  Accordingly, Defendants' demand for a jury trial as to this issue is DENIED.

## IV.  CONCLUSION

Based on the analysis above, the Court GRANTS Defendants' demand for a jury trial, but solely to the issue of the legality of Plaintiff's tax assessments.  The Court DENIES Defendants' demand for a jury trial as to the remaining two issues for setting aside a fraudulent conveyance and foreclosure on federal tax liens.  Accordingly, this case shall be bifurcated into separate trials for the

5

1  legal and equitable claims.  The Court shall issue a case management order forthwith.

2  **IT IS SO ORDERED.**

4  Dated: October 25, 2007

_____
MARIA-ELENA JAMES
United States Magistrate Judge