# EXHIBIT 1

1  **Ray W. Sowards** SBN 139952
2  **Law Offices of Ray W. Sowards**
   1289 S. Park Victoria Drive, Suite 201
3  Milpitas, Callifornia 95035
   Telephone:    (408)957-0807
   FAX:          (408)957-0663
4  Email: rsowards@pacbell.net

5  Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust,
   American Synergy Financial Company, and Eagle
6  Systems International, Inc.

7

8

9              THE UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,          )    Case Number: **C-07-3086-MEJ**
                                       )
                    Plaintiff,         )
14                                     )
                                       )
15         vs.                         )    **DEFENDANT DAVID C. CLARK'S**
                                       )    **RESPONSES TO PLAINTIFF'S FIRST**
16  **DAVID C. CLARK; WENDY R.**       )    **SET OF REQUESTS FOR**
    **CLARK; CLARK C. FAMILY TRUST;**  )    **ADMISSION**
17  **AMERICAN SYNERGY FINANCIAL**     )
    **COMPANY TRUST; EAGLE SYSTEMS**   }
18  **INTERNATIONAL, Inc.**            )
                                       )
19  _____ _Defendants. _____ )

20

21         Defendant David C. Clark hereby responds to Plaintiff's First Set of Requests for

22  Admissions as follows:

23                  **PRELIMINARY STATEMENT**

24         Defendant is pursuing his investigation and analysis of the facts and law relating to this

25  case, and has not completed discovery nor his preparation for trial. These responses are based

26  upon information currently available to Defendant. The responses set forth herein are given

27  without prejudice to Defendant's right to produce evidence of any subsequently discovered facts

28  or interpretations thereof or to add, modify, or otherwise change or supplement the responses

herein. The information hereinafter set forth is true and correct to the best of Defendant's knowledge as of this date, and is subject to correction for errors, mistakes or omissions. References in a response to a preceding or subsequent response incorporate both the information and the objections set forth in the referenced response.

Inadvertent identification of privileged documents or information by Defendant does not constitute a waiver of any applicable privilege, nor does reference to any document or information waive any objection, including relevancy, to the admission of such document or information in evidence.

## **GENERAL OBJECTIONS**

1.      Defendant objects to the requests, and each of them, to the extent that each request calls for information protected from disclosure by the attorney-client and work product privileges. Accordingly, Defendant will not provide responses to the requests which reflect the opinions, analyses, thought processes or work of his attorney or their consultants, or communications or statements made by, between, or to Defendant's counsel or his consultants. Furthermore, Defendant will not identify individuals with "knowledge" or information where such "knowledge" is derived, directly or indirectly, from privileged communications between Defendant and his attorney or attorney work product.

2. Defendant objects to the requests, and each of them, on the grounds that the time period of the requests are overbroad, vague, oppressive, require a burdensome and unwarranted review and assembly of documents and information, and seeks information irrelevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

David C. Clark entered into an oral or written agreements [sic] Steven Shallenberger or Russell Jacobsen, either before or after the execution of any of the Trust Documents, concerning the disposition or operation of the Kathlean St. Property after its conveyance to the Clark C. Trust.

**Response to Request for Admission No. 1:**

Please see General Objection No. 2. This Request for Admission is vague, ambiguous, and unintelligible, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 2:**

David C. Clark directed the operation of the Clark C. Trust outside of the Trust Documents, by oral or written communication with Steven Shallenberger or Russell Jacobsen concerning the operation of the Clark C. Trust, either before or after they began acting as trustees of the Clark C. Trust.

**Response to Request for Admission No. 2:**

Denied.

**Request for Admission No. 3:**

David C. Clark intended that the Clark C. Trust operate in a manner different that he declared in the Trust Documents.

**Response to Request for Admission No. 3:**

Denied.

**Request for Admission No. 4:**

The Clark C. Trust existed either as an oral trust or as a written trust before the execution the Declaration of Trust.

**Response to Request for Admission No. 4:**

Denied.

**Request for Admission No. 5:**

From the January 5, 1989 execution of the4 Declaration of Trust until the January 9, 1989 execution of the Amendment, the trust instrument of the Clark C. Trust was comprised of the Declaration of Trust, and no other writing or oral trust.

**Response to Request for Admission No. 5:**

Admitted.

**Request for Admission No. 6:**

From the January 9, 1989 execution of the Amendment until the September 26, 1996 execution of the Amended Declaration, the trust instrument of the Clark C. Trust was comprised of the Declaration of Trust and Amendment, and no other writing or oral trust.

**Response to Request for Admission No. 6:**

Admitted.

**Request for Admission No. 7:**

As of the September 26, 1996 execution of the Amended Declaration, the trust instrument of the Clark C. Trust was comprised of the Declaration of Trust, Amendment, and Amended Declaration, and no other writing or oral trust.

**Response to Request for Admission No. 7:**

Admitted.

**Request for Admission No. 8:**

David C. Clark lived in the Kathlean St. property from 1983 until mid-2000.

**Response to Request for Admission No. 8:**

Admitted.

**Request for Admission No. 9:**

David C. Clark has lived in the Kathlean St. property since 2004 and currently resides there.

**Response to Request for Admission No. 9:**

Admitted.

**Request for Admission No. 10:**

While David C. Clark lived at the Kathlean St. Property, the Clark C. Trust paid the electrical bills for the Kathlean St. Property.

**Response to Request for Admission No. 10:**

Denied.

**Request for Admission No. 11:**

While David C. Clark lived at the Kathlean St. Property, the Clark C. Trust paid the telephone bills for the Kathlean St. Property.

**Response to Request for Admission No. 11:**

Denied.

**Request for Admission No. 12:**

While David C. Clark lived at the Kathlean St. Property, he did not pay rent to the Clark C. Trust.

**Response to Request for Admission No. 12:**

Denied.

**Request for Admission No. 13:**

While David C. Clark lived at the Kathlean St. Property, the Clark C. Trust paid insurance premiums on the house.

**Response to Request for Admission No. 13:**

Admitted.

**Request for Admission No. 14:**

Between January 1, 1996 and September 30, 2001 the Clark C. Trust paid property taxes on the Kathlean St. property.

**Response to Request for Admission No. 14:**

Admitted.

**Request for Admission No. 15:**

Since February 2000, Russell G. Jacobsen has been employed by American Synergy Corporation.

**Response to Request for Admission No. 15:**

Defendant David C. Clark is without sufficient information with which to either admit or deny this Request for Admission. The investigative process continues in this matter, and this answering Defendant will provide the requested admission or denial when such information becomes available to this answering Defendant.

