Ray W. Sowards **SBN 139952**
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, California 95035
Telephone:     (408)957-0807
FAX:           (408)957-0663
Email:    rsowards@pacbell.net

Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust, American Synergy Financial Company, and Eagle Systems International, Inc.

# THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DAVID C. CLARK et. al.,<br><br>  Defendants. | Case Number: **C 07 3086**<br><br>**MEMORANDUM OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION AND FACTUAL BACKGROUND

The United States filed its Complaint to reduce to judgment the unpaid tax assessments of David C. Clark and Wendy R. Clark and to set aside a lawful and legitimate transfer of real property in order to foreclose its tax liens. Plaintiff attempts to characterize the Clark C. Trust as a nominee of David C. Clark in its pursuit of this objective.

Defendants will show herein that the Clark C. Trust is not a nominee of David C. Clark, that the conveyance of the real property into the trust was lawful and legitimate; and that the government is not entitled to foreclose on the real property. Because Plaintiff has failed to

establish that there are no material facts in genuine dispute the motion for summary judgment must be denied.

## THE DISCOVERY RESPONSES

Plaintiff has set forth the responses to Plaintiff's Requests for Admission as though they prove something. They do not. Plaintiff's argument as to how Defendants' responses support the government's position in the motion for summary judgment is difficult to understand.

## PREMATURITY OF MOTION

David C. Clark and Wendy R. Clark are the taxpayers in this case. On June 18, 2001 the United States Tax Court entered judgment on a stipulated decision against the taxpayers for the 1996 tax year. On August 20, 2001 an assessment was made by a delegate of the Secretary of the Treasury against David C. Clark and Wendy R. Clark *as individuals* for unpaid federal income taxes plus related penalties and interest.

The tax assessments upon which this action is based are, concededly, *res judicata* as to this Court. However, that fact does not *ipso facto* entitle Plaintiff to foreclose on real property not owned by the taxpayers, either at present or at the time of the assessments. The mere fact that the Plaintiff filed this lawsuit constitutes a glaring acknowledgment that the Tax Court ruling in and of itself does not confer this authority upon the Plaintiff.

The issue of the validity of the tax assessments upon which the Plaintiff has sued is the subject of another suit, **Dave and Wendy Clark v. Commissioner**, pending before the Tax Court and scheduled for trial on May 24, 2008 as a special trial matter due to the complexity of the issues. In that matter, the same defendants assert that the tax assessments are invalid because they are based on a settlement reached by defendants' former attorney which considered unrelated business income and which was the result of shoddy and damaging legal representation.

While defendants cannot here argue the validity of the underlying tax assessments, the Tax Court has the authority to set aside or vacate its own June 18, 2001 judgment. Should that judgment be set aside then the issue of the *res judicata* effect of the Tax Court judgment will be moot. Even if the Tax Court judgment is not set aside, the *res judicata* effect of the Tax Court judgment is irrelevant because that judgment only speaks to the government's right to collect on

the assessments, not to foreclose on property the taxpayers don't even own. This motion, and this lawsuit, are therefore premature and should be denied for that reason.

## I. THE CLARK C. TRUST IS A VALID AND BINDING CALIFORNIA IRREVOCABLE TRUST

### (a) The Clark C. Trust Sufficiently Identifies the Beneficiaries

Plaintiff argues that "[t]he 1989 Trust documents are silent as to the identity of the beneficiaries" (*Motion*, p. 9:14) as a means of supporting its unilateral designation of nominee status upon the Clark C. Trust. This argument, however, is disingenuous because it is quite obviously factually incorrect.

That the trust indenture itself does not describe the beneficiaries by name is of no importance to the validity of the Clark C. Trust, and certainly not to the resolution of this motion.

The beneficiaries of the Clark C. Trust are identified in the Certificates of Beneficial Interest and are therefore clearly ascertainable (*Certificates of Beneficial Interest* numbered Twelve through Sixteen attached hereto as Exhibit "A".) Moreover, the minutes of the Trust unambiguously provide for this (*Directory of Clark C. Trust Minutes of Board of Trustees Meetings*, p. 4, Entry 33-34, with attachments, attached hereto as Exhibit "B".) The minutes, resolutions, and other trust documents are incorporated as part of the Trust itself by operation of law. Therefore, the 1989 Trust documents, as amended, do in fact clearly identify the beneficiaries.

*Probate Code*, Section 15205 provides as follows:

> "(a) A trust, other than a charitable trust, is created only of there is a beneficiary.
>
> (b) The requirement of subdivision (a) is satisfied if the trust instrument provides for either of the following:
>
> (1) A beneficiary or class of beneficiaries that is ascertainable with reasonable certainty or that is sufficiently described so it can be determined that some person meets the description or is within the class;
>
> (2) A grant of power to the trustee or some other person to select the beneficiaries based on a standard or in the discretion of the trustee or other person."