**Request for Admission No. 16:**

Since February 2000, Russell G. Jacobsen has been employed by Synergy Environmental Inc., formerly known as American Synergy Asbestos Removal Inc.

**Response to Request for Admission No. 16:**

Admitted.

**Request for Admission No. 17:**

Russell G. Jacobsen has served as a trustee of the Clark C. Trust since its establishment on January 5, 1989.

**Response to Request for Admission No. 17:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant. Without waiving said objections, Defendant David C. Clark admits that Mr. Jacobsen acted solely and exclusively as the accountant and tax preparer for the Clark C. Trust since its establishment on January 5, 1989.

**Request for Admission No. 18:**

Russell G. Jacobsen has served as a trustee of the American Synergy Financial Company Trust.

**Response to Request for Admission No. 18:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 19:**

Russell G. Jacobsen has served as a trustee of the Synergy Environmental Company Trust.

**Response to Request for Admission No. 19:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 20:**

Russell G. Jacobsen has served as a trustee of the Zion Foundation.

**Response to Request for Admission No. 20:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant. Without waiving said objections, Defendant David C. Clark admits that Mr. Jacobsen acted solely and exclusively as the accountant and tax preparer for the Zion Foundation.

**Request for Admission No. 21:**

In 2000, Eagle Systems International received money from the American Synergy Financial Trust.

**Response to Request for Admission No. 21:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 22:**

In 2000, Eagle Systems International received money from the Synergy Environmental Company Trust.

**Response to Request for Admission No. 22:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 23:**

Steven R. Shallenberger has served as a trustee of the Clark C. Trust since its establishment on January 5, 1989.

**Response to Request for Admission No. 23:**

Admitted.

**Request for Admission No. 24:**

Steven R. Shallenberger has served as a trustee of the American Synergy Financial Company Trust.

**Response to Request for Admission No. 24:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 25:**

Steven R. Shallenberger has served as a trustee of the Synergy Environmental Company Trust.

**Response to Request for Admission No. 25:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 26:**

Steven R. Shallenberger has served as a trustee of the Zion Foundation.

**Response to Request for Admission No. 26:**

This answering Defendant objects to this Request for Admission as vague, ambiguous, and unintelligible and as calling for information not expected to be in the possession of this answering Defendant, and on that basis Defendant David C. Clark denies same.

**Request for Admission No. 27:**

David C. Clark earns income from working for the Clark C. Trust.

**Response to Request for Admission No. 27:**

Denied.

**Request for Admission No. 28:**

David C. Clark received no more than $100 consideration, in money or other property, for his October 4, 1989 grant of the Kathlean St. property to the Clark C. Trust.

United States v. David C. Clark, et. al.         8              Case No. C-07-3086-MEJ
DEFENDANT DAVID C. CLARK'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

1

**Response to Request for Admission No. 28:**

2      Admitted.

3

4

5

6    DATED: _10-30- 07_                                    _Ray W. Sowards_
                                                          Ray W. Sowards
7                                                         Attorney for Defendant David C. Clark

8

9

10

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1 | **VERIFICATION**

2 |     I, David C. Clark, have read the contents of the foregoing Responses to Plaintiff's First

3 | Set of Requests for Admission and know the same to be true of my own knowledge, except as to

4 | matters stated upon information and belief, and as to those matters I believe them to be true.

5 |     I declare under the penalty of perjury that the foregoing is true and correct.

6 |

7 |

8 |

9 | DATED: _10-30-07_

David C. Clark

10 |

11 |

12 |

13 |

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

OCT. 30. 2007 11:17AM    HOMELAND REALTY    NO. 001    P. 11

# EXHIBIT 2

Ray W. Sowards SBN 139952
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, Callifornia 95035
Telephone:    (408)957-0807
FAX:    (408)957-0663
Email: rsowards@pacbell.net

Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust,
American Synergy Financial Company, and Eagle
Systems International, Inc.

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Number: **C-07-3086-MEJ** |
| Plaintiff, | |
| vs. | **DEFENDANT WENDY R. CLARK'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |
| **DAVID C. CLARK; WENDY R. CLARK; CLARK C. FAMILY TRUST; AMERICAN SYNERGY FINANCIAL COMPANY TRUST; EAGLE SYSTEMS INTERNATIONAL, Inc.** | |
| Defendants. | |

Defendant Wendy R. Clark hereby responds to Plaintiff's First Set of Requests for

Admissions as follows:

## PRELIMINARY STATEMENT

Defendant is pursuing her investigation and analysis of the facts and law relating to this

case, and has not completed discovery nor her preparation for trial. These responses are based

upon information currently available to Defendant. The responses set forth herein are given

without prejudice to Defendant's right to produce evidence of any subsequently discovered facts

or interpretations thereof or to add, modify, or otherwise change or supplement the responses

herein. The information hereinafter set forth is true and correct to the best of Defendant's knowledge as of this date, and is subject to correction for errors, mistakes or omissions. References in a response to a preceding or subsequent response incorporate both the information and the objections set forth in the referenced response.

Inadvertent identification of privileged documents or information by Defendant does not constitute a waiver of any applicable privilege, nor does reference to any document or information waive any objection, including relevancy, to the admission of such document or information in evidence.

## **GENERAL OBJECTIONS**

1.      Defendant objects to the requests, and each of them, to the extent that each request calls for information protected from disclosure by the attorney-client and work product privileges. Accordingly, Defendant will not provide responses to the requests which reflect the opinions, analyses, thought processes or work of her attorney or their consultants, or communications or statements made by, between, or to Defendant's counsel or her consultants. Furthermore, Defendant will not identify individuals with "knowledge" or information where such "knowledge" is derived, directly or indirectly, from privileged communications between Defendant and her attorney or attorney work product.

2. Defendant objects to the requests, and each of them, on the grounds that the time period of the requests are overbroad, vague, oppressive, require a burdensome and unwarranted review and assembly of documents and information, and seeks information irrelevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

David C. Clark entered into an oral or written agreement with Steven Shallenberger or Russell Jacobsen, either before or after the execution of any of the Trust Documents, concerning the disposition or operation of the Kathlean St. Property after its conveyance to the Clark C. Trust.

**Response to Request for Admission No. 1:**

Please see General Objection No. 2. This Request for Admission is vague, ambiguous, and unintelligible, and on that basis Defendant Wendy R. Clark denies same.

**Request for Admission No. 2:**

Wendy R. Clark directed the operation of the Clark C. Trust outside of the Trust Documents, by oral or written communication with Steven Shallenberger or Russell Jacobsen concerning the operation of the Clark C. Trust, either before or after they began acting as trustees of the Clark C. Trust.

**Response to Request for Admission No. 2:**

Denied.