Plaintiff is obviously reading subdivisions (b)(1) and (2) of Section 15205 to apply cumulatively, rather than exclusively, contrary to the statute's plain language. As discussed *supra*, the beneficiaries are identified by name on the Certificates of Beneficial Interest. (Exhibit "A".)

The beneficiaries are therefore "ascertainable with reasonable certainty" in compliance with *Probate Code*, section 15205(b)(1). Because the Clark C. Trust meets the requirements of subdivision (b)(1), whether or not the Clark C. Trust meets the requirements of subdivision (b)(2) is irrelevant: subdivision (b)(1) validates the trust independently of subdivision (b)(2).

Plaintiff's blatant misstatement of the facts notwithstanding, the beneficiaries are clearly identified in the Trust documents, and the Trust therefore satisfies the requirements of *Probate Code*, Sections 15205 and 15205(b)(1) regarding the identification of beneficiaries.

### (b) Power of Trustee

Because the beneficiaries are identified by name in the Certificates of Beneficial Interest in satisfaction of Section 15205(b)(1), the trustees do not need the power referred to in Section 15205(b)(2), as there would be no reason to name beneficiaries. Plaintiff seems to imply that Section 15205 requires that both subdivisions (b)(1) *and* (2) be satisfied in order for the trust to satisfy California law with respect to naming the beneficiaries. Obviously, Plaintiff is wrong.

Defendants argue that the Successor Trustees have implied powers beyond those expressly set forth in the indentures. Implied powers are granted to the trustee by operation of law, because without them it would be impossible to carry out the trustee's fiduciary responsibilities. Thus, they are the powers that the trustee possesses unless the settlor expressly or by implication denies them to the trustee.

In the trust involved here, it is clear that the trustees are imbued with the implied powers to carry out the intent and purpose of the trust. The powers of the trustee are not limited to those set forth in the trust indenture, but augments them. Were this not so, then most trusts would cease to function, as all conceivable duties and powers cannot possibly be listed; the circumstances under which a trustee must operate are by definition fluid and unscripted. It is the implied powers that allow trustees and trusts to function efficiently.

The trust clearly meets the requirements of *Probate Code*, Section 15205 and is valid thereunder.

### (c) The Clark C. Trust Is a Valid Trust

While David C. Clark and Wendy R. Clark may been seen on title as shown on the quitclaim deed executed on October 4, 1989, this is no more than an omission by the current

trustees to record a corrected deed naming the correct trustees. The omission has no bearing on the validity or legitimacy of the trust; it does not serve to invalidate the trust, and the Kathlean Street property is and since the creation of the trust has been independent of any ownership or control of the Clarks.

The Kathlean Street property was conveyed to the Clark C. Trust with David C. Clark and Wendy R. Clark as trustees. The new trustees, Steven Shallenberger and Gordon Russell, were then appointed as trustees of the trust and David C. Clark and Wendy R. Clark resigned as trustees (Exhibit "I".) Steve Shallenberger was appointed Executive Trustee, and Russell Jacobsen was appointed Executive Secretary Trustee. (Exhibit "J".) Both Shallenberger and Jacobsen accepted the appointment. (*Ibid.*)

Plaintiff's obvious misstatements of fact notwithstanding, the intent, purpose, corpus, trustees and beneficiaries of the Clark C. Trust are all clearly ascertainable from the trust documents. These documents are attached hereto as Exhibits "E" (Declaration of Trust dated January 5, 1989); "F" (Amendment to the Declaration of Trust dated January 9, 1989); "G" (Amended Declaration of Trust dated September 26, 1996.) Plaintiff may be confused by the differences between a revocable living trust, where the beneficiaries are commonly spelled out in the trust instrument and which can be considered a grantor trust, and an irrevocable trust, where the beneficiaries may be ascertained from external documents and which by definition cannot be a grantor's trust.

### (d) David C. Clark does not own the Kathlean Street Property

Plaintiff is correct that when a deed is void *ab initio* it constitutes a nullity and does not provide a basis for a superior title as against the original grantor. However, that rule has no application to this case, simply because the deed is not void *ab initio*.

In a valid California trust, a grantor's intent is determined by the statement of the grantor or grantors. At page 6 of the Declaration of Trust of the Clark C. Trust dated January 5, 1989 the intent of the grantors is stated clearly, unambiguously, and irrefutably in relevant part as follows:

> "The PURPORT of this instrument is to convey property to TRUSTEES, to constitute A TRUST (ESTATE) for the benefit of the BENEFICIARIES, held by the TRUSTEES in TRUST and in joint tenancy for the duration hereof, and to provide for the prudent and economical administration by

natural persons acting in a fiduciary capacity. . . ."