**Request for Admission No. 3:**

Wendy R. Clark intended that the Clark C. Trust operate in a manner different that she declared in the Trust Documents.

**Response to Request for Admission No. 3:**

Denied.

**Request for Admission No. 4:**

The Clark C. Trust existed either as an oral trust or as a written trust before the execution the Declaration of Trust.

**Response to Request for Admission No. 4:**

Denied.

**Request for Admission No. 5:**

As of the January 5, 1989 execution of the Declaration of Trust, the trust instrument of the Clark C. Trust was comprised of the Declaration of Trust, and no other writing or oral trust.

**Response to Request for Admission No. 5:**

This answering Defendant is without sufficient knowledge or information with which to admit or deny this Request for Admission. When the investigation of this matter is complete this answering Defendant will provide an admission or denial should such information become available.

**Request for Admission No. 6:**

As of the January 9, 1989 execution of the Amendment, the trust instrument of the Clark C. Trust was comprised of the Declaration of Trust and Amendment, and no other writing or oral trust.

**Response to Request for Admission No. 6:**

This answering Defendant is without sufficient knowledge or information with which to admit or deny this Request for Admission. When the investigation of this matter is complete this answering Defendant will provide an admission or denial should such information become available.

**Request for Admission No. 7:**

As of the September 26, 1996 execution of the Amended Declaration, the trust instrument of the Clark C. Trust was comprised of the Declaration of Trust, Amendment, and Amended Declaration, and no other writing or oral trust.

**Response to Request for Admission No. 7:**

This answering Defendant is without sufficient knowledge or information with which to admit or deny this Request for Admission. When the investigation of this matter is complete this answering Defendant will provide an admission or denial should such information become available.

**Request for Admission No. 8:**

Wendy R. Clark lived in the Kathlean St. property from 1983 until mid-2000.

**Response to Request for Admission No. 8:**

Admitted.

**Request for Admission No. 9:**

Wendy R. Clark has lived in the Kathlean St. property since 2004 and currently resides there.

**Response to Request for Admission No. 9:**

Admitted.

**Request for Admission No. 10:**

While Wendy R. Clark lived at the Kathlean St. Property, the Clark C. Trust paid the electrical bills for the Kathlean St. Property.

**Response to Request for Admission No. 10:**

Denied.

**Request for Admission No. 11:**

While Wendy R. Clark lived at the Kathlean St. Property, the Clark C. Trust paid the telephone bills for the Kathlean St. Property.

**Response to Request for Admission No. 11:**

Denied.

**Request for Admission No. 12:**

While Wendy R.. Clark lived at the Kathlean St. Property, she did not pay rent to the Clark C. Trust.

**Response to Request for Admission No. 12:**

Denied.

**Request for Admission No. 13:**

While Wendy R. Clark lived at the Kathlean St. Property, the Clark C. Trust paid insurance premiums on the house.

**Response to Request for Admission No. 13:**

This answering Defendant is without sufficient knowledge or information with which to admit or deny this Request for Admission. When the investigation of this matter is complete this

answering Defendant will provide an admission or denial should such information become
available.

### Request for Admission No. 14:

Between January 1, 1996 and September 30, 2001 the Clark C. Trust paid property taxes
on the Kathlean St. property.

### Response to Request for Admission No. 14:

This answering Defendant is without sufficient knowledge or information with which to
admit or deny this Request for Admission. When the investigation of this matter is complete this
answering Defendant will provide an admission or denial should such information become
available.

### Request for Admission No. 15:

Wendy R. Clark received no more than $100 consideration, in money or other property,
for her October 4, 1989 grant of the Kathlean St. property to the Clark C. Trust.

### Response to Request for Admission No. 15:

Admitted.

DATED: _10 -30 -07_

_____
Ray W. Sowards
Attorney for Defendant Wendy R. Clark

///
///
///
///
///

<u>**VERIFICATION**</u>

I, Wendy R. Clark, have read the contents of the foregoing Responses to Plaintiff's First Set of Requests for Admission and know the same to be true of my own knowledge, except as to matters stated upon information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: _10/30/07_

_W. R. Clark_
Wendy R. Clark

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1  **Ray W. Sowards** SBN 139952
   **Law Offices of Ray W. Sowards**
2  1289 S. Park Victoria Drive, Suite 201
   Milpitas, Callifornia 95035
3  Telephone:    (408)957-0807
   FAX:          (408)957-0663
4  Email: rsowards@pacbell.net

5  Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust,
   American Synergy Financial Company, and Eagle
6  Systems International, Inc.

7

8

9              THE UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,          )    Case Number: **C-07-3086-MEJ**
                                       )
14              Plaintiff,             )
                                       )
15      vs.                            )    **DEFENDANT WENDY R. CLARK'S**
                                       )    **RESPONSES TO PLAINTIFF'S FIRST**
16  **DAVID C. CLARK; WENDY R.**       )    **SET OF REQUESTS FOR**
    **CLARK; CLARK C. FAMILY TRUST;**  )    **ADMISSION**
17  **AMERICAN SYNERGY FINANCIAL**     )
    **COMPANY TRUST; EAGLE SYSTEMS**   )
18  **INTERNATIONAL, Inc.**            )
                                       )
19  _____        )
            Defendants.                )
20

21      Defendant Wendy R. Clark hereby responds to Plaintiff's First Set of Requests for

22  Admissions as follows:

23              **PRELIMINARY STATEMENT**

24      Defendant is pursuing her investigation and analysis of the facts and law relating to this

25  case, and has not completed discovery nor her preparation for trial. These responses are based

26  upon information currently available to Defendant. The responses set forth herein are given

27  without prejudice to Defendant's right to produce evidence of any subsequently discovered facts

28  or interpretations thereof or to add, modify, or otherwise change or supplement the responses

herein. The information hereinafter set forth is true and correct to the best of Defendant's

knowledge as of this date, and is subject to correction for errors, mistakes or omissions.

References in a response to a preceding or subsequent response incorporate both the information

and the objections set forth in the referenced response.

Inadvertent identification of privileged documents or information by Defendant does not

constitute a waiver of any applicable privilege, nor does reference to any document or

information waive any objection, including relevancy, to the admission of such document or

information in evidence.

## GENERAL OBJECTIONS

1.    Defendant objects to the requests, and each of them, to the extent that each

request calls for information protected from disclosure by the attorney-client and work product

privileges. Accordingly, Defendant will not provide responses to the requests which reflect the

opinions, analyses, thought processes or work of her attorney or their consultants, or

communications or statements made by, between, or to Defendant's counsel or her consultants.