(Exhibit "E" p._6.)

Thus, David C. Clark's intent was to convey the Kathlean Street property into the trust – which was done on October 4, 1989 – for the express purpose of making the Kathlean Street property part of the "trust estate," to be administered by the trustees, "for the benefit of the beneficiaries." (Quitclaim deed attached hereto as Exhibit "C".) This conveyance was made long before any issues of tax liabilities arose, including the original assessments themselves. By resigning as Trustees on November 7, 2003 the Clarks relinquished any ownership or control over the Kathlean Street property, in accordance with the purport of the January 5, 1989 trust indenture, as quoted above. This conveyance and the transfer of ownership of the Kathlean Street property preceded the earliest of the tax assessments at issue in this case. Accordingly, any tax liabilities incurred by the Clarks after October 4, 1989 cannot be imputed to the trust or the trust property because neither David C. Clark nor Wendy R. Clark have exercised any ownership or control of the Kathlean Street property.

David C. Clark set this trust up as an irrevocable trust, and since his resignation as trustee he has exercised no power or control over any decisions made by the appointed trustees, Steven Shallenberger and Russell Jacobsen. Whatever input David C. Clark has into the operations of Zion One Foundation activities is expressly authorized by Title 26 U.S.C. Sections 674b(4) and 674c(1) and (2).

An examination of the trust documents makes it clear that the Clarks are lay individuals. As such, they may have made errors with some of the vernacular or technical details peculiar to trusts of this nature. Nonetheless, whatever errors which could serve to impugn the efficacy of the October 4, 1989 conveying deed would be easily correctible without affecting the validity of the remainder of the Clark C. Trust, most notably its intent, purpose, and demonstrable functions.

Despite whatever technical faults Plaintiff may find in the phraseology of the trust documents, the grantors' purpose and intent is clear. Most importantly, the trust documents and the actual operation of the trust for these past eighteen years demonstrate that David C. Clark does not own the Kathlean Street property.

Defendants acknowledge that there may have been mistakes made in the course of the setup and operation of the Clark C. Trust. On September 23, 1996 some of the language in the trust amendments became a cause for concern. The particular clause appears at page 12 of the Amended Declaration of Trust dated September 26, 1996 (Exhibit "G") and provides as follows:

> "AMENDMENTS. The grantor retains the power to amend any part of this Trust Indenture AS AMENDED without notice. Nothing in this document is to be construed as giving authority to the TRUST, or any other person(s) to have the power to amend any part of this TRUST INDENTURE with one exception; should the GRANTOR liberate his ability to amend the TRUST INDENTURE and if full written approve is obtained from ALL BENEFICIARIES, TRUSTEES may amend the TRUST by unanimous decision, insofar as doing will NOT be in conflict with the Purport hereunder".

After attending a workshop concerning trust administration, the Executive Trustee, Steven Shallenberger, and the Trust Advisor, Gardner Russell, called into question the validity of the clause quoted above, specifically, the power of a grantor to retain power to amend the trust. At that time, the Executive Trustee called upon the Trust Advisor to provide him with a Corrected Amendment to substitute for the amendment which contained the invalid clause. (See Affidavit of Steven Shallenberger dated February 13, 2007, attached hereto as Exhibit "J"; Affidavit of Gardner Russell dated February 12, 2007, attached hereto as Exhibit "K".) The substitution did not occur because of an administrative oversight, although the Corrected Amendment was, in fact, presented to and approved by the Board of Trustees. (See Exhibit "B", entry 38C.) Unfortunately, that amendment has been misplaced and Defendants continue to search for it. The good faith efforts by David C. Clark to correct the mistake are recorded in the document entitled, "A Statement of Fact" executed by David C. Clark on January 30, 2007, and attached hereto as Exhibit "H".)

The Clark C. Trust is a valid and binding irrevocable trust under California law. The trust was funded, new trustees were appointed and beneficiaries were identified. David and Wendy Clark relinquished all control over the Kathlean Street property upon their resignation as trustees. Therefore, the Kathlean Street property is owned by the Clark C. Trust, not the Clarks personally.

The trust, from its very genesis, upon the resignation of David C. and Wendy R. Clark as trustees has been operated under the administration of two independent trustees. To conclude that this is a grantor's trust ignores all of the relevant documents and information in favor of a tunnel-visioned argument which exalts form over substance. This trust has been operated as an independent entity continuously since the resignation of David C. and Wendy R. Clark as trustees. The trust business records clearly set forth the minutes, resolutions, ongoing business, contracts, and all other trust activity.

Based on the above, the trust is a valid and binding irrevocable trust, the creation and funding of which long preceded the tax assessments at issue in this case. Accordingly, any liens which arose after the creation of the trust cannot provide a basis to foreclose on the Kathlean Street property.