Furthermore, Defendant will not identify individuals with "knowledge" or information where

such "knowledge" is derived, directly or indirectly, from privileged communications between

Defendant and her attorney or attorney work product.

2. Defendant objects to the requests, and each of them, on the grounds that the time

period of the requests are overbroad, vague, oppressive, require a burdensome and unwarranted

review and assembly of documents and information, and seeks information irrelevant to the

subject matter of the pending litigation nor reasonably calculated to lead to the discovery of

admissible evidence.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

David C. Clark entered into an oral or written agreement with Steven Shallenberger or Russell Jacobsen, either before or after the execution of any of the Trust Documents, concerning the disposition or operation of the Kathlean St. Property after its conveyance to the Clark C. Trust.

**Response to Request for Admission No. 1:**

Please see General Objection No. 2. This Request for Admission is vague, ambiguous, and unintelligible, and on that basis Defendant Wendy R. Clark denies same.

**Request for Admission No. 2:**

Wendy R. Clark directed the operation of the Clark C. Trust outside of the Trust Documents, by oral or written communication with Steven Shallenberger or Russell Jacobsen concerning the operation of the Clark C. Trust, either before or after they began acting as trustees of the Clark C. Trust.

**Response to Request for Admission No. 2:**

Denied.

**Request for Admission No. 3:**

Wendy R. Clark intended that the Clark C. Trust operate in a manner different that she declared in the Trust Documents.

**Response to Request for Admission No. 3:**

Denied.

**Request for Admission No. 4:**

The Clark C. Trust existed either as an oral trust or as a written trust before the execution the Declaration of Trust.

**Response to Request for Admission No. 4:**

Denied.

1

### Request for Admission No. 5:

2    As of the January 5, 1989 execution of the Declaration of Trust, the trust instrument of

3 the Clark C. Trust was comprised of the Declaration of Trust, and no other writing or oral trust.

4    ### Response to Request for Admission No. 5:

5    This answering Defendant is without sufficient knowledge or information with which to

6 admit or deny this Request for Admission. When the investigation of this matter is complete this

7 answering Defendant will provide an admission or denial should such information become

8 available.

9    ### Request for Admission No. 6:

10    As of the January 9, 1989 execution of the Amendment, the trust instrument of the Clark

11 C. Trust was comprised of the Declaration of Trust and Amendment, and no other writing or oral

12 trust.

13    ### Response to Request for Admission No. 6:

14    This answering Defendant is without sufficient knowledge or information with which to

15 admit or deny this Request for Admission. When the investigation of this matter is complete this

16 answering Defendant will provide an admission or denial should such information become

17 available.

18    ### Request for Admission No. 7:

19    As of the September 26, 1996 execution of the Amended Declaration, the trust instrument

20 of the Clark C. Trust was comprised of the Declaration of Trust, Amendment, and Amended

21 Declaration, and no other writing or oral trust.

22    ### Response to Request for Admission No. 7:

23    This answering Defendant is without sufficient knowledge or information with which to

24 admit or deny this Request for Admission. When the investigation of this matter is complete this

25 answering Defendant will provide an admission or denial should such information become

26 available.

27    ### Request for Admission No. 8:

28    Wendy R. Clark lived in the Kathlean St. property from 1983 until mid-2000.

---

United States v. David C. Clark, et. al.          4          Case No. C-07-3086-MEJ
DEFENDANT WENDY R. CLARK'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

**Response to Request for Admission No. 8:**

Admitted.

**Request for Admission No. 9:**

Wendy R. Clark has lived in the Kathlean St. property since 2004 and currently resides

there.

**Response to Request for Admission No. 9:**

Admitted.

**Request for Admission No. 10:**

While Wendy R. Clark lived at the Kathlean St. Property, the Clark C. Trust paid the

electrical bills for the Kathlean St. Property.

**Response to Request for Admission No. 10:**

Denied.

**Request for Admission No. 11:**

While Wendy R. Clark lived at the Kathlean St. Property, the Clark C. Trust paid the

telephone bills for the Kathlean St. Property.

**Response to Request for Admission No. 11:**

Denied.

**Request for Admission No. 12:**

While Wendy R.. Clark lived at the Kathlean St. Property, she did not pay rent to the

Clark C. Trust.

**Response to Request for Admission No. 12:**

Denied.

**Request for Admission No. 13:**

While Wendy R. Clark lived at the Kathlean St. Property, the Clark C. Trust paid

insurance premiums on the house.

**Response to Request for Admission No. 13:**

This answering Defendant is without sufficient knowledge or information with which to

admit or deny this Request for Admission. When the investigation of this matter is complete this

P. 6    NO. 000    ALTAER ONAELEMOH    MP95:2 2007 .05 .TCO

1   answering Defendant will provide an admission or denial should such information become
2   available.

3       **Request for Admission No. 14:**

4       Between January 1, 1996 and September 30, 2001 the Clark C. Trust paid property taxes
5   on the Kathlean St. property.

6       **Response to Request for Admission No. 14:**

7       This answering Defendant is without sufficient knowledge or information with which to
8   admit or deny this Request for Admission. When the investigation of this matter is complete this
9   answering Defendant will provide an admission or denial should such information become
10  available.

11      **Request for Admission No. 15:**

12      Wendy R. Clark received no more than $100 consideration, in money or other property,
13  for her October 4, 1989 grant of the Kathlean St. property to the Clark C. Trust.

14      **Response to Request for Admission No. 15:**

15      Admitted.

16

17

18

19

20  DATED: _10 -30 -07_

                                    _[signature]_
21                                  Ray W. Sowards
                                    Attorney for Defendant Wendy R. Clark
22

23

24

25  ///
26  ///
27  ///
28  ///
    ///

## VERIFICATION

I, Wendy R. Clark, have read the contents of the foregoing Responses to Plaintiff's First Set of Requests for Admission and know the same to be true of my own knowledge, except as to matters stated upon information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: _10/30/07_

_W.R. Clark_
Wendy R. Clark

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

EXHIBIT 3



# United States    of America

## Department of the Treasury
## Internal Revenue Service

Date: June 20, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed:   is a true Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for David C and Wendy Clark, Social Security Numbers: ███████ and ███████ respectively, covering United States Individual Income Tax for the period ending December 31, 1996