### III. THE UNITED STATES IS NOT ENTITLED TO SUMMARY JUDGMENT

Every issue raised by the government in this motion is in dispute, from the ownership of trust property, to the administration of trust assets, to the very validity of the trust itself. By making allegations which read like a checklist of most common trust-killers, the Plaintiff seems to be asking the Court to find a way to permit the government to seize trust property to pay a tax debt for which the owners of the property, the independent trustees Steven Shallenberger and Russell Jacobsen, are not and never were liable.

#### (a) The Clark C. Trust is a Valid Trust

Under California law, to be a legally valid trust the trust instrument must contain a statement of the grantor's intent and purpose, it must identify the trustee, it must identify a trust corpus, and it must identify a beneficiary. The grantor may not retain any control over the trust. As demonstrated above in Argument **II**, The Clark C. Trust is a legally valid and binding trust under California law and any facts asserted by Plaintiff to the contrary are disputed.

#### (b) The Clark C. Trust is not a nominee of David or Wendy Clark

To qualify as a nominee of the grantor or grantors of a trust five factors must be met:

(1)     the grantors must have exercised control over the trust property since the creation of the trust;

(2)     there must have been use of trust funds to pay the grantors' personal expenses;

United States v. David C. Clark, et. al.
MEMORANDUM IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT

8

Case No. C 07 3086

(3) there must be a relationship between the grantor and the nominee;

(4) whether and to what extent there are internal controls governing the administration of the trust;

(5) there must have been consideration for the conveyance of the trust property.

In the case at bar, none of the requisite five factors is extant:

(1) This is an irrevocable trust, not a grantor's trust as the Complaint alleges. The grantors, David C. Clark and Wendy R. Clark, have not exercised any control over the Kathlean Street property since its conveyance into the trust on October 4, 1989. Plaintiff has presented no evidence to the contrary. Accordingly, Plaintiff's motion for summary judgment must fail.

(2) No trust assets have even been used to pay for any of David or Wendy Clark's personal expenses. Again, Plaintiff has presented no evidence to the contrary.

(3) There cannot be a relationship between the grantor and the nominee in this case because there is no nominee. Just because Plaintiff says it's so does not make it so, and an examination of the trust documents clearly establish that the trust is not a nominee of the Clarks.

(4) The existence or nonexistence of internal controls and nominee oversight of the taxpayer's actions are irrelevant to this case. There is no nominee, and thus the question of internal controls or nominee oversight is inapplicable. Since the Plaintiff has failed to demonstrate that the Clark C. Trust is a nominee, the motion for summary judgment must fail on this ground also.

(5) Plaintiff's quote of the fifth factor under *U.S. v. Dawes* (D.Kan. 2004) 344 F. Supp.2d 715 at p. 721 is a red herring. In California, there is no consideration necessary for the conveyance of real property into an irrevocable trust. The fifth factor is therefore irrelevant to this case.

Even if this Court wishes to find consideration for the conveyance in this case, such consideration can be found in form of Certificates of Beneficial Interest. The Kathlean Street property was conveyed to the Clark C. Trust in exchange for units of Beneficial Interest as set forth in the Certificates themselves (Exhibit "A".)

**(c) David C. Clark did not exert any control over the Clark C. Trust or its assets**

The Clark C. Trust is an active trust. Regardless of the government's implied characterization of David C. Clark as a master puppeteer, neither David C. nor Wendy R. Clark ever exerted any control or dominion over the Clark C. Trust or any of its assets. The trust is managed by two independent trustees, and David C. Clark does not participate in any of the meetings of the trustees except by way of invitation. David C. Clark and Wendy R. Clark live in the Kathlean Street property and they pay fair market rent to the trust. (Clark C Trust 2006 Income Statement and Analysis of Rental Income attached hereto as Exhibit "D".) This in no way constitutes control, much less "considerable" control. The canceled rent checks evidencing this are in the possession of Katherine Chen of the Internal Revenue Service's San Francisco office.

The fact that there are ties between the grantors and the trustees does not justify an assumption that the grantors retain or exercise any control or dominion over the trust. The office of trustee is a sober and weighty responsibility, and permitting a grantor to exercise control over the trust would violate the trustee's fiduciary duties. Plaintiff has presented no evidence that the trustees have ever compromised their duties to permit such control, and the Defendants are entitled to the presumption that the trustees, not party to this action, discharge their functions faithfully, conscientiously, and lawfully. Accordingly, the motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Defendants aver that Plaintiff is not entitled to summary judgment on any issue, and respectfully request that this Court deny the motion in its entirety.

DATED: 12-20-07

Respectfully submitted,

Ray W. Sowards
Attorney for Defendants

United States v. David C. Clark, et. al.
MEMORANDUM IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT

10

Case No. C 07 3086