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

David R. Martin
Chief, Accounting Operations

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

```
           CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------

DAVID C & WENDY CLARK                    EIN/SSN: 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
                                                  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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: I040      TAX PERIOD: DEC  1996

                                       ASSESSMENT,    PAYMENT,    ASSESSMENT
DATE        EXPLANATION OF TRANSACTION  OTHER DEBITS   CREDIT      DATE (23C,
                                        (REVERSAL)    (REVERSAL)   RAC 006 )
-------------------------------------------------------------------------------

            ADJUSTED GROSS INCOME
                      982,397.00

            TAXABLE INCOME
                      615,535.00

            SELF EMPLOYMENT TAX
                       26,193.00

10-20-I997 RETURN FILED & TAX ASSESSED               2,734.00     11-24-1997
           2822I-291-65510-7  199746

04-15-1997 WITHHOLDING                                1,607.00

04-15-1997 EXTENSION OF TIME TO FILE
           EXT. DATE  08-15-1997

04-15-1997 SUBSEQUENT PAYMENT                         1,427.00

04-15-1997 EXTENSION OF TIME TO FILE
           EXT. DATE  10-15-1997

11-24-1997 REFUND                                      (300.00)

01-21-1999 ADVANCE PAYMENT OF                         1,355.00
           DEFICIENCY

           ADDITIONAL TAX ASSESSED       1,355.00                03-29-1999
           89254-468-55206-9  19991108

           INTEREST ASSESSED              202.70                 03-29-1999
           19991108

04-01-1999 SUBSEQUENT PAYMENT                          202.70

01-26-2000 RECEIVED POA/TIA

           ADDITIONAL TAX ASSESSED          0.00                 10-02-2000
           BY EXAMINATION
           EXAM/COLLECTIONS 90 DAY
           LETTER UNAGREED, CLOSED
           TO APPEALS
           89247-657-I0004-0  20003808

FORM 4340  (REV. 01-2002)               PAGE   1
```

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

DAVID C & WENDY CLARK                    EIN/SSN: 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
                                                  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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  1996


|  |  | ASSESSMENT, | PAYMENT, | ASSESSMENT |
| DATE | EXPLANATION OF TRANSACTION | OTHER DEBITS | CREDIT | DATE (23C, |
|  |  | (REVERSAL) | (REVERSAL) | RAC 006 ) |

--------------------------------------------------------------------------------

09-14-2000 LEGAL SUIT PENDING

07-26-2001 ASSESSMENT STATUTE EXPIR
           DATE EXTEND TO 04-05-2002

08-17-2001 LEGAL/BANKRUPTCY SUIT NO
           LONGER PENDING

           ADDITIONAL TAX ASSESSED                    0.00        09-10-2001
           BY EXAMINATION
           AGREED AUDIT DEFICIENCY
           PRIOR TO 30 OR 60 DAY
           LETTER
           89247-633-70017-1   20013508

09-10-2001 RENUMBERED RETURN
           89247-633-70017-1

           QUICK ASSESSMENT               48,142.00               08-20-2001
           IRC 6662 ACCURACY PENALTY
           89251-232-13601-1      08

           QUICK ASSESSMENT              240,711.00               08-20-2001
           89251-232-13601-1      08

           QUICK ASSESSMENT                    0.00               08-20-2001
           89251-232-13601-1      08

FORM 4340  (REV. 01-2002)              PAGE   2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

DAVID C & WENDY CLARK                    EIN/SSN: 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
                                                  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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1996


                                 ASSESSMENT,   PAYMENT,    ASSESSMENT
DATE       EXPLANATION OF TRANSACTION  OTHER DEBITS  CREDIT    DATE (23C,
                                 (REVERSAL)    (REVERSAL)  RAC 006 )
--------------------------------------------------------------------------------

           INTEREST ASSESSED                120,965.16          08-20-2001
           20013608

09-28-2001 FEDERAL TAX LIEN

10-22-2001 FEES AND COLLECTION COSTS          14.00

10-15-2001 MODULE IN FEDERAL PAYMENT
           LEVY PROGRAM

12-03-2001 MODULE REVERSED OUT OF
           FEDERAL PAYMENT LEVY
           PROGRAM

12-10-2001 MODULE IN FEDERAL PAYMENT
           LEVY PROGRAM

12-10-2001 OVERPAID CREDIT APPLIED                      377.81
           1040      200012

02-06-2002 MODULE BLOCKED OR
           RELEASED FROM FEDERAL
           PAYMENT LEVY PROGRAM

02-25-2002 MODULE REVERSED OUT OF
           FEDERAL PAYMENT LEVY
           PROGRAM

FORM 4340  (REV. 01-2002)              PAGE   3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

DAVID C & WENDY CLARK                    EIN/SSN: 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
                                                  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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  1996


                                     ASSESSMENT,    PAYMENT,     ASSESSMENT
DATE        EXPLANATION OF TRANSACTION  OTHER DEBITS   CREDIT     DATE (23C,
                                     (REVERSAL)     (REVERSAL)   RAC 006 )
--------------------------------------------------------------------------------

12-10-2001 OVERPAID CREDIT APPLIED                     208.25
           1040       200012

11-13-2002 INTENT TO LEVY COLLECTION
           DUE PROCESS NOTICE
           LEVY NOTICE ISSUED

11-13-2002 INTENT TO LEVY COLLECTION
           DUE PROCESS NOTICE
           LEVY NOTICE ISSUED

12-23-2002 INTENT TO LEVY COLLECTION
           DUE PROCESS NOTICE
           COLL DUE PROCESS NOTICE
           REFUSED/UNCLAIMED

01-27-2003 OFFER IN COMPROMISE
           PENDING

01-24-2003 INTENT TO LEVY COLLECTION
           DUE PROCESS NOTICE
           UNDELIVERABLE LEVY NOTICE

10-24-2003 OFFER IN COMPROMISE
           REJECTED

12-15-2003 MODULE BLOCKED OR
           RELEASED FROM FEDERAL
           PAYMENT LEVY PROGRAM

FORM 4340  (REV. 01-2002)              PAGE   4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

DAVID C & WENDY CLARK                    EIN/SSN: 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
                                                  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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  1996

```
                                     ASSESSMENT,   PAYMENT,    ASSESSMENT
DATE      EXPLANATION OF TRANSACTION  OTHER DEBITS  CREDIT      DATE (23C,
                                     (REVERSAL)   (REVERSAL)   RAC 006 )
--------------------------------------------------------------------------------

04-15-2003 OVERPAID CREDIT APPLIED                   547.88
           1040       200212

12-29-2003 OVERPAID CREDIT APPLIED                   438.74
           1040       200212

02-06-2004 FEDERAL TAX LIEN

02-02-2004 SUBSEQUENT PAYMENT                       73,947.38
           LEVY

03-01-2004 FEES AND COLLECTION COSTS          14.00

06-20-2004 OVERPAID CREDIT APPLIED                     1.25
           1040       200312

07-06-2004 UPDATED POA/TIA

02-14-2005 REVERSAL OF MODULE
           BLOCKED FROM FEDERAL
           PAYMENT LEVY PROGRAM

11-30-2004 LEGAL SUIT PENDING

01-11-2007 UPDATED POA/TIA

03-29-1999 Statutory Notice of Balance Due

08-20-2001 Statutory Notice of Balance Due

09-17-2001 Statutory Notice of Balance Due
```

FORM 4340  (REV. 01-2002)               PAGE   5

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------

DAVID C & WENDY CLARK                    EIN/SSN: 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
                                                  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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1996


                                    ASSESSMENT,    PAYMENT,    ASSESSMENT
DATE       EXPLANATION OF TRANSACTION  OTHER DEBITS   CREDIT     DATE (23C,
                                    (REVERSAL)    (REVERSAL)   RAC 006 )
------------------------------------------------------------------------------
11-10-2003 Statutory Notice of Intent to Levy


FORM 4340  (REV. 01-2002)               PAGE    6

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------

DAVID C & WENDY CLARK                     EIN/SSN: 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
                                                   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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC 1996
------------------------------------------------------------------------------


BALANCE     334,324.85

------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:

PRINT NAME:____David R. Martin_____

TITLE:_____Chief, Accounting Operations_____

DELEGATION ORDER:_____WI-11-5_____


LOCATION: INTERNAL REVENUE SERVICE


        ACCOUNT STATUS DATE 06/14/2007

FORM 4340  (REV. 01-2002)              PAGE    7

EXHIBIT 4A

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

AND

WHEN RECORDED MAIL TO:

**Internal Revenue Service**
1301 Clay Street   Suite 1400 S
Oakland, CA  94612-5210



2001374616  10/01/2001 02:00 PM
OFFICIAL RECORDS OF  RECORDING FEE: 10.00
ALAMEDA COUNTY
PATRICK O'CONNELL

2  PGS

A14
2
H1

**THIS SPACE FOR RECORDER'S USE ONLY**

NOTICE OF FEDERAL TAX LIEN

## TITLE OF DOCUMENT

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Govt. Code 27361.6)
(Additional recording fee applies)

275 214
[Rev. 8/94]

1514

Department of the Treasury - Internal Revenue Service

**Notice of Federal Tax Lien**

Form 668 (Y)(c)
(Rev. October 2000)

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #13<br>Lien Unit Phone: (510) 637-2386 | Serial Number<br><br>940114759 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer DAVID C. & WENDY CLARK

Residence      41121 KATHLEAN STREET
               FREMONT, CA 94538

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | 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 | 08/20/2001 | 09/19/2011 | 409818.16 |

| Place of Filing | | |
|---|---|---|
| COUNTY RECORDER<br>Alameda County<br>OAKLAND, CA 94612 | Total \|$ | 409818.16 |

This notice was prepared and signed at     OAKLAND, CA     , on this,

the ___24th___ day of _September_, 2001.

| Signature<br><br>for PAUL ENJALRAN | Title<br>Revenue Officer<br>(707) 642-8861 | 94-01-1315 |
|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul 71-466; 1971 - 2 C B 409)

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 10-00)
CAT. NO 60025X

# EXHIBIT 4B

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
1301 CLAY ST #1400-S
OAKLAND, CA 94612

A14



2004189081    04/30/2004 09:10 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:    7.00



1    PG

For Optional Use by Recording Office

| **Form 668 (Y)(c)**<br>(Rev. February 2004) | 1008 Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** |
|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #13<br>Lien Unit Phone: (510) 637-2386 | Serial Number<br>168670304 |
|---|---|

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer DAVID C. CLARK

Residence    41121 KATHLEAN STREET
FREMONT, CA 94538-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 4720 | 12/31/1998 | 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N | 12/15/2003 | 01/14/2014 | 4797.91 |
| 4720 | 12/31/1999 | 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N | 12/15/2003 | 01/14/2014 | 9299.03 |
| 4720 | 12/31/2000 | 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N | 12/15/2003 | 01/14/2014 | 14092.68 |
| 4720 | 12/31/2001 | 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N | 12/15/2003 | 01/14/2014 | 16708.13 |

| Place of Filing | | | |
|---|---|---|---|
| COUNTY RECORDER<br>Alameda County<br>OAKLAND, CA 94612 | | Total $ | 44897.75 |

This notice was prepared and signed at _____ OAKLAND, CA _____ , on this,
the ___20th___ day of __April__ , 2004.

| Signature<br>for PAUL ENJALRAN | | Title<br>REVENUE OFFICER<br>(707) 642-8861 | 33-08-1315 |
|---|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

EXHIBIT 5

Internal Revenue Service

Department of the Treasury

Letter Number: 1058

1761 BROADWAY SUITE 201
MAIL STOP VJ-0373
VALLEJO, CA 94589

Letter Date: 11/13/2002

Social Security Number:
  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
  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

--CERTIFIED MAIL - RETURN RECEIPT
  DAVID C & WENDY CLARK
  41121 KATHLEAN ST
  FREMONT, CA 94538

Person to Contact:
  PAUL ENJALRAN
Contact Telephone Number:
  (707)642-8861

Employee Identification No.:
  68-11664

FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
PLEASE RESPOND IMMEDIATELY

    Your Federal tax is still not paid.  We previously asked you to pay this,
but we still haven't received your payment. This letter is your notice of our
intent to levy under Internal Revenue Code(IRC) Section 6331 and your right
to receive Appeals consideration under IRC Section 6330.

    We may file a Notice of Federal Tax Lien at any time to protect the
government's interest.  A lien is a public notice to your creditors that
the government has a right to your current assets, including any assets you
acquire after we file the lien.

    If you don't pay the amount you owe, make alternative arrangements to pay,
or request Appeals consideration within 30 days from the date of this letter,
we may take your property, or rights to property, such as real estate,
_____ business assets, bank accounts, wages, commissions, and other
_____594 with more information, Publication
_____l, and Form 12153 to request a Collection



lease send your full payment today. Make
o U.S. Treasury. Write your social
ication number on your payment. Send your
ope with a copy of this letter.

    the following page(s).

Page 1

Letter 1058 (Rev. 1-1999) Cat. No. 40488S

Internal Revenue Service

Department of the Treasury

Letter Number: 1058

1761 BROADWAY SUITE 201
MAIL STOP VJ-0373
VALLEJO, CA 94589

Letter Date: 11/13/2002

Social Security Number:
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
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

--CERTIFIED MAIL - RETURN RECEIPT
DAVID C & WENDY CLARK
41121 KATHLEAN ST
FREMONT, CA 94538

Person to Contact:
PAUL ENJALRAN
Contact Telephone Number:
(707)642-8861

Employee Identification No.:
68-11664

FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
PLEASE RESPOND IMMEDIATELY

Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code(IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. We've enclosed Publication 594 with more information, Publication 1660 explaining your right to appeal, and Form 12153 to request a Collection Due Process Hearing with Appeals.

To prevent collection action, please send your full payment today. Make your check or money order payable to U.S. Treasury. Write your social security number or employer identification number on your payment. Send your payment to us in the enclosed envelope with a copy of this letter.

The amount you owe is listed on the following page(s).

Page 1

Letter 1058 (Rev. 1-1999) Cat. No. 40488S

nal Revenue Service

Depar ent of the Treasury

Letter Number: 1058

Letter Date: 11/13/2002

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty & Interest | Amount You Owe |
|---|---|---|---|---|
| 1040 | 12/31/1996 | 409246.10 | 54429.47 | 463675.57 |
| | | | Total: | 463675.57 |

If you have recently paid this tax or you can't pay it, call us immediately at the telephone number shown at the top of this letter and let us know.

The unpaid amount from prior notices may include tax, penalties and interest you still owe. It also includes any credits and payments we've received since we sent our last notice to you.

Enclosures:
Copy of letter
Pub. 594
Pub. 1660
Form 12153

Letter 1058 (Rev. 1-1999) Cat. No. 40488S

EXHIBIT 6

# ORIGINAL

## UNITED STATES TAX COURT

DAVID C. CLARK,                        )
                                       )
                Petitioner,            )
                                       )
                                       )
    v.                                 )    Docket No.  2132-03
                                       )
COMMISSIONER OF INTERNAL REVENUE,      )
                                       )
                Respondent.            )

### DECISION

Pursuant to the agreement of the parties in this case, it is

ORDERED AND DECIDED: That there are deficiencies in I.R.C. § 4941(a)(1) first tier excise tax due from petitioner for the taxable years 1998, 1999, 2000, and 2001 in the amounts of $3,516.40, $7,399.05, $12,242.00, and $15,502.00, respectively; and

That there is no deficiency in I.R.C. § 4941(b)(1) second tier excise tax due from, nor overpayment due to, petitioner for the taxable period ending November 18, 2002, which is the date of the notice of deficiency.

*Thomas B. Wells*

Judge.

Entered: OCT 1 4 2003

\*       \*       \*       \*       \*

It is hereby stipulated that the Court may enter the foregoing decision in this case.

It is further stipulated that interest will be assessed as provided by law on the deficiencies due from petitioner.

It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies (plus statutory interest) until the decision of the Tax Court becomes final.

SERVED OCT 1 4 2003

Docket No. 2132-03                - 2 -


                                      EMILY A. PARKER
                                      Acting Chief Counsel
                                      Internal Revenue Service



_____      By: _____
FRANCIS X. MOHAN, III                 CHARLES W. JEGLIKOWSKI
Law Office of Francis X. Mohan,       Area Counsel
III                                   (Tax Exempt & Government
Counsel for Petitioner                Entities)
Tax Court Bar No. MF0384              Tax Court Bar No. JC0023
3031 W. March Lane                    950 Hampshire Road
Suite 211-West                        East Pavilion
Stockton, CA  95219                   Thousand Oaks, CA  91361
Telephone: (209) 957-0660             Telephone:  (805) 371-6702



Date: __10/1/03_____             Date: ___OCT 1 0 2003_____

EXHIBIT 7

# UNITED STATES TAX COURT

DAVID C. CLARK and WENDY CLARK,  )
                                 )
                Petitioners,     )
                                 )
        v.                       )    Docket No. 9127-00
                                 )
COMMISSIONER OF INTERNAL REVENUE, )
                                 )
                Respondent.      )

ADM.
RECORDED
SERVICE
CAL. CAR
STAT.
S.T. JUDGE
FILES

## DECISION

Pursuant to agreement of the parties in this case, it is

ORDERED AND DECIDED:  That there is a deficiency in income tax due from the petitioners for the taxable year 1996 in the amount of $240,711.00; and

That there is a penalty due from the petitioners for the taxable year 1996, under the provisions of I.R.C. § 6662(a), in the amount of $48,142.00.

Judge.

Entered:  JUN 1 8 2001

        *        *        *        *        *

SERVED  JUN 1 8 2001

Docket No. 9127-00              - 2 -

    It is hereby stipulated that the Court may enter the
foregoing decision in this case.

    It is further stipulated that interest will be assessed as
provided by law on the deficiency due from the petitioners.

    It is further stipulated that, effective upon the entry of
this decision by the Court, petitioners waive the restrictions
contained in I.R.C. § 6213(a) prohibiting assessment and
collection of the deficiency (plus statutory interest) until the
decision of the Tax Court becomes final.

                                    RICHARD W. SKILLMAN
                                    Acting Chief Counsel
                                    Internal Revenue Service


FRANCIS X. MOHAN, III           By: _____
Counsel for Petitioner             PAUL R. ZAMOLO
Tax Court Bar No. MF0384           Associate Area Counsel
Law Office of Francis X. Mohan,    (Small Business/Self-
III                                Employed)
3031 West March Lane               Tax Court Bar No. ZP0022
Suite 211-W                        160 Spear Street, 9th Floor
Stockton, CA 95219                 San Francisco, CA  94105
Telephone: (209) 957-0660          Telephone: (415) 744-9217


Date: ___5/30/01___             Date: ___JUN 8 2001___

EXHIBIT 8



# United States of America

### Department of the Treasury
### Internal Revenue Service

Date: November 20, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed transcript(s) is(are) an exact transcript of the account of the Taxpayer named herein in respect to the taxes specified. It is a true and complete transcript for the period(s) stated of all assessments, abatements, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification. It also contains a statement of all unidentified and advanced payments, if any, for the periods(s) stated.

DAVID C CLARK

For tax period(s) December 31, 1998
Form 4720
Certification of Assessment and Payments consisting of 3     page(s)
under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Susan A. Hansen, Field Director
Cincinnati Submission Processing Center

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

```
----------------------------------------------------------------------------------------
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------------------
```

DAVID C CLARK                                              EIN/SSN: 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N


RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
FORM: 4720                    TAX PERIOD: DEC. 1998

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 31647-349-40000-03    200351 | 3,516.40 | | 12/15/2003 |
| | RESTRICTED INTEREST ASSESSED 200351 | 1,281.51 | | 12/15/2003 |
| 06/30/2004 | LEGAL SUIT PENDING | . | | |
| 06/13/2007 | LEGAL SUIT PENDING | | | |
| 12/15/2003 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 01/26/2004 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

```
        ASSESSED ITEMS BALANCE DUE                    4,797.91
----------------------------------------------------------------------------------------
```

```
------------------------------------------------------------------------
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------


   DAVID C CLARK                                  EIN/SSN: 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N




   RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
   FORM: 4720                    TAX PERIOD: DEC. 1998
------------------------------------------------------------------------
```

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.

------------------------------------------------------------------------

Signature of Certifying Officer: _____ 11/20/09



```
Location:  Internal Revenue Service
           Cincinnati, OH                 Account Status Date: 11/19/2007
------------------------------------------------------------------------
```



# United States of America

**Department of the Treasury**
**Internal Revenue Service**

_____

Date: November 20, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed transcript(s) is(are) an exact transcript of the account of the Taxpayer named herein in respect to the taxes specified.  It is a true and complete transcript for the period(s) stated of all assessments, abatements, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification.  It also contains a statement of all unidentified and advanced payments, if any, for the periods(s) stated.

.

DAVID C CLARK

For tax period(s) December 31, 1999
Form   4720
Certification of Assessment and Payments consisting of  3      page(s)
under the custody of this office.



IN WITNESS WHEREOF,  I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Susan A. Hansen, Field Director
Cincinnati Submission Processing Center

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

```
------------------------------------------------------------------------------------
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------------
```

DAVID C CLARK                                        EIN/SSN: 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N


RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
FORM: 4720                 TAX PERIOD: DEC. 1999

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|-------------------------------------|-----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION | 7,399.05 | | 12/15/2003 |
| | 31647-349-40001-03      200351 | | | |
| | RESTRICTED INTEREST ASSESSED 200351 | 1,899.98 | | 12/15/2003 |
| 06/30/2004 | LEGAL SUIT PENDING | | | |
| 06/13/2007 | LEGAL SUIT PENDING | | | |
| 12/15/2003 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 01/26/2004 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

```
          ASSESSED ITEMS BALANCE DUE                    9,299.03
------------------------------------------------------------------------------------
```

```
-------------------------------------------------------------------------------
         CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------
```

DAVID C CLARK                                        EIN/SSN: 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N



RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
FORM: 4720                    TAX PERIOD: DEC. 1999
```
-------------------------------------------------------------------------------
```


I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.
```
-------------------------------------------------------------------------------
```

Signature of Certifying Officer: *Michele Martin* 11/20/07




Location:  Internal Revenue Service
           Cincinnati, OH                    Account Status Date: 11/19/2007
```
-------------------------------------------------------------------------------
```

```
-------------------------------------------------------------------------------
```



**United States** **of America**

### Department of the Treasury
### Internal Revenue Service

Date: November 20, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed transcript(s) is(are) an exact transcript of the account of the Taxpayer named herein in respect to the taxes specified. It is a true and complete transcript for the period(s) stated of all assessments, abatements, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification. It also contains a statement of all unidentified and advanced payments, if any, for the periods(s) stated.

DAVID C CLARK

For tax period(s) December 31, 2000
Form   4720
Certification of Assessment and Payments consisting of  3      page(s)
under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Susan A. Hansen, Field Director
Cincinnati Submission Processing Center

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

```
-------------------------------------------------------------------------------
      CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------
```

DAVID C CLARK                                    EIN/SSN: 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N


RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
FORM: 4720                    TAX PERIOD: DEC. 2000

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|--------------------------------------|-----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 31647-349-40002-03      200351 | 12,242.00 | | 12/15/2003 |
| | RESTRICTED INTEREST ASSESSED                200351 | 1,850.68 | | 12/15/2003 |
| 06/30/2004 | LEGAL SUIT PENDING | | | |
| 06/13/2007 | LEGAL SUIT PENDING | | | |
| 12/15/2003 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 01/26/2004 | STATUTORY NOTICE OF INTENT TO LEVY | | | |
| | ASSESSED ITEMS BALANCE DUE | | 14,092.68 | |

```
-------------------------------------------------------------------------------
```

------------------------------------------------------------------------

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

------------------------------------------------------------------------

DAVID C CLARK                                    EIN/SSN: 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N


RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
FORM: 4720                 TAX PERIOD: DEC. 2000

------------------------------------------------------------------------


I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.

------------------------------------------------------------------------

Signature of Certifying Officer: _Michele Martin_  11/20/07



Location:  Internal Revenue Service
           Cincinnati, OH              Account Status Date: 11/19/2007
------------------------------------------------------------------------

**United States**  **of America**

### Department of the Treasury
### Internal Revenue Service

Date: November 20, 2007

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed transcript(s) is(are) an exact transcript of the account of the Taxpayer named herein in respect to the taxes specified. It is a true and complete transcript for the period(s) stated of all assessments, abatements, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification. It also contains a statement of all unidentified and advanced payments, if any, for the periods(s) stated.

DAVID C CLARK

For tax period(s) December 31, 2001
Form  4720
Certification of Assessment and Payments consisting of  3      page(s)
under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Susan A. Hansen, Field Director
Cincinnati Submission Processing Center

Catalog Number 19002E                                   Form **2866** (Rev. 09-1997)

------------------------------------------------------------------------------------
CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------------

DAVID C CLARK                                             EIN/SSN: 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N


RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
FORM: 4720                     TAX PERIOD: DEC. 2001

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|-----------|-----------|------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 31647-349-40003-03    200351 | 15,502.00 | | 12/15/2003 |
| | RESTRICTED INTEREST ASSESSED    200351 | 1,206.13 | | 12/15/2003 |
| 06/30/2004 | LEGAL SUIT PENDING | | | |
| 06/13/2007 | LEGAL SUIT PENDING | | | |
| 12/15/2003 | STATUTORY NOTICE OF BALANCE DUE | | | |
| 01/26/2004 | STATUTORY NOTICE OF INTENT TO LEVY | | | |

ASSESSED ITEMS BALANCE DUE                          16,708.13
------------------------------------------------------------------------------------

```
--------------------------------------------------------------------------------
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

   DAVID C CLARK                                    EIN/SSN: 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N



   RETURN OF CERTAIN EXCISE TAXES ON CHARITIES AND OTHER PERSON
   FORM: 4720                    TAX PERIOD: DEC. 2001
--------------------------------------------------------------------------------
```

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes specified is a true and complete transcript for the period stated, and all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto, as disclosed by the records of this office as of the date of this certification, are shown therein. I further certify that the other specified matters set forth in this transcript appear in the official records of the Internal Revenue Service.

```
--------------------------------------------------------------------------------
```

Signature of Certifying Officer:

Location:  Internal Revenue Service
           Cincinnati, OH                Account Status Date: 11/19/2007
```
--------------------------------------------------------------------------------
```