1

Ray W. Sowards **SBN 139952**
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, California 95035
Telephone:      (408)957-0807
FAX:             (408)957-0663
Email:   rsowards@pacbell.net

Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust,
American Synergy Financial Company, and Eagle
Systems International, Inc.

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case Number: **C 07 3086** |
| Plaintiff, | |
| vs. | **DECLARATION OF RAY W. SOWARDS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| **DAVID C. CLARK et. al.,** | |
| Defendants. | |

I, Ray W. Sowards, am an attorney licensed to practice law before all courts of the State

of California. I am the attorney of record for Defendants David C. Clark, Wendy R. Clark, Clark

C. Family Trust, American Synergy Financial Company, and Eagle Systems International, Inc.,

and if sworn to testify I could and would testify as follows:

　　　1. Attached hereto as Exhibit "A" are true and correct copies of all valid and outstanding

Certificates of Beneficial Interest;

　　　2. Attached hereto as Exhibit "B" is a true and correct copy of the minutes of the Clark C.

Trust spanning January 5, 1989 to the present. The minutes of the first meeting of the Board of

Trustees for the Clark C. Trust, the minutes of the annual meeting of the Board of Trustees of the

Clark C. Trust dated March 15, 1990, the Contract for Services to be Rendered (contract ID No. 52-6410825), and the Short Form Deed of Trust and Assignment of Rents dated June 13, 1995 are all part of the minutes and incorporated therein. Each of the documents attached in Exhibit "B" are true and correct copies of those documents on file in the records department of the Clark C. Trust.

3. Attached hereto as Exhibit "C" is a true and correct copy of the quitclaim deed recorded October 4, 1989 on record with the Alameda County Recorder.

4. Attached hereto as Exhibit "D" is a true and correct copy of the Clark C. Trust 2006 Income Statement and Clark C. Trust Analysis of Rental Income for fiscal year 2006.

5. Attached hereto as Exhibit "E" is a true and correct copy of the Declaration of Trust of the Clark C. Trust dated January 5, 1989.

6. Attached hereto as Exhibit "F" is a true and correct copy of the Amendment to the Declaration of Trust of the Clark C. Trust dated January 9, 1989.

7. Attached hereto as Exhibit "G" is a true and correct copy of the Amended Declaration of Trust of the Clark C. Trust dated September 26, 1996.

8. Attached hereto as Exhibit "H" is a true and correct copy of "A Statement of Fact" executed by David C. Clark dated January 30, 2007.

9. Attached hereto as Exhibit "I" is a true and correct copy of the Resignation of Trustees and Consent of Successor Trustees to Act dated November 7, 2003.

10. Attached hereto as Exhibit "J" is a true and correct copy of the Affidavit of Steven Shallenberger dated February 13, 2007.

11. Attached hereto as Exhibit "K" is a true and correct copy of the Affidavit of Gardner Russell dated February 12, 2007.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: _12-20-07_

Ray W. Sowards
Attorney for Defendants

# Exhibit A



THIS IS CERTIFICATE NUMBER TWELVE

UNITS OF BENEFICIAL INTEREST NINETEEN AND EIGHTY ONE HUNDREDTHS

CLARK TRUST

THE DECLARATION OF TRUST dated May 4 19 97 creates THIS TRUST, located in the County of Alameda California owner of the Trust Corpus, being held by appointed Trustees holding Corpus in Trust managing the Trust and Corpus thereof as designated in said Declaration of Trust, who as such Trustees, are herein authorized to issue One Hundred uniform (like) Units evidenced by their Certificate of Beneficial Interest.

THEREFORE, the Trustees, do hereby certify that   Matthew Clark   is the owner of   19.8   Units of Beneficial Interest, said Units being non-assessable and non-taxable (under provisions of applicable Internal Revenue Code) as described in the Articles of Indenture, which exempt both Trustees and Beneficiaries from personal liability for debts or obligations, contractual or tortious, beyond the Trust assets.

BENEFITS hereby conveyed consists solely of the emoluments as distributed by the action of The Trustees and nothing more. The Units of Beneficial Interest, as represented by This Certificate, convey no interest of any kind in The Trust assets, management, or control thereof. They are transferable in accordance with agreement and Declaration of Trust on file in the office of the Secretary of the Board of Trustees. At the death of the holder thereof, This Certificate is null and void. Upon presentation to the Trustees of This voided Certificate and the surrender of same, The Trustees are authorized to issue another Certificate to the bearer of a somechild authorized by endorsement therein, duly signed and witnessed.

THIS CERTIFICATE evidenced continnum of This unit of affection, the security of assets and confers no rights of ownership, whether tangible or intangible, sold or conveyed to said Trust under the conditions and for the purposes set forth in the aforementioned Declaration of Trust, which confers no rights, powers, privileges, or interest not specifically included in Said Declaration of Trust.

IN WITNESS THEREOF, The Trustees have caused this equity interest certificate is authorized this 4th day of May 19 97.

David R. Shellenberger, Executive Trustee

Russell Jacoboni, Secretary Trustee



THIS IS
CERTIFICATE NUMBER
THIRTEEN

UNITS OF
BENEFICIAL INTEREST
NINETEEN AND EIGHTY
ONE HUNDREDTHS

THE DECLARATION OF TRUST dated _____ May 4 _____ 19 97 _____ creates THIS TRUST, located in the County of _____ Alameda _____ California _____ owner of the Trust Corpus, being held by appointed Trustees holding Corpus in Trust, managing the Trust and Corpus thereof as designated in said Declaration of Trust, who as such Trustees, are therein authorized to issue One Hundred uniform (like) Units evidenced by their Certificates of Beneficial Interest.

THEREFORE, the Trustees, do hereby certify that _____ Rachel Clark _____ is the owner of _____ 19.8 _____ Units of Beneficial Interest, said Units being non-assessable and non-taxable (under provisions of applicable Internal Revenue Codes) as described in the Articles of Indenture, which exempt both Trustee and Beneficiaries from personal liability for debts or obligations, contractual or tortious, beyond the Trust assets.

BENEFITS hereby conveyed consist solely of the emoluments as distributed by the action of The Trustees and nothing more. The Units of Beneficial Interest, as represented by This Certificate, convey no interest of any kind in The Trust assets, management, or control thereof. They are transferable in accordance with agreement and Declaration of Trust on file in the office of the Secretary of the Board of Trustees. At the death of the holder thereof, This Certificate is null and void. Upon presentation to the Trustees of This voided Certificate and the surrender of same, the Trustees are authorized to issue another Certificate to the bearer or to someone authorized by endorsement herein, duly signed and witnessed.

THIS CERTIFICATE evidenced consideration of love and affection, the receipt of monies and other property, or thing of value, whether tangible or intangibles, sold or conveyed to Said Trust under the conditions and for the purposes set forth in the Agreement and Declaration of Trust, which confers no rights, powers, privileges, or interest not specifically declared in Said Declaration of Trust.

IN WITNESS THEREOF The Trustees have signed this equity interest certificate as authorized this _____ 4th _____ day of _____ May _____ 1997.

Steven R. Shollenberger, Executive Trustee

Reuben Jacobsen, Secretary Trustee



THIS IS
CERTIFICATE NUMBER
FOURTEEN

UNITS OF
BENEFICIAL INTEREST
NINETEEN AND EIGHTY
ONE HUNDREDTHS

THE DECLARATION OF TRUST dated ___ May 4, ___ 19 97 ___ creates THIS TRUST, located in the County of ___ Alameda ___
California ___ owner of the Trust Corpus, being held by appointed Trustees holding Corpus in Trust, managing the Trust and Corpus
thereof, as designated in said Declaration of Trust, who as such Trustees, are herein authorized to issue One Hundred uniform (like) Units
evidenced by their Certificates of Beneficial Interest.

THEREFORE, the Trustees, do hereby certify that ___ Jordan Clark ___ is the owner of ___ 19.8 ___ Units of Beneficial Interest, said Units
being non-assessable and non-taxable, (under provisions of applicable Internal Revenue Codes) as described in the Articles of Indenture
which exempt both Trustees and Beneficiaries from personal liability for debts or obligations, contractual or tortous, beyond the Trust assets.

BENEFITS hereby conveyed consist solely of the emoluments as distributed by the action of The Trustees and nothing more. The Units of Beneficial Interest,
as represented by This Certificate, convey no interest of any kind in The Trust assets, management, or control thereof. They are transferrable in
accordance with agreement and Declaration of Trust on file in the office of the Secretary of the Board of Trustees. At the death of its holder, the
This Certificate is null and void. Upon presentation to the Trustees of This Certificate and the surrender of same, The Trustees are
authorized to issue paid Certificate to the bearer of to someone authorized by endorsement herein, duly signed and witnessed.

THIS CERTIFICATE, evidenced consideration of love and affection, the receipt of which is hereby acknowledged, of giving, whether tangible or
intangibles, sold or conveyed to said Trust under the conditions and for the purpose of the Declaration of Trust, which
confers no rights, powers, privileges, interest or property feature to the subscriber herein other than Declaration of Trust.

IN WITNESS THEREOF The Trustees have signed
this equity interest certificate as authorized this
4th ___ day of ___ May ___ 1997

Trustee
Steven R. Shollenbarger, Trustee Dealer
Trustee
Paula Fletcher, Trustee Dealer





THIS IS
CERTIFICATE NUMBER
SIXTEEN

UNITS OF
BENEFICIAL INTEREST
NINETEEN AND EIGHTY
ONE HUNDREDTHS

THE DECLARATION OF TRUST dated _____ May 4 _____ 19 97 _____ creates THIS TRUST, located in the County of _____ Alameda _____ California _____ owner of the Trust Corpus, being held by appointed Trustees holding Corpus in Trust, managing the Trust and Corpus (hereof) as designated in said Declaration of Trust, who as such Trustees, are therein authorized to issue One Hundred uniform (like) Units evidenced by their Certificate of Beneficial Interest.

THEREFORE, the Trustees, do hereby certify that _____ David Hansen Clark _____ is the owner of _____ 19.8 _____ Units of Beneficial Interest, said Units being non-assessable and non-taxable (under provisions of applicable Internal Revenue Codes) as described in the Articles of Indenture, which exempt both Trustees and Beneficiaries from personal liability for debts or obligations, contractual or tortious, beyond the Trust assets.

BENEFITS hereby conveyed consists solely of the emoluments as distributed by the action of The Trustees and nothing more. The Units of Beneficial Interest, as represented by This Certificate, convey no interest of any kind in The Trust assets, management or control thereof. They are transferable in accordance with agreement and Declaration of Trust on file in the office of the Secretary of the Board of Trustees. The death of the holder thereof. This Certificate is null and void. Upon presentation to the Trustees of This voided Certificate and the surrender of same. The Trustees are authorized to issue another Certificate to the bearer or to someone authorized by the beneficial interest, duly signed and witnessed.

THIS CERTIFICATE evidenced consideration of love and affection, the receipt of money and other property, or thing of value, whether tangible or intangible, sold or conveyed to Said Trust under the conditions and for the purposes set forth in the agreement and Declaration of Trust, which confers no rights, powers, privileges or interest not specifically declared in Said Declaration of Trust.

IN WITNESS THEREOF The Trustees have signed, this equity interest certificate is authorized this _____ 4th _____ day of _____ May _____ 19 97.

Steven R. Shuler, Administrative Trustee

Joseph Jacobsen Secretary, Trustee



THIS IS
CERTIFICATE NUMBER

**SEVEN**

UNITS OF
BENEFICIAL INTEREST

**ONE**

THE DECLARATION OF TRUST dated _____ January 6th _____, 19 89 _____ creates THIS TRUST, located in the County of _____ Alameda _____,
California _____ owner of the Trust Corpus, being held by appointed Trustees holding Corpus in Trust, managing the Trust and Corpus
thereof (as designated in said Declaration of Trust, who as such Trustee, are therein authorized to issue One Hundred uniform (like) Units
evidenced by their Certificates of Beneficial Interest.

THEREFORE, the Trustees, do hereby certify that _____ Zion One Foundation* _____ is the owner of _____ 1 _____ Units of Beneficial Interest, said Units
being non-assessable and non-taxable (under provisions of applicable Internal Revenue Codes) as described in the Articles of Indenture
which exempt both Trustees and Beneficiaries from personal liability for debts or obligations, contractual or tortious, beyond the Trust assets.

BENEFITS hereby conveyed consist solely of the emoluments as distributed by the action of The Trustees and nothing more. The Units of Beneficial Interest,
as represented by This Certificate, convey no interest of any kind in The Trust assets, management or control thereof. They are transferable in
accordance with agreement and Declaration of Trust on file in the office of the Secretary of the Board of Trustees. At the death of the holder thereof,
This Certificate is null and void. Upon presentation to the Trustees of This voided Certificate and the surrender of same, The Trustees are
authorized to issue another Certificate to the bearer or to someone authorized by endorsement herein, duly signed and witnessed.

THIS CERTIFICATE evidenced consideration of love and affection, the receipt of money and other property, thing of value, whether capable of
intangibles sold or conveyed to Said Trust under the conditions and for the purposes set forth in the Agreement and Declaration of Trust which
confers no rights, powers, privileges, or interest nor specifically detinent to Said Declaration of Trust.

IN WITNESS THEREOF, The Trustees have signed
this equity interest certificate as authorized this

6th _____ day of _____ January _____ 19 89

*- aka. American Synergy Foundation

Steven R. Shuttlesworth, Executive Trustee

# Exhibit B

## DIRECTORY OF CLARK C. TRUST
### MINUTES OF BOARD OF TRUSTEES MEETINGS

| PAGE | DATE | MEETING AND DESCRIPTION |
|---|---|---|
| 01-07 | 01/05/89 | **INDENTURE OF THE CLARK C. TRUST** - DAVID C. CLARK and WENDY R. CLARK GRANTOR-CREATORS. STEVEN R. SHALLENBERGER, TRUSTEE. RUSSELL JACOBSEN, TRUSTEE. TRUSTEES may not be less than two. |
| 08-09 | 01/09/89 | **AMENDMENT TO THE INDENTURE** - It is not a Business Trust. Provision for TRUST ADVISORS. TRUST has the authority to create ADDITIONAL TRUSTS; By regular act, TRUSTEES may provide for the formulation of additional TRUSTS. |
| 10-12 | 01/05/89 | **FIRST MEETING of the Board of Trustees** - Attach Copy of TRUST INDENTURE. 100 Beneficial Units authorized. DAVID C. CLARK and WENDY CLARK are appointed AGENT TRUSTEES of THIS TRUST. Contract with AMERICAN SYNERGY CORPORATION to remodel TRUST HEADQUARTERS is ratified by the TRUSTEES, Promissory Note of $109,875 at 8% annual interest with 150 monthly payments. Property at 41121 Kathlean Street, Fremont, California conveyed to the Corpus of THIS TRUST. Application for Federal I.D. number. |
| 13 | 01/05/89 | --Schedule A - Assets Forming the Corpus of the Clark C. Family Trust |
| 14 | 01/05/89 | --Schedule B - (Promissory Note) |
| 15-16 | 01/05/89 | --Schedule C - TRUST remodel contract-American Synergy Corporation |
| 17 | 01/05/89 | --Schedule D - Mission and Statement of Purpose of the TRUST |
| 18-21 | 01/06/89 | **SECOND MEETING of the Board of Trustees** Certificate #1 for 100 Beneficial Units to DAVID C. CLARK was cancelled and Certificates #2 and #3 for 50 Beneficial Units to DAVID C. CLARK and WENDY R. CLARK are hereby cancelled and Certificates #4, #5, and #6 for 33 Beneficial Units each are issued to Jordan, Rachel and Matthew Clark. Certificate #7 is for One Beneficial Unit issued to American Synergy Foundation. EXECUTIVE TRUSTEE is STEVEN SHALLENBERGER and EXECUTIVE SECRETARY TRUSTEE, RUSSELL JACOBSEN. Education Allowances approved for TRUSTEES. Property improvements are progressing. |
| 22 | 01/10/89 | **THIRD MEETING of the Board of Trustees** - Purpose of the TRUST to provide for the education and mission of the BENEFICIARIES, and to preserve the FAMILY forever, and develop a CHRIST-LIKE SPIRIT in |

the family in order that it be a shield and a protection.. Kathlean Street improvements continuing. AMENDMENT to the DECLARATION OF TRUST to be attached to these MINUTES..

23-24  11/11/89    **FOURTH MEETING of the Board of Trustees -** Tax I.D. number has been received - 52-6410825. Account at the Wells Fargo bank to be in the name of the TRUST. Improvements to the main offices of the TRUST now total $109,845. The TRUST received $99,000 from Weatherization and $44,000 from Insulation income. The TRUST received an unrestricted gift of $50,000 from DAVID G. CLARK and $10,000 each for the benefit of TRUST BENEFICIARIES, Jordan, Rachel and Matthew Clark.

25-26  03/15/90    **1990 ANNUAL MEETING of the Board of Trustees -** Operations were reviewed for fiscal year ended December 31, 1989, and found to be satis-factory. DAVID C. CLARK was elected and appointed AGENT TRUSTEE . Kathlean Street property conveyed to the TRUST. All necessary filings for federal and state agencies have been made. All trust records and documents are current and in order. Annual compensation of $600 each to the EXECUTIVE TRUSTEES is approved. Accounting for the past fiscal year is accurate and current,, and total income of THIS TRUST was $179,826. TRUSTEES are reappointed. Charitable distributions were as follows: Church of Jesus Christ of Latter-day Saints - $83,823; ZION ONE FOUNDATION $74,000; Other donations $1,145

--    **FIFTH MEETING of the Board of Trustees- (Cancelled).**

20    11/20/90    **SIXTH MEETING of the Board of Trustees-** TRUST will not receive a percentage of gross sales for services from Weatherization and Insulation but will receive income on another basis for 1990. Consideration given to possible future nomination of additional TRUSTEES. PURPOSE of the TRUST is reaffirmed. Quarterly Operating Report approved.

28-29  03/20/91    **1991 ANNUAL MEETING of the Board of Trustees -** An addition of one room, landscape and other improvements are needed at the Kathlean Street property. Also a contingency reserve fund needs to be established for future major repairs. Actions of EXECUTIVE TRUSTEE duly ratified. On January 1, 1991 he authorized a straight note of $111,964 be issued to American Synergy Corporation at an 8% annual rate, payments of $1183.12 monthly--maturity date July 1, 2004 A.D. Investment account was opened with BENHAM CAPITAL. Total net income for the period ending December 31, 1990 was $269,141. Charitable distribution is authorized to ZION ONE FOUNDATION for $5,281 and $262,582.

| 29A | 06/15/91 | **SEVENTH MEETING of the Board of Trustees.** Operations of the TRUST are in accord with MISSION AND PURPOSE OF THE TRUST. All members of the Board of Trustees met at the 2829 Whipple Road, Union City, California at 4:50 P.M. Review of Second Quarter trust operations. |
|---|---|---|
| 29B | 10/06/91 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Crown Room, Delta Airlines, Salt Lake City Airport at 4:50 P.M. Review of Third Quarter trust operations. Need for continued training of TRUSTEES using the Covey model. |
| 31-32 | 03/05/92 | **1992 ANNUAL MEETING of the Board of Trustees.** The arrangement with Benham Capital is productive. DAVID G. CLARK and QUADE F. HANSEN are elected and appointed SUCCESSOR TRUSTEES and GUARDIAN TRUSTEES of the TRUST. A Charitable distribution to ZION ONE FOUNDATION of $966,000. STEVEN SHALLENBERGER, EXECUTIVE TRUSTEE will continue to direct the affairs of the TRUST. Letter of acceptance received from SUCCESSOR TRUSTEE, QUADE P. HANSEN. |
| 32A | 07/28/92 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Crown Room, Delta Airlines, Salt Lake City Airport at. Review of Second Quarter trust operations. |
| 32B | 08/07/92 | **SPECIAL MEETING of the Board of Trustees.** All members of the Board of Trustees met at trust headquarters, 41121 Kathlean Street, Fremont, California at 4:00 P.M.. Items discussed were: (1) how to protect real estate in the corpus of THIS TRUST from third party attack (2) Possible creation of mini-trusts to hold Clark children Beneficial Interests. (3) Importance of careful Minutes of official Board of Trustee's meetings. |
| 32C | 09/16/92 | **SPECIAL MEETING of the Board of Trustees.** All members of the Board of Trustees met by telephone conferencing. (1) A possibility of adverse filing of *lis pendens* by a third party on real estate owned by THIS TRUST. Ways were discussed to encumber and minimize equity on trust headquarters to discourage attack. EXECUTIVE TRUSTEE will pursue this. |
| 32D | 10/06/92 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 3:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable. Trust Headquarters encumbered to discourage attacks by third parties, via *lis pendens*, etc. Agent Trustees and Advisors will be given additional responsibilities. Trustees were requested to pursue further |

education on trust direction and operation.

32E    02/12/93    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at Pajaro Dunes, Watsonville, California at 1:30 P.M.. Mr. Shallenberger taught from the Covey Leadership program. Report of Trust Operations for Fourth Quarter 1992 was reviewed and found acceptable. Operational challenges discussed.

32F    04/12/93    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 1:30 P.M.. Report of Trust Operations for First Quarter was reviewed and found acceptable. A Trustee reported on a visit with Harvey Glade, Director of Deseret Trust Company, which is owned by the Church of Jesus Christ of Latter-day Saints. To further the purposes of the TRUST, Deseret Trust may be requested to serve as SUCCESSOR TRUSTEE..

33-34   04/26/93    **1993 ANNUAL MEETING of the Board of Trustees.** Certificates which represent the Beneficial Units of the TRUST (Numbers 3, 4 and 5) were received for cancellation. Certificates 8, 9,10,11 for 24.75 Beneficial Units each were issued to Jordan Clark, Rachel Clark, Matthew Clark and Andrew Clark. Certificate #7 owned by ZION ONE FOUNDA-TION. Existing amount owed by the TRUST to American Synergy Corporation is $129,645. The Board of Trustees approved a Room Addition estimated at $50,000; Landscaping, Play area for BENEFICIARIES $25,000 and an Authorized Line of Credit from American Synergy Corporation totalling $23,000 as a reserve for major repairs and maintenance to the property. Total of $227,645. The Board of Trustees authorized a first deed of trust to AMERICAN SYNERGY CORPORATION OF CALI-FORNIA in this amount. Total net income of the TRUST was $744,000. Charitable distribution was made to ZION ONE FOUNDATION of $705,758.

34A    05/20/93    **SPECIAL MEETING of the Board of Trustees.** All members of the Board of Trustees met at Trust headquarters, 41121 Kathlean Street, Fremont,. California at 4:30 P.M.. Reports from a trust workshop were discussed. Trustees plan to concentrate on compliance with I.R.S. Codes and Regulations. "Resolved: That, every effort should be made to comply with I.R.S. Codes and Regulations." Financial statements were carefully reviewed and found to be in order."

34B    08/05/93    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 4:00 P.M.. Report of Trust Operations for Second Quarter was reviewed and found acceptable. Documents and records are in order.

| 34C | 10/08/93 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of Deseret Inn, Salt Lake City, Utah, at 5:30 P.M.. Operating Reports from a Third Quarter were reviewed, discussed, and accepted.  Documents and records were carefully reviewed and found to be in order. |
|---|---|---|
| 35 | 04/10/94 | **1994 ANNUAL MEETING of the BOARD OF TRUSTEES.** Records, documents and minutes of THIS TRUST have been examined and found to be in good order. Total net income was $563,296. Charitable distribution of $541,062 was made to ZION ONE FOUNDATION. Work of the CLARK C. TRUST progressing. |
| 35A | 02/24/94 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at a suite in the Hotel Harrah, Laughlin, Nevada, starting at 3:30 P.M.. Operating Reports from Fourth Quarter 1993 were reviewed, discussed, and accepted.  A TRUSTEE leadership training session followed, following Covey Leadership program. |
| 35B | 04/08/94 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of the TRUST, 41121 Kathlean Street, Fremont, California starting at 3:30 P.M.. Operating Reports from First Quarter were reviewed, discussed, and accepted. |
| 35C | 07/19/94 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at 41121 Kathlean Street, Fremont, California starting at 3:30 P.M.. Operating Reports from Second Quarter were reviewed, discussed, and accepted. |
| 35D | 10/03/94 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 3:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable. Agent Trustees and Advisors will be given additional responsibilities. Trustees were requested to pursue further education on trust direction and operation. |
| 36-37 | 04/07/95 | **1995 ANNUAL MEETING of the BOARD OF TRUSTEES.** All actions of TRUSTEES were unanimously approved. Agent Trustee DAVID C. CLARK reported that charitable distributions by THIS TRUST to ZION ONE FOUNDATION have been properly handled. Authorized remodel and addition of 1000 square feet of living area contracted to AMERICAN SYNERGY CORPORATION OF CALIFORNIA in the amount of $100,000.  Secured by a Promissory Note and Second Deed of Trust in this amount, 8% interest per annum, due within 30 years from June 1, 1995. Total net income was $404,802.  Work of the CLARK C. |

Page 5

TRUST progressing. Charitable distribution is made to ZION ONE FOUNDATION of $362,014.

37A    07/19/95    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of the TRUST 41121 Kathlean Street, Fremont, California starting at 3:30 P.M.. Report of Trust Operations for Second Quarter was reviewed and found acceptable. It was noted that the TRUSTEES benefited from attending a TRUST workshop at GeneSystems, Longview, Texas. That, our main thrust is compliance with all applicable I.R.S. Codes and Regulations.

37B    10/27/95    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of the TRUST 41121 Kathlean Street, Fremont, California starting at 4:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable. David G. Clark was invited to join the meeting.

37C    02/29/96    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of the TRUST 41121 Kathlean Street, Fremont, California starting at 4:00 P.M.. Report of Trust Operations for Fourth Quarter was reviewed and found acceptable.

38    04/15/96    **1996 ANNUAL MEETING of the BOARD OF TRUSTEES.** All actions of the TRUSTEES are unanimously approved. Work of the CLARK C. TRUST progressing. Total income was $570,545. Charitable distribution is made to ZION ONE FOUNDATION.

38A    07/26/96    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 3:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable. Agent Trustees and Advisors are performing well Trustees were requested to continue education on trust direction and operation

38B    09/03/96    **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 3:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable.

38C    9/24/96    **SPECIAL MEETING of the Board of Trustees.** All members of the Board of Trustees met in the Best Western Motel in Longview, Texas, at 6:30 P.M. David C. Clark was invited to join the meeting. He stated that as GRANTOR/CREATOR, after attending the GneSys workshop, that he has prepared an Amendment to the Trust Indenture,

to give the TRUSTEES further guidance, especially as to compliance with I.R.S. Codes and Regulations.

| | | |
|---|---|---|
| 38D | 10/23/96 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of the TRUST 41121 Kathlean Street, Fremont, California starting at 4:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable. David G. Clark was invited to join the meeting. |
| 38E | 02/14/97 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Hotel Oasis, Palm Springs, California starting at 1:30 P.M.. Report of Trust Operations for Fourth Quarter was reviewed and found acceptable. Trustee training was conducted. |
| 39 | 05/04/97 | **1997 ANNUAL MEETING of the BOARD OF TRUSTEES.** Documents, records and minutes are in good order. Work of the CLARK C. TRUST progressing. Certificates of Beneficial Interest returned for cancellation. Certificates 7 still valid for ZION ONE FOUNDATION. Certificates 12, 13, 14, 15 issued for Matthew, Rachel, Andrew and David Hansen Clark, in the amount of 19.8 Units each. Total net income was $2,500. Charitable distribution of $250,000 was made to ZION ONE FOUNDATION and to ZION FOUNDATION $643,644. GRANTOR-CREATOR executes AMENDED DECLARATION OF TRUST dated September 26, 1996. AGENT TRUSTEES are not authorized signatories on bank accounts of THIS TRUST |
| 40-52 | 11/26/96 | **AMENDED DECLARATION OF TRUST. (Attached to 1997 Annual Meeting Minutes).** Strengthen compliance with IRS Codes and Regulations. |
| 52A | 06/09/97 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the offices of the TRUST 41121 Kathlean Street, Fremont, California starting at 4:30 P.M.. Report of Trust Operations for Third Quarter was reviewed and found acceptable. |
| 52B | 10/15/97 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at the Deseret Inn, Salt Lake City, Utah at 3:30 P.M.. Report of Trust Operations reviewed and found acceptable. Agent Trustees and Advisors are performing well Trustees were requested to continue education on trust direction and operation. |
| 52C | 02/06/98 | **QUARTERLY MEETING of the Board of Trustees.** All members of the Board of Trustees met at Turtle Bay, Laie, Hawaii at 1:30 P.M.. Report of Trust Operations reviewed and found acceptable. Agent |

10

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

THE FIRST MEETING of the Board of Trustees of the CLARK C. TRUST was held January 5, 1989 at the above offices of the TRUST, starting at 9:00 a.m. DAVID C. CLARK the GRANTOR CREATOR distributed copies of the TRUST INDENTURE creating the CLARK C. TRUST, to the TRUSTEES present. Pursuant to the terms of the TRUST INDENTURE he appointed STEVEN R. SHALLENBERGER to be EXECUTIVE TRUSTEE and RUSSELL JACOBSEN TRUSTEE of this TRUST. The TRUSTEES accepted the appointment and committed to discharge the duties, obligations and faithful performance of their Office as TRUSTEES.

DAVID C. CLARK stated that he has, as GRANTOR CREATOR, created this TRUST for the express purpose of conveying all his title, interest and rights to certain real and personal properties which are being conveyed by him to become the CORPUS OF SAID TRUST. Further, that the TRUST will have the use of his services. No employee wages may be grantable unto this TRUST for tax purposes, as provided in the regulations of the Internal Revenue Service.

He further stated that this TRUST has been created to permit him to maximize his lifetime efforts for the security and progress of his FAMILY and the general welfare pursuant to his personal RELIGIOUS BELIEFS of service to others in the exercise of his constitutional rights. Upon motion duly made and seconded THE TRUSTEES unanimously approved the TRUST INDENTURE and the following:

    1. **Executing and Recording the TRUST INDENTURE.** The TRUSTEES hereby execute the TRUST INDENTURE and will record the TRUST INDENTURE in Alameda County, City of Fremont, California. A true copy of this TRUST INDENTURE will be attached to the MINUTES of this meeting.

    2. **Application for Tax ID Number.** The TRUSTEES shall, at the earliest possible date, apply for the CLARK C. TRUST Employer Identification Number, utilizing Form SS-4.

    3. **Conveyance of CORPUS to the TRUST.** TRUSTEES accept the offer of conveyance by DAVID C. CLARK and WENDY R. CLARK of certain of their assets to form the CORPUS of this TRUST, including the property to be utilized as the main offices of the CLARK C. TRUST at 41121 Kathlean Street, Fremont, California 94538. (See Schedule A for the listing of conveyed assets attached to these MINUTES).

    4. **Contract for Services.** TRUSTEES do hereby ratify an existing contract with AMERICAN SYNERGY CORPORATION OF CALIFORNIA to remodel and refurbish the Kathlean Street property at a total cost of $109,875 and to cause the TRUST to make payments to AMERICAN SYNERGY CORPORATION OF CALIFORNIA. That this obligation is to be formalized by the execution of a PROMISSORY NOTE providing for 150 monthly payments pro-rata to the total of $109,875 at 8% annual interest, starting effective January 1, 1989. Copy of said Promissory Note to be attached to these Minutes as Schedule B - Copy of CONTRACT FOR SERVICES is also attached as Schedule C).

    5. **Units of Beneficial Interest.** There are authorized under the TRUST INDENTURE AND DECLARATION OF TRUST a total of 100 BENEFICIAL UNITS OF INTEREST. TRUSTEES OF THE CLARK C. TRUST acknowledge receipt and acceptance on this date of offer from DAVID C. CLARK and WENDY R. CLARK their commitment to convey certain of their real and personal properties (Schedule A attached) in accordance with applicable laws and the DECLARATION OF TRUST, for and in exchange for 100 UNITS OF BENEFICIAL INTEREST which correspond to all the BENEFICIAL INTEREST of the CLARK. C. TRUST. THE TRUSTEES do, therefore, hereby authorize the issuance of TRUST CERTIFICATE NO. 1 in the amount of 100 UNITS OF BENEFICIAL INTEREST to DAVID C. CLARK.

Minutes of the FIRST MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST    Page 1 of 3

6. **Acceptance of Offer from DAVID C. CLARK**. That, based on the firm offer of conveyance to the TRUST of the designated properties by DAVID C. CLARK, the TRUSTEES do hereby accept his offer on this date and will issue all the BENEFICIAL INTEREST OF THE TRUST, being One Hundred (100) Units, to DAVID C. CLARK, simultaneously with the legal, actual conveyance of said properties. All the TRUSTEES of this TRUST hereby attest that, to the best of their understanding, the above-noted conveyance of CLARK'S properties represents a fair exchange for the value of the BENEFICIAL INTEREST and as such will be tax-free. That, as an equal exchange said conveyances have been conveyed for a consideration of money and/or money's worth. The exchange is neither a bargain, sale, grant or gift. When these convyances have been completed DAVID C. CLARK will have conveyed all ownership, right, title, and interest in FEE SIMPLE regarding the real properties and will receive and hold only a CERTIFICATE OF BENEFICIAL INTEREST in the income of the CLARK C. TRUST; that the TRUSTEES may decide to distribute at such times and in such amounts as it may be beneficial to this TRUST to distribute.

7. **Statement of Purpose**. TRUSTEES do hereby endorse and accept the attached STATEMENT OF PURPOSE AND PRINCIPLES of the GRANTOR CREATOR in his fundamental desire and belief that he should do all possible to ensure the progress and welfare of his FAMILY. (Schedule D) recognizing the eternal nature of the family in God's Plan.

8. **Probate**. The creation and execution of the CLARK C. TRUST by the CONTRACT under which it is established, is intended by the GRANTOR CREATOR and the TRUSTEES to assure that the properties to be conveyed are not subject to Probate procedures.

9. **Annual Meeting**. The Annual Meeting of the BOARD OF TRUSTEES will be held on the 15th of April annually at a time and location most convenient to the majority of the BOARD OF TRUSTEES. THE EXECUTIVE TRUSTEE will notify all TRUSTEES of the scheduled meeting. The Calendar Year will be the TRUST'S FISCAL YEAR.

10. **Meetings**. TRUSTEES may call, hold and conduct meetings of the BOARD OF TRUSTEES with a minimum of three (3) days notice indicating a date, time and place set by the EXECUTIVE TRUSTEE. All TRUSTEES will be required to affix their signatures to the MINUTES of the meeting to indicate their approval of same.

11. **That, pursuant to the DECLARATION OF TRUST**, STEVEN R. SHALLENBERGER is hereby elected and appointed EXECUTIVE TRUSTEE OF THE CLARK C. TRUST. RUSSELL JACOBSEN is also hereby elected and appointed TRUSTEE of the TRUST.

12. **THE EXECUTIVE TRUSTEE recommended** and upon motion duly made and seconded it was unanimously

> "RESOLVED, THAT: DAVID C. CLARK and WENDY R. CLARK are hereby elected and appointed AGENT TRUSTEES OF THE CLARK C. TRUST. It is felt that their expertise and experience will be of great value to the TRUST in its day-to-day operations. Further, that the AGENT TRUSTEES have no vote nor voice in the BOARD OF TRUSTEES and its policies governing the TRUST."The AGENT TRUSTEES were then invited to join the meeting and evidence by their signatures affixed to the signature page of these MINUTES that they accept the invitation to be AGENT TRUSTEES."

13. **MINUTES of all meetings are private**, since the TRUST was created as a PRIVATE ORGANIZATION and by CONTRACT and are not to be read, delivered to or disclosed to any person or entity other than those authorized. It is further affirmed that the TRUSTEES are not engaged in the practice of law by setting the paramenters for this privately organized TRUST.

14. **Esculpatory Clause**. The GRANTOR CREATOR hereby affirms that the following clause is to be

Minutes of the FIRST MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST    Page 2 of 3

incorporated and made a part of the TRUST INDENTURE governing the CLARK C. TRUST.

"The TRUSTEE(S) nor any of them shall not be liable for errors of judgment or carelessness nor for any breach of trust with regard to other TRUSTEES, BENEFICIARIES, OR THIRD PARTIES."

"THE TRUSTEES are not liable for any actions, or failure to act on behalf of the TRUST, and upon motion duly made and secondd, unanimously approved all actions taken to date."

THE INDENTURE of this TRUST provides in POWERS OF TRUSTEES that: TRUSTEES may do anything any individual may legally do in any state or country.." It is further stated that, "A MINUTE OF RESOLUTION of the BOARD OF TRUSTEES authorizing what they determine to do or have done shall be evidence that such an act is within their power.."

It has been determined that it is within the best interest of this TRUST and its BENEFICIARIES to creat a SEPARATE ENTITY to conduct the BUSINESS ACTIVITIES of the TRUST. Therefore, the TRUSTEES do unanimously grant by this action, upon motion made and duly seconded, which is the authority for the TRUSTEES to create the CLARK C. TRUST.

It was agreed upon motion made and seconded, by unanimous vote to add the following provision to the TRUST INDENTURE, that: "The TRUSTEE or TRUSTEES as the case may be, shall not be personally liable on any or all contracts or obligations which he or she makes in behalf of this TRUST during the administration of this TRUST; but that all liabilities ahall and must be satisfied out of the trust property."

    (a) That, in each called meeting of the BOARD OF TRUSTEES, where official business is to be conducted, a MAJORITY of the TRUSTEES shall be present and be participants in the business of the meeting.

    (b) That, all actions shall require the approval by voice vote of the MAJORITY of the members of the BOARD OF TRUSTEES. Dissenting votes will be noted.

There being no further business before the meeting, upon motion duly made and seconded, it was unanimously agreed to adjourn this FIRST MEETING OF THE BOARD OF TRUSTEES at 11:00 a.m..

Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

David C. Clark, Agent Trustee

## THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

## A G R E E M E N T

### CONTRACT FOR SERVICES TO BE RENDERED TO THE CLARK C. TRUST (ID 52-6410825) BY AMERICAN SYNERGY CORPORATION OF CALIFORNIA

THIS AGREEMENT
> made and entered into on this the 6th day of January 1989, by and between the CLARK C. TRUST (hereinafter designated "TRUST") and AMERICAN SYNERGY CORPORATION OF CALIFORNIA (hereinafter designated 'CONTRACTOR"):

WITNESSETH THAT, WHEREAS THE TRUST
> desires to contract the skills and services of CONTRACTOR in the performance of services to be specified on behalf of the TRUST, with payment to be made to CONTRACTOR as noted hereinbelow, it is MUTUALLY AGREED as follows:

> 1. **Contracted Services.** The TRUST agrees to accept and CONTRACTOR agrees to provide all contracted services upon the terms and conditions set forth below.

> 2. **Term of Agreement.** The term of this AGREEMENT shall begin January 6, 1989 and shall continue for a period of twelve (12) months, and shall be automatically renewed for succeeding equal periods, unless either party wishes to terminate the AGREEMENT by written notice to the other party no less than thirty (30) days prior to the next renewal date.

> 3. **Compensation.** For contracted services performed by the CONTRACTOR under the terms of this AGREEMENT, the TRUST shall pay pro-rata in 150 equal montly payments, the sum of $109,875 secured by a certain PROMISSORY NOTE at 8% interest per annum. It is also agreed between the parties to this AGREEMENT that as the amount and value of contractred services increases or decreases, that the monthly or annual payments to the CONTRACTOR may be adjusted as mutually agreed by the parties.

> 4. **Fringe Benefits.** The TRUST hereby agrees to pay to or on behalf of the CONTRACTOR such fringe benefits, if any, as are currently provided in the trade, where similar contract services are provided.

> 5. **Duties of the CONTRACTOR.** CONTRACTOR shall actively perform all contracted services on behalf of the TRUST on a basis of quality and timeliness acceptable to the EXECUTIVE TRUSTEE(S) of the TRUST.

> 6. **Relationship Between the Parties.** The parties recognize that the TRUST shall manage all its business affairs exclusively. The relationship between the TRUST and CONTRACTOR shall be that of an independent contractor. Scope of the services to be provided include building certain additions to the property located at 41121 Kathlean Street, Fremont, California 94538 as well as certain other improvements to be made to this CLARK C. TRUST property.

> 7. **Termination.** Notwithstanding anything herein contained to the contrary, this AGREEMENT may be terminated by either party hereto upon fifteen (15) days written notice. It is mutually accepted and agreed by both parties to this AGREEMENT that the EXECUTIVE TRUSTEE is acting in his representative capacity on behalf of the CLARK C. TRUST and that the TRUSTEE is not personally liable for any obligation under this

AGREEMENT, and that the contracting party shall look only to the assets of the TRUST for satisfaction of any obligations under this AGREEMENT.

IN WITNESS WHEREOF, the parties have executed this Agreement on the 6th day of January 1989.


THE CLARK C. TRUST                              AMERICAN SYNERGY CORPORATION OF CALIFORNIA

By                                              By
Steven R. Shallenberger, Executive Trustee,     David C. Clark, President
who is acting in his representative capacity
on behalf of the CLARK C. TRUST and
is not personally liable for any obligations
under this Agreement.

## THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The SECOND MEETING of the Board of Trustees of the CLARK C. TRUST was held January 6, 1989 at the above offices of the TRUST, starting at 9:00 a.m.  Present were all the TRUSTEES.

IT WAS REPORTED BY THE EXECUTIVE TRUSTEE:

1. That Form SS-4, application for tax identification number has been completed and filed.

2. That the conveyance of the CORPUS of the TRUST has been completed, including the property to be utilized as the main offices of the TRUST at 41121 Kathlean Street, Alameda County, Fremont, California 94538.

3. That the contracted improvements and additions to the TRUST property on Kathlean Street by the CONTRACTOR, AMERICAN SYNERGY CORPORATION OF CALIFORNIA, are proceeding satisfacto-rily, per Agreement.

4. That DAVID C. CLARK was issued Certificate No. 1 for 100 UNITS OF BENEFICIAL INTEREST in the CLARK C. TRUST representing all the BENEFICIAL UNITS of the TRUST and, that this is a fair and equal exchange for the assets which he conveyed to the TRUST. And, that he has returned to the TRUST for cancellation said Certificate No. 1, and caused Certificates No. 2 and No. 3 to be issued in the amount of 50 units of BENEFICIAL INTEREST each to DAVID C. CLARK and WENDY R. CLARK.

5. That the TRUSTEES will record the TRUST INDENTURE in Alameda County, City of Fremont, California

6. That, in accordance with the MINUTES OF THE FIRST MEETING of the BOARD OF TRUSTEES, the GRANTOR CREATOR did on this date create this TRUST by physically delivering to the TRUSTEES of THIS TRUST all properties real and personal listed in Schedule A of the MINUTES OF THE FIRST MEETING, by conveying same in FEE SIMPLE to the CLARK C. TRUST.

NEW BUSINESS:

1. **CERTIFICATES OF BENEFICIAL INTEREST.** The GRANTOR CREATOR, DAVID C. CLARK proposed to the BOARD OF TRUSTEES that to further the purpose of the TRUST as stated in Schedule D of the MINUTES OF THE FIRST MEETING of the BOARD OF TRUSTEES, that the BOARD accept for cancellation his CERTIFICATE N0. 2 for 50 UNITS and WENDY R. CLARK'S CERTIFICATE NO. 3 FOR 50 UNITS OF BENEFICIAL INTEREST; that in their place approve, authorize and issue BENEFICIAL INTERESTS as follows:

| | | |
|---|---|---|
| Certificate No. 4 | 33 Units | Jordan Clark |
| Certificate No. 5 | 33 Units | Rachel Clark |
| Certificate No. 6 | 33 Units | Matthew Clark |
| Certificate No. 7 | 1 Unit | Zion One Foundation -aka- American Synergy Foundation |
| Total Units | 100 Units | |

ACTION TAKEN. Upon motion duly made and seconded it was unanimously approved to accept Certificates No. 2 and No. 3 for cancellation and to issue all the BENEFICIAL UNITS OF INTEREST in the proportions noted above. TRUSTEES asked for the record that it be noted that said BENEFICIARIES shall have no voice in the management and control of this TRUST. BENEFICIAL INTEREST HOLDERS are to receive distribu-

tion from time to time as determined by the MAJORITY of the BOARD OF TRUSTEES. Finally, BENEFICIAL CERTIFICATES are not taxable as personal property, are non-assessable and non-negotiable

2. **EXECUTIVE TRUSTEES and OTHER TRUSTEES.** STEVEN R. SHALLENBERGER as EXECUTIVE TRUSTEE, and RUSSELL JACOBSEN as TRUSTEE, as well as other TRUSTEES, SECRETARY TRUSTEES, AGENT TRUSTEES, and SUCCESSOR TRUSTEES and other offices of the TRUST are to be elected and appointed for life or for a specified term subject to review at each ANNUAL MEETING OF THE BOARD OF TRUSTEES. Should they or either of them be judged incompetent for any valid reason whatsoever, the terms and conditions of their contracts will continue in full force and effect for the life of the TRUST, provided they willingly accept duly appointed SUCCESSOR TRUSTEES.

TRUSTEES unanimously approved upon motion duly made and seconded the following RESOLUTION:

> RESOLVED: That the election and appointment of STEVEN R. SHALLENBERGER as EXECUTIVE TRUSTEE, and RUSSELL JACOBSEN as TRUSTEE of the CLARK C. TRUST be and is hereby approved unanimously. And, at the recommendation of the EXECUTIVE TRUSTEE, that DAVID C. CLARK be and is hereby appointed and elected AGENT TRUSTEE due to his unique business abilities evidenced in the acquisition of the assets which he conveyed to the CORPUS of this TRUST. His duties will be those required from time to time by the TRUST and requested of him by the EXECUTIVE TRUSTEE. It is recognized that these TRUSTEES are important to the management of the TRUST because of the high principles of service and dedication they have displayed to FAMILY and OTHERS. AND, IT IS FURTHER RESOLVED that the appointment of WENDY R. CLARK to be AGENT TRUSTEE is unanimously approved"

THE ELECTED TRUSTEES expressed their appreciation for the confidence placed in them through these appointments and presented their understanding of their basic duties and responsibilities for the management of the TRUST.

3. **BENEFITS AND INCIDENTS.** THE EXECUTIVE TRUSTEE is to receive, effective immediately, compensation for his services agreed upon from time to time by the MAJORITY of the BOARD of TRUSTEES, included but not limited to the following--it being understood that all payments of fees for consulting services provided by the EXECUTIVE TRUSTEE or the CO-EXECUTIVE TRUSTEE, TRUSTEES, AGENT TRUSTEES, EXECUTIVES or OUTSIDE CONSULTANTS shall be decided on the basis of RESOLUTIONS approved by the MAJORITY of the BOARD OF TRUSTEES based upon the test of what is "fair and reasonable". All such payments for services are to be reported on IRS Form 1099. The TRUST will not have EMPLOYEES nor pay wages or salaries subject to State or Federal Income Taxes or Withholding, Social Security, or Workmen Compensation. They will include:

(a) Monthly, Quarterly or Annual Compensation for Consulting Services provided to the TRUST.
(b) Living accomodations wherever and whenever deemed necessary by the BOARD OF TRUSTEES.
(c) TRUSTEES OR AGENT TRUSTEES must agree to occupy the living accomodations provided for them on TRUST business.
(d) Transportation expense on TRUST business.
(e) Travelling and entertainment while engaged in TRUST business.
(f) Selling and marketing expenses incident to the business of the TRUST.
(g) Office expenses, including postage incident to the business of the TRUST.
(h) Dues, Fees, and Subscriptions.
(i) Convention and Trade Show expenses required by the business of the TRUST.
(j) Life, Disability, and Medical Insurance and reimbursement to the TRUST for any and all costs not covered by said policies.

4. **THE BOARD OF TRUSTEES** is directly responsible for the management of this TRUST for the benefit of the BENEFICIARIES, and their first duty is to carry out this mandate* and that during the life of this TRUST, if any or all of the present TRUSTEES resign, retire, or die, or are removed for cause, that other TRUSTEES will be elected and appointed to fill the resulting vacancies on the BOARD OF TRUSTEES. SUCCESSOR TRUSTEES will preferably be selected from appropriate blood relatives or issues of the GRANTOR CREATOR of the CLARK C. TRUST, DAVID

C. CLARK.  The election of SUCCESSOR TRUSTEES will be made after careful verification that the candidate(s) is/ are of legal age, mentally competent and capable of understanding and directing the affairs of the TRUST and complying with the true thrust and purpose of said TRUST.

5. BANK RESOLUTION. On this date a BANK RESOLUTION MINUTE was prepared and executed by the BOARD OF TRUSTEES designating the Wells Fargo Bank at 39885 Paseo Padre Parkway, Fremont, California as one of the depositories of this TRUST. See Schedule B attached hereto.

6. THAT, pursuant to the DECLARATION OF TRUST, the BOARD OF TRUSTEES for good and sufficient reasons beneficial to this TRUST, hereby unanimously elects and appoints STEVEN R. SHALLENBERGER as EXECUTIVE TRUSTEE, and RUSSELL JACOBSEN  as TRUSTEE for the life of this TRUST.

6. At this, the SECOND MEETING of the BOARD OF TRUSTEES, it ws unanimously approved upon motion duly made and seconded that:

> A. **THE CLARK C. TRUST does hereby contract the serivces** of STEVEN R. SHALLENBERGER as EXECUTIVE TRUSTEE, and RUSSELL JACOBSEN as TRUSTEE, DAVID C. CLARK as AGENT TRUSTEE, and WENDY R. CLARK to be AGENT TRUSTEE of this TRUST. They shall be engaged as CONSULTANTS. The TRUST will contract the services of these TRUSTEES to perform duties as the TRUSTEES consider to be in the best interests of the TRUST and its BENEFICIARIES.

> B. **THE DUTIES AND RESPONSIBILITIES of the EXECUTIVE TRUSTEE(S)** shall include but not be limited:

> (a) **To manage the day-to-day business affairs of the TRUST** to the best of his/her/their ability, following the policies and direction of the BOARD OF TRUSTEES, including keeping on a current and an accurate basis all books of account, expedite, oversee and direct contracts as may be entered into by the TRUST, pay all bills on a current basis, and assiduously collect all receivables or other monies due the TRUST.

> (b) **To carry out all the instructions of the BOARD OF TRUSTEES** in an expeditious manner.

> (c) **To maintain this TRUST'S real and personal property** at a satisfactory level of maintenance and repair, contracting for such work as he/her/they consider necessary and advisable.

> C. RESPONSIBILITES OF THE TRUST ARE TO

> (a) **To provide a residence** for the TRUSTEES AND/OR AGENT TRUSTEES following the legal concept that the fair rental value of a residence which is maintained for the convenience of any EMPLOYER (THE TRUST) is generally considered not to be taxable. This TRUST (THE EMPLOYER) shall, for its convenience, provide and maintain adequate housing for the TRUSTEES whenever the TRUSTEES, or either of them are on official TRUST business.

> (b) **The TRUST shall furnish transportation** or reimburse the TRUSTEES for transportation costs incurred in the performance of their duties.

> (c) **This TRUST shall provide** at no cost to the TRUSTEES policies of Health Insurance, to furnish full Health Care, including services by Physicians, Medical, Dental and Chiropractic care and all other health care services, nursing home, hospital care, prescription drugs, and health care products as needed.

> (d) **Education Allowances** are hereby authorized by the BOARD OF TRUSTEES for the initial and ongoing training and education of the TRUSTEES in the proper manner and in the best interests of the TRUST and those of TRUSTEES and BENEFICIARIES in the management of the CLARK C. TRUST. The BOARD OF TRUSTEES shall approve participation in curriculum, seminars, courses of study from time to time as

necessary. And, to further assure continuing effective management of this TRUST, shall provide for the ongoing education of those who may qualify for future management of the TRUST, for the express purpose of training them, improving their skills, in order to provide continuity in management and increase the value and financial rating of this TRUST.

(e) **Incidental Expenses** of conducting the business of the TRUST will be reimbursed to the TRUSTEES incurring such expenses. This may be reimbursement with supporting vouchers or receipts, advance payments against future expenses, or payments for goods or services charged on credit cards or open account.

(d) **Remuneration** to the TRUSTEES shall be in the form of monthly, quarterly or annual payments for consulting services rendered by them or either of them, as mutually agreed upon between them and the BOARD OF TRUSTEES. Payments will be made against submittal of invoices or statements. Such fees for services shall be mutually agreed upon and shall be entered nto MINUTES of the official and appropriate MEETINGS of the BOARD OF TRUSTEES.

At this point in the meeting of the BOARD OF TRUSTEES the EXECUTIVE TRUSTEE, reported that the GRANTOR CREATOR of the CLARK C. TRUST to further clarify the PURPOSE OF THE TRUST, has caused to be created AN AMENDMENT to the DECLARATION OF TRUST and TRUST INDENTURE. Copies of said AMENDMENT were given to the TRUSTEES present. Upon motion made and seconded it was:

RESOLVED: To approve the AMENDMENT to the TRUST INDENTURE by the GRANTOR CREATOR and to pledge to carry out all the provisions of same as relating to the TRUSTEES and the BOARD OF TRUSTEES.

The EXECUTIVE TRUSTEE expressed his appreciation to the BOARD OF TRUSTEES for their support and direction.

There being no further business to be considered in the meeting, it was adjourned at 11:30 a.m. upon motion duly made and seconded and unanimously approved.

By _____    By _____
Steven R. Shallenberger, Executive Trustee    Russell Jacobsen, Trustee

By _____
Wendy R. Clark, Agent Trustee

_____

\* In a manner such as "to insure predominate consideration" for the welfare of beneficiares" (Bogert & Bogert's Law of Trusts: page 103, line 13).

# THE CLARK C. TRUST
### 41121 Kathlean Street
### Fremont, California 94538

The THIRD MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held January 10, 1989 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting.

THE EXECUTIVE TRUSTEE called the Meeting to order and reviewed pending items with the BOARD. He asked that in addition to the "STATEMENT OF PURPOSE" attached to MINUTES OF THE FIRST MEETING of the BOARD OF TRUSTEES, that after due consideration he recommends that the Minutes of this Meeting include a more specific PURPOSE OF THE TRUST.  Upon motion made and seconded it was therefore unanimously;

> "RESOLVED, that the purpose of this TRUST is to provide for the education and missions of the BENEFICIARIES, and to preserve the FAMILY forever, and to develop a CHRISTLIKE SPIRIT in the FAMILY in order that it be a shield and a protection from the negative influences of the world."

The EXECUTIVE TRUSTEE INFORMED THE TRUSTEES:

> 1.  That prior to recording the TRUST INSTRUMENT (DECLARATION OF TRUST), that the notarized signatures of DAVID C. CLARK and WENDY R. CLARK must be affixed to said TRUST INDENTURE document.

> 2.  That the contracted improvements and additions to the TRUST PROPERTY on Kathlean Street by the CONTRACTOR are proceeding satisfactorily per Agreement.

> 3.  That the decisions of the BOARD OF TRUSTEES continue to be implemented in a timely manner.

> 4.  The TRUSTEES recommended that to further the MISSION and the PURPOSES of this TRUST that because of his experience and ability, that STEVEN R. SHALLENBERGER be named EXECUTIVE TRUSTEE.

> 5.  AMENDMENT TO THE DECLARATION OF TRUST: The EXECUTIVE TRUSTEE circulated copies of the AMENDMENT TO THE DECLARATION OF TRUST by the GRANTOR-CREATOR of the CLARK C. TRUST and asked that a copy be included in the MINUTES OF THE BOARD OF TRUSTEES.

There being no further business to be considered at this meeting, it was unanimously voted to adjourn upon motion duly made and seconded, at 10:05 a.m.

By _____          By _____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee

## THE CLARK C. TRUST
### 41121 Kathlean Street
### Fremont, California 94538

The FOURTH MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held November 11, 1989 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting. The EXECUTIVE TRUSTEE called the Meeting to order and reported on the activities and progressof the TRUST as follows:

1. **I.R.S. Employer Identification Number.** Pursuant to notification dated August 17, 1989, the Internal Revenue Service has assigned Federal Identification Number 52-6410825 to the "CLAR KC. FAMILY TRUST"; that it would be necessary to proceed to correct the mistake in the name of the TRUST; that in order to facilitate the filing of the original SS-4 Form an interim TRUSTEE had inadvertently made the typographical error. (Copy attached to these MINUTES).

2. **Wells Fargo Securities Inc..** Promptly after receipt of the official tax identification number noted above, Wells Fargo Securities Inc. was notified by letter dated September 15, 1989 (Copy attached to these Minutes) that Account #77821658 should be changed from the CLARK C. FAMILY PARTNERSHIP to the CLARK C. TRUST to be effective January 1, 1989.

3. **Main Offices of the TRUST.** The contracted work on the Kathlean Street property of the TRUST has now been completed and the main offices of the TRUST are now fully adequate to the operational needs of the CLARK C. TRUST. For the information of the TRUSTEES present the EXECUTIVE TRUSTEE stated that the original DEED OF TRUST IN THE NAMES of DAVID C. CLARK and WENDY R. CLARK was RECORDED IN THE COUNTY RECORDER'S OFFICE JUNE 15, 1986, RECITING A MORTGAGE NOTE OF $106,500 held by the La Mesa Title Company as Trustee for Weestern Federal Savings and Loan Association (Copy Attached).

4. **Morgage Note on Kathlean Street Property.** It was necessary to remove asbestos from the offices of the TRUST at a cost of $500. He authorized this expenditure. The face value of the Mortgage against this property is $109,845 at 8% interest per annum, with monthly payments of $1049.74. These payments are current (Amortization Schedule is attached to these Minutes).

5. **Reconveyance.** As a matter of information to the BOARD OF TRUSTEES the EXECUTIVE TRUSTEE stated that the original first mortgage against the Kathlean Street property was held by WESTERN FEDERAL SAVINGS (Loan #1099094) which was paid in full by DAVID C. CLARK. (Evidenced by letter from the Lender dated April 27, 1989). The FULL RECONVEYANCE was executed April 27, 1989 by the LA MESA TITLE COMPANY, to be recorded in the County Recorder's Office within eight weeks from the date of the reconveyance. Final conveyance to this TRUST will be accomplished at the earliest possible date.

6. **Conveyance to the CLARK C. TRUST.** DAVID C. CLARK then announced that on the 4th day of October 1989 he and WENDY R. CLARK recorded the CONVEYANCE of the property located at 41121 Kathlean Street (Alameda County) California by a certain QUITCLAIM DEED, copy of which is appended to these Minutes. Further, that a Fire Insurance Policy has been obtained in the name of the TRUST.

7. **Direct Weatherization and Insulation Income.** Based on the percentage arrangement for income to accrue to the CLARK C. TRUST from AMERICAN SYNERGY CORPORATION OF CALIFORNIA for 1988 (see previous Agreement beteen these parties) the TRUST has received a total of $143,000. Of this total amount of income $99,000 was derived from Weatherization and $44,000 from Insulation projects.

8. **Gift to the CLARK C. TRUST.** The EXECUTIVE TRUSTEE reported receipt on behalf of the TRUST of an unrestricted gift, given without consideration, in the amount of $50,000 by DAVID G. CLARK, as well as $10,000 each for the benefit of TRUST BENEFICIARIES Rachel, Jordan, and Matthew Clark.

Minutes of the FOURTH MEEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST page 1 of 2

The EXECUTIVE TRUSTEE reported on the activities and operations of the TRUST and asked the TRUSTEES present to approve all the actions of the EXECUTIVE and other TRUSTEES to date. Upon motion duly made and seconded it was unanimously voted to approve all the aforesaid actions.

Upon motion duly made and seconded it was also unanimously voted to hold harmless the EXECUTIVE and other TRUSTEES from any and all exposure, risk or liability as a result of their actions or inactions from the date the TRUST was organized to the date of this Meeting.

Upon motion made and seconded, there being no further business to considered in this the FOURTH MEETING of the BOARD OF TRUSTEES, the meeting was adjourned at 11:30 a.m.

By_____    By_____
Steven R. Shallenberger, Executive Trustee    Russell Jacobsen, Trustee

and by_____
David C. Clark, Grantor-Creator

## THE CLARK C. TRUST
### 41121 Kathlean Street
### Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held March 15, 1990 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. He presented a brief report on 1989, the first year of the TRUST'S operations. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this ANNUAL MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES.'

STEVEN R. SHALLENBERGER, AS EXECUTIVE TRUSTEE informed the BOARD OF TRUSTEES that:

1. **Full Reconveyance of the Kathlean Street property** to DAVID C. CLARK and WENDY R. CLARK from the La MESA TITLE COMPANY was effected and recorded May 12, 1989 in the Alameda County Recorder's Office and was subsequently deeded by them to the CLARK C. TRUST as part of the CORPUS of that TRUST. He proposed to the BOARD OF TRUSTEES that provision be made for the TRUST to make further improvements, as needed, to this property which constitutes the main offices of this TRUST. It is provided as a residence for the TRUSTEES and AGENT TRUSTEES. DAVID C. CLARK AND WENDY R. CLARK, AGENT TRUSTEES have agreed to provide all necessary custodial and maintenance needs to the property; to keep it in good condition.

In the discussion which followed it was unanimously agreed upon motion duly made and seconded to approve additional improvements to this TRUST property, including but not limited to a future addition, as well as establishing a contingency reserve for major repairs in the future.

2. **Compensation to the TRUST**. No further services were contracted to AMERICAN SYNERGY CORPORATION OF CALIFORNIA and all payments have been made from the Corporation to the TRUST based upon the percentage of sales agreement for Weatheriation and Insulation.

3. **All necessary federal and state reports** have been prepared and filed for the TRUST and that the TRUST is in compliance with laws and regulations governing same.

4. **The terms and conditions of the present Contract** for Services between the TRUST and the EXECUTIVE and other TRUSTEES are acceptable and said contracts, verbal and/or written, are hereby renewed by the TRUSTEES until the March 1991 ANNUAL MEETING of the BOARD OF TRUSTEES. This was unanimously approved.

5. **The TRUSTEES approved annual compensation** of $600 each for STEVEN R. SHALLENBERGER, EXECUTIVE TRUSTEE, RUSSELL JACOBSEN, TRUSTEE and DAVID C. CLARK and WENDY R. CLARK, AGENT TRUSTEES.

6. **The EXECUTIVE SECRETARY stated** that all TRUST RECORDS and DOCUMENTS are current and that the basic purpose of the TRUST as described in the MINUTES of the FIRST MEETING of the BOARD OF TRUSTEES are being pursued. After motion made and seconded it was unanimously APPROVED to accept the Report by the EXECUTIVE TRUSTEE and the accounting for fiscal year 1989 gross sales and income. Total income was $170,826.

Minutes of the ANNUAL MEEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST page 1 of 2

The TRUSTEES do hereby approve and acknowledge necessary expenditures made by the TRUST in 1989 as detailed in the accounting records of the general business activities of the TRUST. They do hereby also approve and acknowledge that there was no distribution to this TRUST'S BENEFICIARIES and that the $11,708 of income pursuant to applicable Internal Revenue Services Codes and Regulations, be reported as taxable income of the TRUST. The following charitable distributions were APPROVED:

| | |
|---|---|
| 1. Church of Jesus Christ of Latter-day Saints - | 83,823. |
| 2. ZION ONE FOUNDATION - | 74,000. |
| 3. Other Donations | 1,145. |
| Total Charitable Distribution | $158,968 |

THE EXECUTIVE TRUSTEE noted that to reconcile the TRUST accounts it would be necessary to request the AMERICAN SYNERGY FINANCIAL COMPANY (t) A TRUST, to assign its 1989 BENEFICIARY DISBURSE-MENT of $585,000 to the ZION ONE FOUNDATION. The TRUSTEES present upon motion duly made and seconded unanimously approved this action  And, that no K-1 disbursement need be effected.

SUCCESSOR TRUSTEE(S).  THE EXECUTIVE TRUSTEE presented in nomination to be SUCCESSOR TRUST-EES, two individuals whom he believes would continue the purposes of the TRUST.  After discussion regarding the qualifications of the proposed SUCCESSOR TRUSTEES, and upon motion made and seconded it was unanimously:

'RESOLVED THAT, in event of the demise, or incapacity, or inability to perform DUTIES OF A TRUSTEE of any or all of the present TRUSTEES that SUCCESSOR TRUSTEES proposed herein, QUADE HANSEN and LEA RAE HANSEN be and are hereby elected and/or appointed and will provide TRUSTEE services and further the PURPOSES OF THE TRUST in case of such event happening.

"Further that they, the SUCCESSOR TRUSTEES shall in such event provide adequate funding for housing, food, clothing and health insurance for MATTHEW DAVID CLARK, RACHEL J. CLARK and JORDAN QUADE CLARK until the age of graduating all or either of them, with a Bachelor's Degree from a college or university, or they or either of them get married, whichever comes first. That the TRUST would strongly encourage the BENEFICIARIES after High School to be industrious in earning as much as they are capable of in order to provide funds for their missions and/or advanced schooling.  TRUSTEES also approve of and authorize MARK and JANET MENDENHALL to be named GUARDIAN TRUSTEES of the BENEFICIARIES named hereinabove and that they and above-named SUCCESSOR TRUSTEES are hereby charged to teach correct principles to the BENEFICIARIES to be self-sufficient and industrious. If the TRUST feels it to be appropriate it may provide each of the BENEFICIARIES funds or scholarships toward a Master's Degree or down payment for a house based on certain level of scholastic or work-related merits. The TRUST will also provide BENEFICIARIES with training in TRUST administration for their possible service as TRUSTEES, or any of them, upon reaching maturity."

There being no further business to come before this ANNUAL MEETING it was adjourned at 10:30 a.m.

By _____    By _____
Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

Minutes of the ANNUAL MEEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST page 2 of 2

RECORDING REQUESTED BY
THE CLARK C. TRUST
-AKA- CLARK C. FAMILY TRUST

AND WHEN RECORDED MAIL TO

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

COPY OF DOCUMENT RECORDED
JUN 27 1995     ASNO.
HAS NOT BEEN COMPARED WITH ORIGINAL
ALAMEDA COUNTY RECORDER

(Space for Recording)

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS.

This **SECOND DEED OF TRUST** made this the FIRST day of June 1995, between the CLARK C. TRUST, herein called TRUSTOR, and AMERICAN SYNERGY FINANCIAL COMPANY whose address is P.O. Box 964, Union City, California 94587, herein called TRUSTEE, and the AMERICAN SYNERGY COMPANY herein called BENEFICIARY,

WITNESSETH: That the TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO THE TRUSTEE IN-TRUST, WITH POWERS OF SALE, that property in Alameda County, California described as

Lot 43, in Block 3, as said lot and block are shown on the map of "Tract 175, Fremont Fields
Unit No. 5, City of Fremont, Alameda County, California", filed February 4, 1959, in book 39
of Maps, at Pages 46 and 47 in the Office of the County Recorder of Alameda County.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon the BENEFICIARY by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the purpose of Securing: 1. Performance of each Agreement of TRUSTOR incorporated or contained herein. 2. Payment of the indebtedness evidenced by one covenanted note of even date herewith and any extensions or renewals thereof, in the principal sum of $100,000.00 executed by TRUSTOR in favor of BENEFICIARY or order. 3. Payment of such further sums as the then record owner of said property may borrow from BENEFICIARY when evidenced by another note (or notes) reciting it is so secured. 4. TRUSTOR hereby affirms that there is existent a FIRST DEED OF TRUST, DATED MAY 1, 1993 AND DULY RECORDED in the Alameda County Recorder's Official Records in the amount of $227,645.00.

To Protect the Security of this Deed of Trust, TRUSTOR agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (12) to (14) included herein, to observe and perform said provisions, and that the references to property, obligations, and parties, in said provisions shall be construed to refer to the property, obligations, and parties set forth in thus Deed of Trust.

The undersigned TRUSTOR requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to it at its address hereinbefore set forth.

By _____ CO-EXEC. Trustee
STEVEN R. SHALLENBERGER, CO-EXECUTIVE TRUSTEE
THE CLARK C. TRUST, TRUSTOR,

ON ___6-13___ 1995, BEFORE ME Cynthia W. Williams PERSONALLY APPEARED STEVEN R. SHALLENBERGER, CO-EXECUTIVE TRUSTEE of the CLARK C. TRUST, personally known to me (or proven to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacities, and that by his signatures on the instrument, the person, or the entity upon behalf of which the person acted, has executed this instrument.

WITNESS my hand and official seal.

CYNTHIA W. WILLIAMS
NOTARY PUBLIC - STATE of UTAH
c/o FIRST COLONY MORTGAGE
1111 SOUTH OREM BLVD.
OREM, UTAH 84058
COMM. EXP. 1-12-98

Signature _Cynthia W. Williams_
Notary Public

## THE CLARK C. TRUST
### 41121 Kathlean Street
### Fremont, California 94538

The SIXTH MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held November 20, 1990 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting.

THE EXECUTIVE TRUSTEE called the Meeting to order and reported on the activities and progress of the TRUST as follows:

    1. **That the operations of the TRUST** are in accordance with the MISSION and STATEMENT OF PURPOSE of this TRUST.

    2. **Nomination of Additional TRUSTEES**. The TRUSTEES present discussed the advisability of nominating additional TRUSTEES for election and appointment to the CLARK C. TRUST. In the discussion which followed it was noted that until TRUST activities and operations become more extensive than they now are that the present TRUSTEES can handle all the affairs of the TRUST; that careful thought will have to be given to possible TRUSTEE candidates to be certain they share the PURPOSE and MISSION of the CLARK C. TRUST and are acceptable to the BOARD OF TRUSTEES.

    3. **Quarterly Reports**. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present, the TRUST'S monthly and quarterly operating statements for the quarter ending October 31, 1990, which were duly approved by the BOARD OF TRUSTEES.

    4. **TRUSTEE Liability**. The EXECUTIVE TRUSTEES and AGENT TRUSTEES reaffirmed their dedication to make come true the PURPOSE and MISSION of the TRUST. They noted that they perform the duties of their election and appointment as EXECUTIVE TRUSTEES and AGENT TRUSTEES with the specific under standing that they will not be personally liable for errors of either commission or ommission whether to the TRUST or to THIRD PARTIES.

There being no further business to come before the meeting it was duly adjourned at 10:00 a.m.

By_____    By_____
Steven R. Shallenberger, Executive Trustee    Russell Jacobsen, Trustee

Minutes of the SIXTH MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST  page 1 of 1

# ZION ONE CHARITABLE TRUST

*October 15, 1990*

*Clark C. Trust*
*Steven R. Shallenberger, Trustee*
*P.O. BOX 964*
*Union City, CA 94587*

*Zion One Foundation would like to thank you for your generous donation $262,582*
*for year 1990*
*With an increase of families and individuals seeking our help our need is ongoing. 100%*
*of your tax deductible contributions goes to 501 (3c) Charities. Your contribution is*
*deeply appreciated. Our Federal Tax ID # 52-681-7979.*

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held March 15, 1991 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. He presented a brief report on 1990 TRUST operations. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES and AGENT TRUSTEES on behalf of the CLARK C. TRUST from the 1990 ANNUAL MEETING of this TRUST to the date of this ANNUAL MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

STEVEN R. SHALLENBERGER, AS EXECUTIVE TRUSTEE proposed the following be approved by the BOARD OF TRUSTEES and upon motion duly made and seconded the TRUSTEES voted their unanimous approval:

1. **Kathlean Street Property.** The Kathlean Street property which was reconveyed to DAVID C. CLARK and WENDY R. CLARK from the LA MESA TITLE COMPANY May 12, 1989 and then conveyed by them to the CLARK C. TRUST as part of its CORPUS is proving to be a satisfactory residence for AGENT TRUSTEES and BENEFICIARIES of the TRUST. The BOARD OF TRUSTEES expressed appreciation to AGENT TRUSTEES DAVID C. CLARK and WENDY R. CLARK for their caretaking, custodial and management services of this TRUST'S headquarters. He further stated that plans are being considered for needed further improvements to the property, including but not limited to a future addition, as well as establishing contingency reserves for possible future major repairs.

2. **Compensation to the TRUST.** No further services were contracted to AMERICAN SYNERGY CORPORATION OF CALIFORNIA and all payments due and owing have been made from that CORPORATION to the TRUST.

3. **All necessary federal and state reports** have been prepared and filed for the TRUST and the TRUST is in compliance with the laws ad regulations governing same.

4. **Terms and conditions of present Contracts for Services** between the TRUST and EXECUTIVE and other TRUSTEES are hereby renewed, subject to review at each ANNUAL MEETING of this TRUST.

5. **The annual compensation** to the EXECUTIVE TRUSTEE and other TRUSTEES be $600 each.

6. **The EXECUTIVE TRUSTEE stated** that all TRUST DOCUMENTS and RECORDS are current and that the basic PURPOSES of the TRUST as described in the MINUTES of the FIRST MEETING of the BOARD OF TRUSTEES are being pursued.

7. **The EXECUTIVE TRUSTEE asked** the BOARD OF TRUSTEES to ratify the action taken by him on January 1, 1991 in which a straight note was issued to AMERICAN SYNERGY CORPORATION OF CALIFORNIA in the amount of $111,964. bearing interest at an 8% annual rate. Payments of $1,183.12 are to be made monthly, effective January 1, 1991. The note will have an effective date of January 1, 1991 and a maturity date of July 1, 2004. The existing note was cancelled and is replaced by this new note.

8. **An investment account** was opened with BENHAM CAPITAL on February 2, 1991. The appropriate

Minutes of the ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST  page 1 of 2

RESOLUTION has been executed and delivered to BENHAM CAPITAL. MINUTES of the Meetings of the BOARD OF TRUSTEES of the CLARK C. TRUST have been reviewed and found to be current and accurate. TRUSTEES serving on the BOARD OF TRUSTEES will continue to evidence their approval and acceptance of such MINUTES by affixing their signatures thereto.

7. The TRUSTEES present approved the charitable distribution by this TRUST to the CHARITABLE TRUST, ZION ONE FOUNDATION of $5,281 to be carried forward to the 1991 Fiscal Year.

8. APPROVAL OF REPORTING. After motion made and seconded it was unanimously APPROVED: "That, the REPORT by the EXECUTIVE TRUSTEE and accounting for fiscal year 1990 gross sales and income be accepted and approved. Total net income to the TRUST was $269,141. There was no taxable income. The following charitable distributions were made on Form 1041 to ZION ONE FOUNDATION, a CHARITABLE TRUST - $262,582.

There being no further business to come before this meeting it was upon motion made and seconded, adjourned at 11:15 a.m.

By _____    By _____
Steven R. Shallenberger, Executive Trustee    Russell Jacobsen, Trustee

Minutes of the ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST  page 2 of 2

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The SEVENTH MEETING of the Board of Trustees of the CLARK C. TRUST was held at 2829 Whipple Road, Union City, California, starting at 4:50 P.M. on June 15, 1991.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the TRUST QUARTERLY operating statements for the FIRST QUARTER.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

   "RESOLVED:  To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Review of SECOND QUARTER progress to date.

There being no further business, the Meeting was adjourned at 6:00 p.m.


By_____          By_____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee


Minutes of the SEVENTH MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

29B

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the Crown Room, Delta Airlines, Salt Lake City airport, starting at 4:50 P.M. on October 6, 1991.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the TRUST QUARTERLY operating statements for the THIRD QUARTER.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Review of THIRD QUARTER progress.

5. There is a need for continued training of the TRUSTEES.

There being no further business, the Meeting was adjourned at 6:10 p.m.

By _____          By _____
Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

# THE CLARK C. TRUST
### 41121 Kathlean Street
### Fremont, California 94538

The SEVENTH MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held June 15, 1991 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. He presented a brief report on the first year of TRUST operations. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and secondedthe following was unanimously APPROVED:

1. The EXECUTIVE TRUSTEE stated that the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the TRUST MONTHLY and QUARTERLY operating statements for the quarter ending March 31, 1991.

3. TRUSTEE Liability. upon motion made and seconded it was unanimously:

"RESOLVED:  To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this ANNUAL MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

There being no further business, the Meeting was adjourned at 10:00 a.m.

By _____        By _____
Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

# ZION ONE CHARITABLE TRUST

October 15, 1991

*Clark C. Trust*
*Steven R. Shallenberger, Trustee*
*P.O. BOX 964*
*Union City, CA 94587*

*Zion One Foundation would like to thank you for your generous donation $966,000*
*for year 1991*
*With an increase of families and individuals seeking our help our need is ongoing. 100%*
*of your tax deductible contributions goes to 501 (3c) Charities. Your contribution is*
*deeply appreciated. Our Federal Tax ID # 52-681-7979.*

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held March 5, 1992 at the above offices of the TRUST, starting at 9:00 a.m.. All the TRUSTEES were present at the Meeting.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. He presented a report on 1991 TRUST operations. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded the following was unanimously APPROVED:

DAVID G. CLARK, EXECUTIVE TRUSTEE reported that the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST and that:

    1. **CLARK C. TRUST documents and Minutes** of BOARD OF TRUSTEE meetings have been reviewed and found to be in good order. He asked that TRUSTEES continue to evidence their approval of the MINUTES of BOARD OF TRUSTEES Meetings by affixing their signatures to each set of MINUTES.

    2. **The terms and conditions of present Contracts for Services** between the TRUST and the EXECUTIVE and other TRUSTEES are to be continued in force and reviewed at each ANNUAL MEETING. The following resolution was unanimously adopted.

    "RESOLVED: to approve all the actions taken by the EXECUTIVE TRUSTEES and other TRUSTEES on behalf of the CLARK C. TRUST during the previous period and to renew and extend the existing Contract for Services agreements with the EXECUTIVE and other TRUSTEES and AGENT TRUSTEES active in the operation of the TRUST. Also, that this Agreement does specifically exempt all aforementioned TRUSTEES from any and all liabilities as they utilize their best efforts to further the affairs of the TRUST, and that this same assurance does hereby extend to ALL TRUSTEES.

    3. **That the arrangement with BENHAM CAPITAL** is productive and the shares balance was $36,000 as of February 6, 1992.

    5. **Agent Trustees.** The EXECUTIVE TRUSTEE stated that in his opinion it would further the interests of the TRUST to appoint RUSSELL JACOBSEN, CPA to be, as well as TRUSTEE, AGENT TRUSTEE of this TRUST. Upon motion duly made and seconded this action was unanimously approved. Mr. JACOBSEN will be responsible for preparing and filing tax and other reports required by federal and state government agencies.

    6. **Approval of Reporting.** After motion made and seconded, the REPORT by the EXECUTIVE TRUSTEE and accounting for fiscal year 1991 gross sales and income was unanimously APPROVED. Total net income was $987,323. This represents the total annual income of the TRUST for this period. There was no taxable income. Charitable distribution was made to ZION ONE FOUNDATION of $966,000.

The BOARD OF TRUSTEES expressed appreciation for the efforts of THE TRUSTEES in guiding and directing the affairs of the TRUST during the past several years and thanked them for remaining as members of the BOARD OF TRUSTEES.

The EXECUTIVE TRUSTEE reported that a letter of acceptance has been received from QUADE P. HANSEN to be a SUCCESSOR TRUSTEE of the CLARK C. TRUST. Copy of this letter and letter of appointment dated March 4, 1992 are attached to these Minutes. LEA RAE HANSEN has also accepted her appointment as SUCCESSOR TRUSTEE.

Minutes of the ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST    page 1 of 2

Ther being no further business, the meeting was upon motion made and seconded, adjourned at 11:15 a.m.


By _____        By _____
Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the Crown Room, Delta Airlines, Salt Lake City, Utah airport starting at 4:50 P.M. on July 28, 1992.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the TRUST QUARTERLY operating statements for the quarter ending June 30, 1992.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

   "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. In answer to a question by one of the TRUSTEES present, it was affirmed that there would be ongoing TRUSTEE training. Mr. Shallenberger to create a leadership training program using the Covey model.

There being no further business, the Meeting was adjourned at 6:00 p.m.

By _____          By _____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee

Minutes of the SEVENTH MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

32B

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

A SPECIAL MEETING of the Board of Trustees of the CLARK C. TRUST was held at trust headquarters, 41121 Kathlean Street, Fremont, California at 4:00 P.M. on August 7, 1992.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present.

The EXECUTIVE TRUSTEE stated that this is not a Regular Quarterly Meeting of the Board of Trustees, but felt it necessary and timely to hold this Special Meeting to discuss certain specific items for discussion:

(1) Possible ways to protect real estate in the corpus of THIS TRUST from third party attack. One suggestion was to induce a third party, non-related, to loan funds to THIS TRUST from time to time, with a Deed of Trust as security. No action was taken.

(2) Possible creation of mini-trusts to hold Clark children Beneficial Interests, instead of their being Beneficiaries of THIS TRUST. After discussion it was determined that the efforts and costs of maintaining such trusts would outweigh any perceived value. No action taken.

(3) Importance of careful Minutes of official Board of Trustee's meetings was stressed by the EXECUTIVE TRUSTEE. The TRUSTEES expressed their appreciation for the good work accomplished to date.

There being no further business, the Meeting was adjourned at 5:00 p.m.


By _____          By _____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee


**Special Meeting of the Board of Trustees of the Clark C. Trust 1 of 1**

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

A SPECIAL MEETING of the Board of Trustees of the CLARK C. TRUST was held at the main offices of THIS TRUST, 41121 Kathlean Street, Fremont, California , tarting at 9:00 a.m. on September 16, 1992. All members of the Board of Trustees were present.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present.

The EXECUTIVE TRUSTEE stated that there exists a possibility of adverse filing of a frivolous *lis pendens* by a third party on real estate owned by THIS TRUST. Ways were discussed to encumber and minimize equity on trust headquarters to discourage attack. EXECUTIVE TRUSTEE will pursue this.

The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, it was unanimously agreed that the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

There being no further business, the Meeting was adjourned at 10:00 a.m.

By_____          By_____
Steven N. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee

Minutes of the SPECIAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST     page 1 of 1

32D

## THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the offices of the Deseret Inn, Salt Lake City, Utah, starting at 3:30 p. m. on October 6, 1992. All members of the Board of Trustees were present.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the THIRD QUARTER.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Regarding the possibility of adverse filing of a frivolous *lis pendens* by a third party on real estate owned by THIS TRUST, the EXECUTIVE TRUSTEE stated that the equity of trust headquarters has been encumbered and that this should dissuade any attack by third parties.

5. Agent Trustees and Advisors will be given additional responsibilities. Trustees were requested to pursue further education on trust direction and operation. Notes will placed in trust files for reference.

There being no further business, the Meeting was adjourned at 4:40 p.m.

By_____
Steven R. Shallenberger, Executive Trustee

By_____
Russell Jacobsen, Trustee

# ZION ONE CHARITABLE TRUST

October 15, 1992

Clark C. Trust
Steven R. Shallenberger, Trustee
P.O. BOX 964
Union City, CA 94587

Zion One Foundation would like to thank you for your generous donation $744,000
for year 1992

With an increase of families and individuals seeking our help our need is ongoing. 100%
of your tax deductible contributions goes to 501 (3c) Charities. Your contribution is
deeply appreciated. Our Federal Tax ID # 52-681-7979.

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at Pajaro Dunes, Watsonville, California, starting at 1:30 p.m. February 12, 1993. All members of the Board of Trustees were present.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST. Operational challenges were discussed.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the FOURTH QUARTER 1992.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Further to previous Minutes that Trustees were requested to pursue further education on trust direction and operation, Mr. Shallenberger taught the TRUSTEES from the *Seven Habits* of Covey Leadership.

There being no further business, the Meeting was adjourned at 2:30 p.m.


By_____                    By_____
Steven R. Shallenberger, Executive Trustee     Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

32F

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the Deseret Inn, Salt Lake City, Utah, starting at 1:30 p.m. April 12, 1993.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the FIRST QUARTER 1993.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Further to previous Minutes that Trustees were requested to pursue further education on trust direction and operation, Mr. Shallenberger taught from the Seven Habits of Covey Leadership.

5. The EXECUTIVE TRUSTEE stated that a meeting was held with Harvey Glade, President of Deseret Trust Company, owned by the Church of Jesus Christ of Latter-day Saints, concerning the possibility that Deseret Trust Company might consider being appointed Successor Trustee, to further the purposes of THIS TRUST.

There being no further business, the Meeting was adjourned at 3:00 p.m.

By _____          By _____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST        page 1 of 1

## THE CLARK C. TRUST
### 41121 Kathlean Street
### Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held April 26, 1993 at the above offices of the TRUST, starting at 9:00 a.m.. All of the TRUSTEES were present at the Meeting. The EXECUTIVE TRUSTEE, STEVEN R. SHALLENBERGER called the Meeting to order and noted that all TRUSTEES were present

The EXECUTIVE TRUSTEE presented a report on 1992 TRUST operations. The TRUSTEES expressed their appreciation for the good work accomplished and upon motion made and seconded it was unanimously:

> 'RESOLVED: That the BOARD OF TRUSTEE hereby approves all actions taken by the EXECUTIVE TRUSTEES and other TRUSTEES providing contract services to this TRUST during the past fiscal year. The various Contracts for Services are hereby extended under the same terms and conditions of previous years. And, that the BOARD OF TRUSTEES does hereby specifically exempt and exclude the above-mentioned TRUSTEES, all or either of them, from any and all liabilities as they utilize their best efforts to further the affairs of this TRUST."

THE EXECUTIVE TRUSTEE asked that certain action items be approved and upon motion duly made and seconded all TRUSTEES present voted to approve the following:

1. **CLARK C. TRUST documents and records,** and Minutes of BOARD OF TRUSTEES meetings have been reviewed and found to be in good order. TRUSTEES will continue to evidence their approval of the MINUTES of BOARD OF TRUSTEES MEETINGS by affixing their signatures to each set of MINUTES.

2. **CERTIFICATES OF BENEFICIAL INTEREST.** GRANTOR CREATOR of the CLARK C. TRUST, DAVID C. CLARK was present at his request and proposed to the BOARD OF TRUSTEES that to further the purposes of the TRUST as stated in MINUTES of the FIRST MEETING of the BOARD OF TRUSTEES, that the BOARD accept for cancellation CERTIFICATES OF BENEFICIAL INTEREST, CERTIFICATES NOS. 4, 5, and 6, FOR 33 UNITS each to Jordan, Rachel and Matthew Clark. Due to the birth of ANDREW CLARK April 11, 1992, he should be named an equal BENEFICIARY to those aforementioned.

Pursuant to this need to further the PURPOSE of this TRUST, said CERTIFICATES were accepted for cancellation and at the request of the GRANTOR CREATOR, CERTIFICATES OF BENEFICIAL INTEREST were issued as follows:

| Certificate No. | Units | Beneficiary |
|---|---|---|
| Certificate No. 7 | 1.00 | Zion One Foundation |
| Certificate No. 8 | 24.75 | Matthew Clark |
| Certificate No. 9 | 24.75 | Rachel Clark |
| Certificate No. 10 | 24.75 | Jordan Clark |
| Certificate No. 11 | 24.75 | Andrew Clark |
| Total of | 100.00 Units | |

3. **Status of Kathlean Street Property - Trust Headquarters.** THE EXECUTIVE TRUSTEE stated that the BOARD OF TRUSTEES previously approved an addition to this TRUST property; that the proposed addition would cost an estimated $50,000. Other improvements and landscaping of the property will cost $25,000. Further, that this work will

be contracted to the AMERICAN SYNERGY CORPORATION OF CALIFORNIA under the same terms and conditions of previous contract work; that the exposure to that COMPANY is substantial.

This TRUST also wishes to establish a reserve as authorized previously by the BOARD OF TRUSTEES for future major repairs and maintenance, including but not limited to roof repair and replacement, annual repair, painting and general maintenance for which an additional credit of $23,000 will be needed by the TRUST. The existing debt and total obligation of the TRUST to the COMPANY is $129,645. The total commitment to be made by the TRUST and AMERICAN SYNERGY CORPORATION OF CALIFORNIA will be as follows:

| Amounts Now Owed the Company | - | $129,645 |
| Authorized Addition to the Property | - | 50,000 |
| Authorized Line of Credit for Landscaping | - | 25,000 |
| Authorized Credit for Future Maintenance | - | 23,000 |
| Total Owed and Committed | | $227,645 |

Of this total amount $129,645 is owed for past improvements to the main offices of the TRUST and is being paid on a certain Promissory Straight Note with interest at 8% per annum, maturing in 2004. It was noted that in order to induce AMERICAN SYNERGY CORPORATION OF CALIFORNIA to carry this debt plus the additional commitments noted hereinabove that additional collateral and/or guarantees would be required from this TRUST.

Therefore, after discussion and upon motion made and seconded, it was unanimously

"RESOLVED: THAT, the CLARK C. TRUST immediately grant a first deed of trust to the AMERICAN SYNERGY FINANCIAL COMPANY (t) A TRUST as additional security, and that this instrument be duly recorded. The total amount of the first trust deed to be $227,645. This trust deed will remain in force until all obligations have been met and terms and conditions fulfilled, or unless modified or satisfied by mutual consent of the parties in a written instrument."

4. **Approval of Reporting.** After motion made and seconded, the REPORT by the EXECUTIVE TRUSTEE and accounting for the previous fiscal year gross sales and income was unanimously APPROVED. Total net income was $705,758. This represents the total annual income of the TRUST for this period. There was no taxable income. Charitable distribution was made on Form 1041 to ZION ONE FOUNDATION of $744,000. There being no further business the meeting was adjourned at 11:00 a.m.

By_____   By_____
Steven R. Shallenberger, Executive Trustee    Russell Jacobsen, Trustee

and by the GRANTOR CREATOR

_____
David C. Clark, Grantor Creator

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

A SPECIAL MEETING of the Board of Trustees of the CLARK C. TRUST was held at the main offices of the TRUST at 41121, Kathlean Street, Fremont, California, starting at 4:30 p.m. May 20, 1993.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

3. Further to previous Minutes that Trustees were requested to pursue further education on trust direction and operation, it was noted that a TRUSTEE and an AGENT TRUSTEE attended a trust workshop, in which there was a review of applicable IRS Codes and Regulations. Upon motion made and seconded it was unanimously:

> "RESOLVED: THAT, every effort should be made to comply with IRS Codes and Regulations applicable to THIS TRUST, and to search out experts to help in this regard."

4. Financial statements of THIS TRUST were carefully reviewed by the TRUSTEES present and found to be in order.

There being no further business, the Meeting was adjourned at 5:30 p.m.


By _____          By _____
Steven R. Shallenberger, Executive Trustee     Russell Jacobsen, Trustee

34B

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the at the Deseret Inn, Salt Lake City, Utah, starting at 4:30 p.m. August 5, 1993.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

3. Financial statements of THIS TRUST were carefully reviewed by the TRUSTEES present and found to be in order.

There being no further business, the Meeting was adjourned at 5:30 p.m.

By _____          By _____
Steven R. Shallenberger, Executive Trustee       Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST       page 1 of 1

34C

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the Deseret Inn, Salt Lake City, Utah, starting at 5:30 p.m. October 8, 1993.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the THIRD QUARTER 1993.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

5. Documents and records have been examined by the TRUSTEES and found to be in good order.

6. The TRUST Minute Book was examined and found to be current.

There being no further business, the Meeting was adjourned at 6:45 p.m.

By _____
Steven R. Shallenberger, Executive Trustee

By _____
Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST    page 1 of 1

# ZION ONE CHARITABLE TRUST

*October 15, 1993*

*Clark C. Trust*
*Steven R. Shallenberger, Trustee*
*P.O. BOX 964*
*Union City, CA 94587*

*Zion One Foundation would like to thank you for your generous donation  $541,062*
*for year 1993*

*With an increase of families and individuals seeking our help our need is ongoing.  100%*
*of your tax deductible contributions goes to 501 (3c) Charities.  Your contribution is*
*deeply appreciated.  Our Federal Tax ID # 52-681-7979.*

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held April 10, 1994 at the above offices of the TRUST, starting at 9:00 a.m.. All of the TRUSTEES were present at the Meeting. The EXECUTIVE TRUSTEE, STEVEN R. SHALLENBERGER called the Meeting to order and noted that all TRUSTEES were present
.

The EXECUTIVE TRUSTEE presented a report on 1993 TRUST operations. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded it was unanimously:

> 'RESOLVED: That the BOARD OF TRUSTEE hereby approves all actions taken by the EXECUTIVE TRUSTEES and other TRUSTEES providing contract services to this TRUST during the past fiscal year. The various Contracts for Services are hereby extended under the same terms and conditions of previous years. And, that the BOARD OF TRUSTEES does hereby specifically exempt and exclude the above-mentioned TRUSTEES, all or either of them, from any and all liabilities as they utilize their best efforts to further the affairs of this TRUST."

THE CO-EXECUTIVE TRUSTEE asked that the certain action items be approved and upon motion duly made and seconded all TRUSTEES present voted to approve the following

1.  **CLARK C. TRUST documents and records**, and Minutes of BOARD OF TRUSTEES meetings have been reviewed and found to be in good order. TRUSTEES will continue to evidence their approval of the MINUTES of BOARD OF TRUSTEES MEETINGS by affixing their signatures to each set of MINUTES.

6.  **Approval of Reporting**. After motion made and seconded, the REPORT by the EXECUTIVE TRUSTEE and accounting for previous fiscal year gross sales and income was unanimously APPROVED. Total net income was $563,296. This represents the total annual income of the TRUST for this period. There was no taxable income. Charitable distribution was made on Form 1041 to ZION ONE FOUNDATION of $541,062.

There being no further business the meeting was adjourned at 11:10 a.m.

By_____     By_____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee

35A

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST met at a suite in the Hotel Harrah, Laughlin, Nevada, February 24, 1994, starting at 3:30 P.M.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the FOURTH QUARTER 1993.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. A TRUSTEE leadership training session followed, stressing the princples of leadership of the Covey organization.

There being no further business, the Meeting was adjourned at 4:30 p.m.


By_____          By_____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

35B

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the offices of THIS TRUST, 41121 Kathlean Street, Fremont, California starting at 3:30 p.m. April 8, 1994.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the FIRST QUARTER 1994.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. In answer to question, it was affirmed that contractual relationships are in good order and continue to be advantageous to THIS TRUST.

There being no further business, the Meeting was adjourned at 4:40 p.m.

By _____
Steven R. Shallenberger, Executive Trustee

By _____
Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST        page 1 of 1

35C

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at trust headquarters, 41121 Kathlean Street, Fremont, California , starting at 3:30 p.m. July 19, 1994.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the SECOND QUARTER 1994.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. It was noted for the record that the TRUST continues to enjoy good income, in spite of market changes.

There being no further business, the Meeting was adjourned at 5:30 p.m.

By_____
Steven R. Shallenberger, Executive Trustee

By_____
Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST        page 1 of 1

35D

# THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the offices of the Deseret Inn, Salt Lake City, Utah, starting at 3:30 p.m. October 3, 1994.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the THIRD QUARTER 1994.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. In answer to a question as to whether the TRUST BENEFICIARIES should receive a distribution, it was unanimously:

> "RESOLVED: That, inasmuch as the Clark children are the primary beneficiaries of THIS TRUST, and given the fact that they are minors, and their needs met by their parents, that no such distribution is contemplated at this time."

There being no further business, the Meeting was adjourned at 5:30 p.m.


By _____
Steven R. Shallenberger, Executive Trustee

By _____
Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

# BANK RESOLUTION
## of the
## CLARK C. TRUST

In a Special Meeting of the Board of Trustees of the CLARK C. TRUST, it was proposed that a Minute of Bank Resolution be executed and entered into this TRUST'S Minutes, and upon motion made, duly seconded and carried, it was:

RESOLVED, That the BANK OF THE WEST (hereinafter referred to as the "Bank") be and hereby is designated as a depository of this TRUST, the CLARK C. TRUST, and that the TRUSTEES and AGENT TRUSTEES of this TRUST be and hereby are, and each of them hereby is, authorized to deposit any of the funds of this TRUST in said Bank, either the head office or at any of its branches.

RESOLVED, That, until the further order of this Board of Trustees, any funds of this Board of Trustees deposited in said Bank be subject to withdrawal or charge at any time and from time to time upon checks, notes, drafts, bills of exchange, acceptances, undertakings, or other instruments or orders for the payment of money when made, signed, drawn, accepted or endorsed on behalf of this TRUST by any two of the following: EXECUTIVE TRUSTEE, SECRETARY TRUSTEE and AGENT TRUSTEE.

RESOLVED, That the Bank is hereby authorized to pay any such instrument or make any such charge and also to receive the same from the payee or any other holder without inquiry as to the circumstances of issue or the disposition of the proceeds even if drawn to the individual order of any signing person, or payable to said Bank or others for his account, or tendered in payment of his individual obligation, and whether drawn against an account in the name of this TRUST or in the name of any TRUSTEE or AGENT TRUSTEE of this TRUST as such.

Upon motion duly made, seconded and carried, it was RESOLVED, That any two of the following: the EXECUTIVE TRUSTEE, SECRETARY TRUSTEE OR AGENT TRUSTEE are hereby authorized on behalf of this TRUST:

1.    To borrow money and to obtain credit for this TRUST from the Bank on any terms and to make and deliver notes, drafts, acceptances, instruments of guaranty, agreements and any other obligations of this TRUST therefor in form satisfactory to the Bank.

2.    To pledge or assign and as security for money borrowed or credit obtained, stocks, bonds, bills receivable, accounts, mortgages, merchandise, bills-of-lading, warehouse receipts, insurance policies, certificates, held by or belonging to this TRUST with full authority and any other property with full authority to assign, or guarantee the same in the name of this TRUST.

3.    To discount any bills receivable or any paper held by this TRUST with full authority to endorse the same in the name of this TRUST.

4.    To withdraw from the Bank and give receipt for, or to authorize the Bank to deliver to bearer or to one or more designated persons, all or any documents and securities or other property held by it, whether held as collateral security or for safekeeping or for any other purpose.

5.    To authorize and request the Bank to purchase or sell for account of the TRUST stocks, bonds and other securities, and

6.    To execute and deliver all instruments required by the Bank in connection with any of the foregoing matters and affix thereto the seal of this TRUST.

# ZION ONE CHARITABLE TRUST

*October 15, 1994*

*Clark C. Trust*
*Steven R. Shallenberger, Trustee*
*P.O. BOX 964*
*Union City, CA 94587*

*Zion One Foundation would like to thank you for your generous donation  $362,014*
*for year 1994*

*With an increase of families and individuals seeking our help our need is ongoing.  100%*
*of your tax deductible contributions goes to 501 (3c) Charities.  Your contribution is*
*deeply appreciated.  Our Federal Tax ID # 52-681-7979.*

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held April 7, 1995 at the above offices of the TRUST, starting at 9:00 a.m.. All of the TRUSTEES were present at the Meeting.

The EXECUTIVE TRUSTEE, STEVEN R. SHALLENBERGER  called the Meeting to order and noted that all TRUSTEES were present.

The EXECUTIVE TRUSTEE presented a  report on 1994  TRUST operations. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded it was unanimously:

> 'RESOLVED: That the BOARD OF TRUSTEE hereby approves all actions taken by the EXECUTIVE
> TRUSTEES and other TRUSTEES providing contract services to this TRUST during the past fiscal year.
> The various Contracts for Services are hereby extended under the same terms and conditions of previous years.
> And, that the BOARD OF TRUSTEES does hereby specifically exempt and exclude the above-mentioned
> TRUSTEES, all or either of them, from any and all liabilities as they utilize their best efforts to further the affairs
> of this TRUST."

DAVID C. CLARK, AGENT TRUSTEE reported that charitable distributions from THIS TRUST to ZION ONE FOUNDATION have and are being properly handled and that the assets of that CHARITABLE TRUST have increased substantially; further that their TRUST ADVISOR has been an important factor in this asset growth through careful investments, in consultation from time to time with the AGENT TRUSTEE and other TRUSTEES.  He recommended to the TRUSTEES of THIS TRUST that, in order to enhance the value of TRUST HEADQUARTERS, an additional approximately 1,000 square feet of building area be added to the existing structure. After discussion, upon motion duly made and seconded, it was unanimously:

> "RESOLVED: THAT, to enhance the value of the property at 41121 Kathlean Street, and to provide
> additional living and working space for the TRUSTEES, AGENT TRUSTEES and BENEFICIARIES
> of the CLARK C. TRUST, that certain additions be auhorized for immediate construction. And, that
> the architectural drawings be approved to remodel, expand and add up to 1,000 square feet of living
> area at an estimated cost of $100,000. And, further, that AMERICAN SYNERGY ~~CORPORATION~~ Company ee
> ~~OF CALIFORNIA~~ be contracted to do this work.  And, that that Company has agreed to accept in
> payment a promissory note of THIS TRUST at 8% per annum interest, principal and interest due and
> payable thirty (30) years from June 1, 1995. Also, that a second deed of trust be recorded by the
> Company as security for this work."

THE EXECUTIVE TRUSTEE  stated that a copy of the Promissory Note will be attached to the Minutes of this MEETING OF THE BOARD of TRUSTEES. he then asked that certain other action items be approved and upon motion duly made and seconded all TRUSTEES present voted to approve the following

1.  **CLARK C. TRUST documents and records**, and Minutes of BOARD OF TRUSTEES meetings have been reviewed and found to be in good order. TRUSTEES will continue to evidence their approval of the MINUTES of BOARD OF TRUSTEES MEETINGS by affixing their signatures to each set of MINUTES.

6.  **Approval of Reporting**.  After motion made and seconded, the REPORT by the EXECUTIVE TRUSTEE and accounting for previous fiscal year gross sales and income was unanimously APPROVED.  Total net income was approximately $404,802.  This represents the total annual income of the TRUST for this period. There was no taxable income.  Charitable distribution was made on Form 1041 to ZION ONE FOUNDATION of $362,014.          .

There being no further business the meeting was adjourned at 11:10 a.m.

By_____          By_____
Steven R. Shallenberger, Executive Trustee       Russell Jacobsen, Trustee

By_____
David C. Clark, Agent Trustee

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at trust headquarters, 41121 Kathlean Street, Fremont, California, starting at 4:30 p.m. July 19, 1995

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST QUARTERLY operating report for the FOURTH QUARTER 1994.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. The EXECUTIVE TRUSTEE reported that the GRANTOR /CREATOR is preparing Amendments to the Trust Indenture, in order to assist the TRUSTEES in compliance with I.R.S. codes and regulations, as a matter of priority.

There being no further business, the Meeting was adjourned at 5:40 p.m.

By_____     By_____
Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST        page 1 of 1

37B

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at trust headquarters, 41121 Kathlean Street, Fremont, California, starting at 3:30 p.m. October 27, 1995.

The EXECUTIVE TRUSTEE welcomed David G. Clark as an invited guest, since he just returned from his three years of voluntary service for the Church of Jesus Christ of Latter-day Saints, as Temple President in Santiago, Chile.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST operating report for the THIRD QUARTER .

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED:  To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

There being no further business, the Meeting was adjourned at 4:30 p.m.

By _____          By _____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

# ZION ONE CHARITABLE TRUST

October 15, 1995

Clark C. Trust
Steven R. Shallenberger, Trustee
P.O. BOX 964
Union City, CA 94587

Zion One Foundation would like to thank you for your generous donation $786,736
for year 1995

With an increase of families and individuals seeking our help our need is ongoing. 100%
of your tax deductible contributions goes to 501 (3c) Charities. Your contribution is
deeply appreciated. Our Federal Tax ID # 52-681-7979.

37C

# THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at trust headquarters, 41121 Kathlean Street, Fremont, California, starting at 4:30 p.m. February 29, 1996 All members of the Board of Trustees were present.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST operating report for the FOURTH QUARTER 1995.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

"RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. THE EXECUTIVE TRUSTEE noted that there are market changes which might affect the income of THIS TRUST, but the situation is favorable at present.

There being no further business, the Meeting was adjourned at 5:45 p.m.


By_____
Steven R. Shallenberger, Executive Trustee

By_____
Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST        page 1 of 1

# THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held April 15, 1996 at the above offices of the TRUST, starting at 9:00 a.m.. All of the TRUSTEES were present at the Meeting. The EXECUTIVE TRUSTEEcalled the Meeting to order and noted that all TRUSTEES were present.

The EXECUTIVE TRUSTEE presented a report on TRUST operations. for the previous fiscal year  The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded it was unanimously:

> 'RESOLVED: That the BOARD OF TRUSTEE hereby approves all actions taken by the EXECUTIVE TRUSTEES and other TRUSTEES providing contract services to this TRUST during the past fiscal year. The various Contracts for Services are hereby extended under the same terms and conditions of previous years. And, that the BOARD OF TRUSTEES does hereby specifically exempt and exclude the above-mentioned TRUSTEES, all or either of them, from any and all liabilities as they utilize their best efforts to further the affairs of this TRUST."

It was reported that charitable distributions from THIS TRUST to ZION ONE FOUNDATION have and are being properly made, and that the assets of that CHARITABLE TRUST have increased substantially; further that their TRUST ADVISOR has been an important factor in this asset growth through careful investments, in consultation from time to time with the AGENT TRUSTEE and other TRUSTEES.

THE EXECUTIVE TRUSTEE  stated that a copy of the Promissory Note will be attached to the Minutes of this MEETING OF THE BOARD of TRUSTEES. he then asked that certain other action items be approved and upon motion duly made and seconded all TRUSTEES present voted to approve the following

1. **CLARK C. TRUST documents and records**, and Minutes of BOARD OF TRUSTEES meetings have been reviewed and found to be in good order. TRUSTEES will continue to evidence their approval of the MINUTES of BOARD OF TRUSTEES MEETINGS by affixing their signatures to each set of MINUTES.

2. **Approval of Reporting.** After motion made and seconded, the REPORT by the EXECUTIVE TRUSTEE and accounting for previous fiscal year gross sales and income was unanimously APPROVED.  Total net income was approximately $570,545.  This represents the total annual income of the TRUST for this period. There was no taxable income. Charitable distribution was made on Form 1041 to ZION ONE FOUNDATION of $786,736. There being no further business the meeting was adjourned at 11:10 a.m.

By_____
Steven R. Shallenberger, Executive Trustee

By_____
Russell Jacobsen, Trustee

ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST  page 1of 1

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the offices of Deseret Inn, Salt Lake City, Utah, starting at 3:30 p.m. July 26, 1996 All members of the Board of Trustees were present.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST operating report for the FIRST QUARTER .

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

There being no further business, the Meeting was adjourned at 4:30 p.m.


By_____          By_____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

38B

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at the offices of Deseret Inn, Salt Lake City, Utah, starting at 3:30 p.m. September 3, 1996 All members of the Board of Trustees were present.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST operating report for the SECOND QUARTER .

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

There being no further business, the Meeting was adjourned at 4:30 p.m.

By _____
Steven R. Shallenberger, Executive Trustee

By _____
Russell Jacobsen, Trustee

Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

38C

### THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

A SPECIAL MEETING of the Board of Trustees of the CLARK C. TRUST was held at the Best Western Hotel, Longview, Texas starting at 6:30 p.m. September 24, 1996.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. He further noted that the GRANTOR/CREATOR, David C. Clark was attending THIS MEETING as an invited guest.

Mr. Clark was invited to address the meeting. He thanked the TRUSTEES for the good work accomplished to date in operations of THIS TRUST, and for the TRUSTEES' willingness to learn, as evidenced by their attendance at the TRUST WORKSHOP today directed by Mr. Lou Bass of GeneSystems, Longview, Texas. He stated that as GRANTOR/CREATOR, he has prepared an AMENDMENT to the TRUST INDENTURE, copy of which he circulated to the TRUSTEES present.

After a brief discussion, and upon motion made and duly seconded, the following was unanimously APPROVED: To include a full copy of the AMENDMENT in the Minute Book for THIS TRUST, and proceed to the implementation of the terms therein.

The TRUSTEES expressed their appreciation for the action of the GRANTOR/CREATOR in creating an AMENDMENT which will cause the TRUST to more adequately fulfill the MISSION and PURPOSE of the TRUST.

TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this SPECIAL MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

There being no further business, the Meeting was adjourned at 9:00 p.m.

By_____            By_____
Steven R. Shallenberger, Executive Trustee        Russell Jacobsen, Trustee

## THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at trust headquarters, 41121 Kathlean Street, Fremont, California, starting at 4:30 p.m. October 28, 1996.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST operating report for the THIRD QUARTER.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. THE EXECUTIVE TRUSTEE reviewed the September 26, 1996 AMENDMENT to the TRUST INDENTURE of THIS TRUST. He stated that it was as specific as possible, to further the MISSION and PURPOSE of THE TRUST.

There being no further business, the Meeting was adjourned at 5:30 p.m.


By _____          By _____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

38E

**THE CLARK C. TRUST**
41121 Kathlean Street
Fremont, California 94538

The QUARTERLY MEETING of the Board of Trustees of the CLARK C. TRUST was held at Palm Springs, California, starting at 1:30 p.m. February 14, 1997.

The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded, the following was unanimously APPROVED:

1. That the operations of the TRUST are in accordance with the MISSION and PURPOSE of the TRUST.

2. Quarterly Report. The EXECUTIVE TRUSTEE circulated to the TRUSTEES present the estimated TRUST operating report for the FOURTH QUARTER.

3. TRUSTEE Liability. Upon motion made and seconded it was unanimously:

> "RESOLVED: To approve all the actions taken by the EXECUTIVE and other TRUSTEES on behalf of the CLARK C. TRUST from the organization of this TRUST to the date of this QUARTERLY MEETING, and that said TRUSTEES, either or all of them have no personal liabilities of any kind in directing the affairs of the TRUST; that, indeed this limitation of personal liability is a strict condition of their appointment as TRUSTEES."

4. Documents and records have been examined by the TRUSTEES and found to be in good order.

5. THE EXECUTIVE TRUSTEE conducted an intensive training seminar for the TRUSTEES present, following the presentations he makes on behalf of Covey Leadership to further the MISSION and PURPOSE of THE TRUST.

There being no further business, the Meeting was adjourned at 3:00 p.m.


By_____          By_____
Steven R. Shallenberger, Executive Trustee          Russell Jacobsen, Trustee


Minutes of the QUARTERLY MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST          page 1 of 1

RESOLVED, That the EXECUTIVE TRUSTEE, SECRETARY TRUSTEE or AGENT TRUSTEE or any other officer of this TRUST be, and hereby is, authorized to certify to the Bank the names of the present TRUSTEES of this TRUST and other persons authorized to sign for it and the offices respectively held by them, together with specimens of their signatures, and in case of any change of any holder of any such office or holders of any such offices, the fact of such changes and the names of any new officers and the offices respectively held by them, together with specimens of their signatures; and the Bank be, and hereby is authorized to honor any instrument signed by any new officer or officers in respect of whom it has received any such certificate or certificates with the same force and effect as if said officer or said officers were named in the foregoing resolutions in the place of any person or persons with the same title or titles.

RESOLVED, That the Bank be promptly notified in writing by the SECRETARY TRUSTEE or any officer of this TRUST of any change in these resolutions, such notice to be given to each office of the Bank in which any account of this TRUST may be maintained, and that until it has actually received such notice in writing it is authorized to act in pursuance of these resolutions, and that until it has actually so received such notice it shall be indemnified and saved harmless from any loss suffered or liability incurred by it in continuing to act in pursuance of these resolutions, even though these resolutions may have been changed.

There being no further business, on motion duly made, seconded and carried, the meeting was thereupon adjourned.

CLARK C. TRUST

By_____    By_____
Steven R. Shallenberger, Executive Trustee        David G. Clark, Agent Trustee

By_____    By_____
Russell Jacobsen, Secretary Trustee        David G. Clark, Agent Trustee


Date: March ____, 1997

# ZION ONE CHARITABLE TRUST

October 15, 1997

*Clark C. Trust*
*Steven R. Shallenberger, Trustee*
*P.O. BOX 964*
*Union City, CA 94587*

*Zion One Foundation would like to thank you for your generous donation $250,000 for year 1997*

*With an increase of families and individuals seeking our help our need is ongoing. 100% of your tax deductible contributions goes to 501 (3c) Charities. Your contribution is deeply appreciated. Our Federal Tax ID # 52-681-7979.*

# THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

The ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST was held May 4, 1997 at the main offices of the TRUST, starting at 9:00 a.m. All of the TRUSTEES were present at the Meeting. The EXECUTIVE TRUSTEE called the Meeting to order and noted that all TRUSTEES were present.

The EXECUTIVE TRUSTEE presented a report on TRUST operations for the previous fiscal year. The TRUSTEES expressed their appreciation for the good work accomplished to date and upon motion made and seconded it was unanimously:

> 'RESOLVED: That the BOARD OF TRUSTEES hereby approves all actions taken by the EXECUTIVE TRUSTEES and other TRUSTEES providing contract services to this TRUST during the past fiscal year. The various Contracts for Services are hereby extended under the same terms and conditions of previous years. And, that the BOARD OF TRUSTEES does hereby specifically exempt and exclude the above-mentioned TRUSTEES, all or either of them, from any and all personal liabilities as they utilize their best efforts to further the affairs of this TRUST."

It was reported that charitable distributions from THIS TRUST to ZION ONE FOUNDATION have and are being properly made, and that the assets of that CHARITABLE TRUST have increased substantially; further that their TRUST ADVISOR has been an important factor in this asset growth through careful investments, in consultation from time to time with the AGENT TRUSTEE and other TRUSTEES.

THE EXECUTIVE TRUSTEE asked that certain action items be approved and upon motion duly made and seconded TRUSTEES present voted unanimously to approve the following

1. **CLARK C. TRUST documents and records**, and Minutes of BOARD OF TRUSTEES meetings have been reviewed and found to be in good order. TRUSTEES will continue to evidence their approval of the MINUTES of BOARD OF TRUSTEES MEETINGS by affixing their signatures to each set of MINUTES.

2. **Approval of Reporting**. After motion made and seconded, the REPORT by the EXECUTIVE TRUSTEE and accounting for previous fiscal year gross sales and income was unanimously APPROVED. Total net income was approximately $ 8,000   . This represents the total annual income of the TRUST for this period. There was no taxable income. Charitable distribution was made on Form 1041 to ZION ONE FOUNDATION of $ _____ $250,000
Zion Foundation  #649,644

3. **CERTIFICATES OF BENEFICIAL INTEREST**. GRANTOR CREATOR of the CLARK C. TRUST, DAVID C. CLARK was present at his request and proposed to the BOARD OF TRUSTEES that to further the purposes of the TRUST as stated in MINUTES of the FIRST MEETING of the BOARD OF TRUSTEES, that the BOARD accept for cancellation CERTIFICATES OF BENEFICIAL INTEREST NOS. 8, 9, 10 and 11 FOR 24.75 UNITS each to Jordan, Rachel, Matthew and Andrew Clark. Due to the birth of DAVID HANSEN CLARK, March 26, 1997, he should be named an equal BENEFICIARY to those aforementioned. Pursuant to this need to further the PURPOSE of this TRUST, said CERTIFICATES were accepted for cancellation and at the request of the GRANTOR CREATOR, CERTIFICATES OF BENEFICIAL INTEREST were issued as follows:

| Certificate No. | Units | Beneficiary |
|---|---|---|
| Certificate No. 7 | 1 | Zion One Foundation |
| Certificate No. 11 | 19.8 | Matthew Clark |

ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST  page 1 of 2

| Certificate No. 12 | 19.8 | Rachel Clark |
| Certificate No. 13 | 19.8 | Jordan Clark |
| Certificate No. 14 | 19.8 | Andrew Clark |
| Certificate No. 15 | 19.8 | David Hansen Clark |
| Total of | 100 Units | |

4. THE EXECUTIVE TRUSTEE reported that in order to update THIS TRUST, the GRANTOR-CREATOR has executed a further AMENDMENT to the TRUST INDENTURE. And, that, as of Septgember 10, 1996, said AMENDMENT has been effective. The main purpose of the AMENDMENT is to continue to stress the importance of full compliance with all applicable I.R.S. Codes and Regulations. Copy of AMENDMENT to be spread in Minutes of this meeting.

There being no further business, the meeting was adjourned at 10:45 a.m.


By_____
Steven R. Shallenberger, Executive Trustee

By_____
Russell Jacobsen, Trustee

By_____
David C. Clark, Grantor Creator

ANNUAL MEETING of the BOARD OF TRUSTEES of the CLARK C. TRUST  page 2of 2

RECORDING REQUESTED BY
THE CLARK C. TRUST
-AKA- CLARK C. FAMILY TRUST

AND WHEN RECORDED MAIL TO

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, California 94538

COPY OF DOCUMENT RECORDED
JUN 27 1995
AS NO.
AS NOT BEEN COMPARED WITH ORIGINAL
ALAMEDA COUNTY RECORDER

(Space for Recording)

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS.

This **SECOND DEED OF TRUST** made this the FIRST day of June 1995, between the CLARK C. TRUST, herein called TRUSTOR, and AMERICAN SYNERGY FINANCIAL COMPANY whose address is P.O. Box 964, Union City, California 94587, herein called TRUSTEE, and the AMERICAN SYNERGY COMPANY herein called BENEFICIARY,

WITNESSETH: That the TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO THE TRUSTEE IN-TRUST, WITH POWERS OF SALE, that property in Alameda County, California described as

Lot 43, in Block 3, as said lot and block are shown on the map of "Tract 175, Fremont Fields
Unit No. 5, City of Fremont, Alameda County, California", filed February 4, 1959, in book 39
of Maps, at Pages 46 and 47 in the Office of the County Recorder of Alameda County.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon the BENEFICIARY by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

For the purpose of Securing: 1. Performance of each Agreement of TRUSTOR incorporated or contained herein. 2. Payment of the indebtedness evidenced by one covenanted note of even date herewith and any extensions or renewals thereof, in the principal sum of $100,000.00 executed by TRUSTOR in favor of BENEFICIARY or order. 3. Payment of such further sums as the then record owner of said property may borrow from BENEFICIARY when evidenced by another note (or notes) reciting it is so secured. 4. TRUSTOR hereby affirms that there is existent a FIRST DEED OF TRUST, DATED MAY 1, 1993 AND DULY RECORDED in the Alameda County Recorder's Official Records in the amount of $227,645.00.

To Protect the Security of this Deed of Trust, TRUSTOR agrees: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (12) to (14) included herein, to observe and perform said provisions, and that the references to property, obligations, and parties, in said provisions shall be construed to refer to the property, obligations, and parties set forth in thus Deed of Trust.

The undersigned TRUSTOR requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to it at its address hereinbefore set forth.

By _____  CO-EXEC. transfer
STEVEN R. SHALLENBERGER, CO-EXECUTIVE TRUSTEE
THE CLARK C. TRUST, TRUSTOR,

ON ___6-13___ 1995, BEFORE ME Cynthia W. Williams PERSONALLY APPEARED STEVEN R. SHALLENBERGER, CO-EXECUTIVE TRUSTEE of the CLARK C. TRUST, personally known to me (or proven to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacities, and that by his signatures on the instrument, the person, or the entity upon behalf of which the person acted, has executed this instrument.

WITNESS my hand and official seal.
CYNTHIA W. WILLIAMS
NOTARY PUBLIC · STATE of UTAH
c/o FIRST COLONY MORTGAGE
1111 SOUTH OREM BLVD.
OREM, UTAH 84058
COMM. EXP. 1-12-98

Signature _____
Notary Public

# Exhibit C

39 - 272093

RECORDING REQUESTED BY
DAVID C. CLARK
AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO

DAVID C. CLARK
41121 KATHLEAN ST.
FREMONT, CALIFORNIA 94538

RECORDED IN OFFICIAL RECORDS
OF ALAMEDA COUNTY, CALIF.
RENE C. DAVIDSON, CO. RECORDER

'89 OCT 4 PM 1 12

Title Order No __N/A__    Escrow No __N/A__    A)|

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TAX EXEMPT, CONSIDERATION LESS THAN $100.    TAX KEY # R&T 11911

DOCUMENTARY TRANSFER TAX $____ Gift
☰ computed on full value of property conveyed, or
☰ computed on full value less value of liens and
    encumbrances remaining at the time of sale.

Signature of Declarant or Agent Determining Tax    Firm Name

## QUITCLAIM DEED

DAVID C. CLARK

the undersigned grantor(s), for a valuable consideration, receipt of which is hereby acknowledged, do__ hereby remise,
for the sum of TEN DOLLARS ($10.00) and other considerations of value,
release and forever quitclaim to THE CLARK C. FAMILY TRUST, TRUSTEE WENDY R. CLARK AS TRUSTEE
DAVID C. CLARK 72-73-88

the following described real property in the City of FREMONT
County of ALAMEDA                                           . State of California:

LOT 43, IN BLOCK 3, AS SAID LOT AND BLOCK ARE SHOWN ON THE MAP OF "TRACT 1975,
FREMONT FIELDS UNIT NO. I, CITY OF FREMONT, ALAMEDA COUNTY, CALIFORNIA", FILED
FEBRUARY 4, 1959, IN BOOK 39 OF MAPS, AT PAGES 46 AND 47 IN THE OFFICE OF THE
COUNTY RECORDER OF ALAMEDA COUNTY.
SEE EXHIBIT "A" FULL RECONVEYANCE ATTACHED HEREWITH.

                              COMMONLY KNOWN AS:   41121 KATHLEAN ST,
                                                   FREMONT, CA.

Assessor's parcel No. 525-1118-11

Executed on _October 4_ , 19 89 , at _Fremont, Ca._

                                         DAVID C. CLARK

STATE OF CALIFORNIA
COUNTY OF _Alameda_              } SS.
On this _4th_ day of _October_ in the year 19 89 before me,
the undersigned, a Notary Public in and for said State, personally appeared
_DAVID C. CLARK_

_____, personally known to me (or proved to
me on the basis of satisfactory evidence) to be the person_ whose name_
_is_ subscribed to the within instrument, and acknowledged to me that
__he_ executed it.

WITNESS my hand and official seal

_Susan E. Harris_
Notary Public in and for said State

OFFICIAL SEAL
SUSAN E HARRIS
Notary Public-California
ALAMEDA COUNTY
My Comm. Exp. Feb. 8, 1993

(This area for official notarial seal)

MAIL TAX
STATEMENTS TO  _Clark C. Family Trust_  _41121 Kathlean St, Fremont 94538_
               NAME                      ADDRESS                          ZIP

WOLCOTTS FORM 792  Rev. 3-84
QUITCLAIM DEED (Indiv.-2455.2)

Exhibit D

## Clark C Trust
## 2006 Income Statement

| | | |
|---|---|---:|
| Rental Income | Sch E | 8,800 |
| | | |
| Property Tax (Fremont House) | Sch E | 3,239 |
| Earthquake Insurance (Fremont House) | Sch E | 2,965 |
| House Insurance (Fremont House) | Sch E | 1,565 |
| Tax Return Prep Fee | | 600 |
| Interest Expense | | 29 |
| Bank Fees | | 19 |
| | | |
| Total Expenses | | 8,417 |
| | | |
| Net Profit Before Tax | | 383 |

# Clark C Trust
# Analysis of Rental Income

| Zion Foundation Check # | Year | Zion Foundation Rent | David C Clark Rent | Total Rental Income |
|---|---|---|---|---|
| 102 | 1997 | 1,500.00 | 20,100.00 | 21,600.00 |
| 150 | 1998 | 6,000.00 | 6,000.00 | 12,000.00 |
| 182 | 1999 | 6,000.00 | 6,000.00 | 12,000.00 |
|  | 2000 | - | 13,000.00 | 13,000.00 |
|  |  | 13,500.00 | 45,100.00 | 58,600.00 |

|  | Ave Monthly Rent | Sq Ft Rented |
|---|---|---|
| David C Clark | 1,100.00 | 2950 |
| Zion Foundation | 450.00 | 300 |
| Total | 1,550.00 |  |

Add'l Details of Rental Deposits from David C Clark

| Date | Check # | Amount | |
|---|---|---|---|
| 05/07/97 | Electronic Transfer | 750.00 | |
| 12/30/97 | 320 | 18,000.00 | Jan 1997-June 1998 |
| 10/30/98 | 1356 | 6,000.00 | July 1998-Dec 1998 |
| 05/01/99 | 1566 | 6,000.00 | Jan 1999-June 1999 |
| 02/15/00 |  | 10,000.00 | July 1999-Mar 2000 |
| 06/12/00 |  | 3,000.00 | Apr 2000-May 2000 |

Source: Bank Statements

# Exhibit E

# DECLARATION OF TRUST

# THE CLARK C. TRUST

41121 Kathlean Street
Fremont, California 94538

January 5, 1989

**THE GRANTORS,** DAVID C. CLARK and WENDY R. CLARK, hereby constitute and appoint the above-designated TRUSTEES, STEVEN R. SHALLENBERGER and RUSSELL JACOBSEN, to be, in fact, TRUSTEES) OF THE TRUST, THE CLARK C. TRUST hereby created and established. The GRANTOR for and in consideration of the objects and purposes herein set forth, the cash sum of Ten Dollars in hand paid and other considerations of value, the receipt of which is hereby acknowledged, does hereby agree to sell, assign, convey and deliver unto said TRUSTEES, IN TRUST, who are to hold legal title in joint tenancy and not as tenants-in-common, to collectively act by virtue of this covenant as a BOARD OF TRUSTEES under the name herein designated, certain properties, business projects, operations under way or contemplated, dealing in equities, formulae, entities, patents, copyrights, business good-will, or other business desired to be engaged in by said TRUSTEES.

The TRUST name and other things of value to constitute A TRUST (ESTATE), including rights in reversion or remainder wherever situate, and other things of value and having its principal place of business at:

THE CLARK C. TRUST
41121 Kathlean Street
Fremont, Alameda County, California 94538

The above-named TRUSTEES, for themselves and their successors IN TRUST, do hereby agree to accept properties real and personal to be conveyed and acknowledge acceptance and delivery of all of the property specified, together with all the terms of THE TRUST herein set forth, agreeing to conserve and improve THE TRUST (ESTATE), to invest and reinvest the funds of SAID TRUST in such manner as to increase the financial rating of the TRUST during the period of outstanding liabilities of the various properties and enterprises; in commerce for gain, exercising their best judgment and discretion in accordance with the TRUST MINUTES, making distributions of portions of the proceeds and income as in their discretion and according to the MINUTES should be made, making periodic reports of business transactions and upon final liquidation distributing the assets to the BENEFICIARIES as their interests may appear; and in all other respects administering SAID TRUST (ESTATE) in good faith in conformity hereto.

**TRUSTEES** shall be not less than two but may be increased in number for practical reasons beneficial to the TRUST. THE TRUSTEES herein mentioned by name or their SUCCESSORS elected to fill vacancies, shall hold office, have and exercise collectively the exclusive management and control of the TRUST property and business affairs;

PROVIDED, HOWEVER, that a TRUSTEE may resign or be removed from office by a RESOLUTION of unanimous concurrence of the remaining TRUSTEES, when in their opinion said TRUSTEE shall have been guilty of fraud, malfeasance in office, gross neglect of duty, or for cause by the mandate of a court of competent jurisdiction; and

PROVIDED FURTHER, that in the event of death, removal from office or resignation, THE TRUSTEES shall appoint or elect a SUCCESSOR TRUSTEE by the unanimous concurrence of the remaining TRUSTEES. Should the entire BOARD OF TRUSTEES become vacant, a court of equity may appoint one TRUSTEE, who in turn shall appoint the additional TRUSTEES. Should objection be filed to appointment of additional TRUSTEES, the same shall be spread upon the MINUTES. Any such objection shall deprive the candidate from accepting the trusteeship.

The signing and acknowledging of this Agreement by the herein above appointed TRUSTEES or the signing and acknowledging of appropriate MINUTES by TRUSTEES subsequently elected or appointed, shall constitute their acceptance of THIS TRUST; and their acknowledgment of ITS copyrights and registration and the TRUST property, assets and emoluments thereof shall immediately vest in the new TRUSTEE or TRUSTEES without any further act or conveyance.

**TRUSTEES' MEETINGS:** By a regular act of the TRUSTEES they may provide for meetings of the BOARD OF TRUSTEES at stated intervals without notice, and special meetings may be called at any time by two or more TRUSTEES upon three (3) days written notice, which may be waived. At any regular or special meeting a

MAJORITY OF THE TRUSTEES, shall constitute a quorum for conducting busines, PROVIDED, affirmative action may only be had upon a MAJORITY VOTE of the TRUSTEES whether present or absent; except that at special meetings called for a special purpose the MAJORITY present may affirmatively act in emergency matters.

**POWERS OF TRUSTEES:** Trustees may do anything any individual may legally do in any state or county, subject to the restrictions herein noted. They shall continue in business, conserve the property, commercialize the resources, extend any established line of business in industry or investment, as herein especially noted, at their discretion, for the benefit of THIS TRUST, such as viz: buy, sell, or lease real estate for the surface or mineral rights; buy or sell mortgages, securities, bonds, notes, leases of all kinds, contracts or credits of any form, patents, trademarks or copyrights, buy, sell, or conduct mail-order business, or branches thereof; operate stores, shops, factories, warehouses, or other trading establishments or places of business of any kind; construct, buy, sell, lease, or rent suitable buildings or other places of business; advertise different articles or business projects; borrow money for any business project, pledging TRUST property for the payment thereof; hypothecate assets, property or both, of the TRUST in business projects; own stock in, or entire charters of corporations, or other such properties, companies, or associations as they may deem advantageous.

A MINUTE OF RESOLUTIONS OF THE BOARD OF TRUSTEES authorizing what they determine to do or have done shall be evidence that such an act is within their power. Anyone lending or paying money to the TRUSTEES shall not be obliged to see the application thereof; all funds paid into the treasury are and become part of the CORPUS of THIS TRUST.

**ADMINISTRATION:** The TRUSTEES shall regard this instrument as their sufficient guide, supplemented from time to time by their RESOLUTIONS (said RESOLUTIONS to be ALWAYS ratified by a MAJORITY of the TRUSTEES then in office and participating in the issuing meeting) covering contingencies as they arise and are recorded in the MINUTES of their meetings, which are the By-laws, rules and regulations of THIS TRUST.

**OFFICERS AND MANAGEMENT:** The TRUSTEES may in their discretion elect among their number an EXECU-TIVE TRUSTEE, CO-EXECUTIVE TRUSTEE, SECRETARY TRUSTEE, and TREASURER TRUSTEE, AGENT TRUSTEES, GUARDIAN TRUSTEES, SUCCESSOR TRUSTEES, or any other offices they may deem expedient for proper functioning. TRUSTEES may hold two or more offices simultaneously, their duties being such as are usual or are prescribed. They may employ AGENTS, EXECUTIVES, or other EMPLOYEES, or designated third persons to hold funds for specific purposes.

**EXPENDITURES:** The TRUSTEES shall fix and pay compensation of all officers, employees, or agents in their discretion, and may pay themselves such reasonable compensation for their services as may be determined by a MAJORITY of the BOARD OF TRUSTEES.

**CONSTRUCTION:** The TRUSTEES, OFFICERS, AGENTS, OR EMPLOYEES possess only such authority as is awarded them herein. Authority is understood and meant to be similar to that awarded an EXECUTOR of an ESTATE wherein the TESTATOR directs (illustration): "That my Executor is directed to handle the estate in the manner he thinks to be to the best interest limited by the terms hereof, without the necessity of resort to the court for permission or approval of any transaction, intending herein to leave open for the court the question of conscientious dealings of my Executor only."

**TRUSTEES' DECLARATION OF PURPOSE:** The TRUSTEES shall be required to accept rights, title, and interest in and to real and personal properties, whether tangible or intangible, conveyed by the CREATORS HEREOF AND GRANTORS HERETO to be the CORPUS of THIS TRUST. Included therein is the use of services of DAVID C. CLARK so that he can maximize his lifetime efforts through the utilization of his Constitutional Rights for the protection of his family in the pursuit of his happiness, through his desire to promote the general welfare, all of which DAVID C. CLARK feels he will achieve because they are sustained by his RELIGIOUS BELIEFS.

THE TRUSTEES by their resolution of purpose may peform and function for any purpose on behalf of any individual, group, or combination of individuals, severally or collectively.

In such instances the powers and authority of the TRUSTEES shall be defined and limited to the general purposes set forth by the DECLARATION OF TRUST and the TRUSTEES' DECLARATION OF PURPOSE.

The TRUST shall have authority to provide itself with operating funds through commercial loans, directly secured by assets or income of THE TRUST, provided such authority is possessed in writing from the BOARD OF TRUSTEES OF THIS TRUST.

Notice is hereby given to all persons, companies, or corporations extending credit to, contracting with, or having claims against this TRUST, that they must look only to the funds and property of the TRUST for payment or for settlement of any debt, tort, damage, judgment, or decree, or for any indebtedness which may become payable hereunder; that the TRUSTEES are not personally liable when dealing with the TRUST properties or assets.

LIABILITIES: The TRUSTEES shall, in the capacity of TRUSTEES and not individually, assume or incur only such liability as may attach to said TRUST property assets. This TRUSTEE liability shall not in any manner jeopardize their individual or personal holdings and for any losses they should suffer for any reason through their services, they shall be reimbursed from ths TRUST property to the same extent as would non-interested persons.

DOCUMENT: It is expressly declared that a TRUST, and not a partnership, is hereto created; and that neither the TRUSTEES, OFFICERS, OR CERTIFICATE HOLDERS, present or future, have or possess any beneficial interest in the property or assets of said TRUST, nor shall they be personally liable hereunder, as partners or otherwise; that no TRUSTEE shall be liable for the act or omission of a CO-TRUSTEE, or any other person, whatsoever, whether employed by such TRUSTEE or not, or for anything other than his own, personal breach of TRUST.

CERTIFICATES OF BENEFICIAL INTEREST: The BENEFICIAL INTERESTS, as a convenience, for distribution, are divided into ONE HUNDRED (100) UNITS, substantially in the certificate form hereto attached. They are non-assessable, non-taxable, (under provisions of Sections of the Internal Revenue Service Code), non-negotiable, non-transferable (except back to the TRUST); and the lawful possessor thereof shall be construed to be the true and lawful owner thereof. The lawful owner may, if he or she so desires, cause his/her BENEFICIAL CERTIFICATE to be registered with the SECRETARY OF THE TRUSTEES.

SPENDTHRIFT: The TRUSTEE is not to recognize any transfer, encumbering, mortgage, pledge, hypothecation, order, assignment, of any BENEFICIARY by way of anticipation of any part of the income or principal hereof, and the income and principal of the TRUST shall not be subject in any manner to operation of law, unless otherwise herein provided, and shall be exempt from the claims of creditors and other claimants and from orders, decrees, levies, attachments, garnishments and executions, and other legal or equitable process of proceedings to the fullest extent permissible by law. Each BENEFICIARY is expressly prohibited from any of the above.

DEATH, INSOLVENCY, BANKRUPTCY: The death, insolvency, bankruptcy, of any CERTIFICATE HOLDER, or the transfer of his or her CERTIFICATE by gift, devise, or descent, shall not operate as a dissolution of THIS TRUST, or in any manner affect the TRUST or its operation or mode of business. Ownership of a BENEFICIAL CERTIFICATE shall not entitle the holder to any legal title in or to the TRUST property, nor any individual interest therein, nor in the management thereof; nor shall the death of a holder entitle his or her heir or legal representatives to demand any partition or division of the property of the TRUST, nor any special accounting, but said successor may succeed to the same distributional interest upon the surrender of the CERTIFICATE as held by the deceased for the purpose of reissue to the then lawful holder or owner.

Trust Indenture - THE CLARK C. TRUST - Page 5 of 7

DURATION - CLOSURE: This TRUST shall continue for a period of twenty-five (25) years from date, unless the TRUSTEES shall unanimously determine on an earlier date. The TRUSTEES may at their discretion, because of threatened depreciation in values, or other good and sufficient reason necessary to protect or conserve TRUST assets, liquidate the assets, distribute and close the TRUST at any earlier date determined by them. The TRUST shall be proportionately and in a pro-rata manner distributed to the BENEFICIARIES. In the event this instrument has been recorded with the Register of Deeds, they shall then file with said Recorder a notice that the TRUST shall terminate and cease, and thereupon, the TRUSTEES shall automatically be discharged hereunder, PROVIDED, their administration and distribution have been made in accordance with the terms and provisions of the TRUST INDENTURE. Otherwise, a court of equity may be invoked to review and correct any tort or error.

RENEWAL: At the expiration of this Agreement the then TRUSTEES, if they so-desire and believe that said TRUST should not be closed, may renew this Agreement for a like or shorter period. A RESOLUTION of said renewal shall be entered upon the MINUTES and also recorded in the Recorder's Office (in the event this Agreement has been Recorded) at least 120 days prior to the expiration hereof. Public notice shall be made in a county newspaper of general circulation not less than 60 days prior to the expiration hereof.

RESTRICTIONS: Nothing herein contained shall be construed to authorize the TRUST to issue CERTIFICATES OF BENEFICIAL INTEREST in excess of the number herein provided, nor for a nominal value at variance with the provisions hereof.

PURPORT: The PURPORT of this instrument is to convey property to TRUSTEES) to constitute A TRUST (ESTATE) for the benefit of the BENEFICIARIES, held by the TRUSTEES in TRUST and in joint tenancy for the duration hereof, and to provide for the prudent and economical administration by natural persons acting in a fiduciary capacity, to BEGIN AT ONCE and not to be deferred until after the death of any CREATOR, SETTLOR OR MAKER, as occurs when such TRUST ESTATES are created by Last Will and Testament; the SETTLORS, CREATORS, OR MAKERS of this covenant preferring that the TRUSTEES act solely within their constitutional rights as based upon their common law rights and immunities vouchsafed to citizens of the United States of America and defined in Article IV, Section 2, PROVIDING, that "Citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," and Article VI, Section 2, PROVIDING, that "The Constitution of the United States and the laws made in pursuance thereof shall be the supreme law of the land;" and the 14th Amendment thereof, PROVIDING, that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.". The administration of THIS TRUST shall be amenable to judicial regulation on occasion arising and under the paternalism and protection of the court. Citations applicable and various rulings pertaining to TRUST ESTATES and constitutional rights of contract and collective bargaining (except co-partnership relationship, which is not applicable) may be found in case law which is applicable.

Nothing herein contained shall be construed as an intent to evade or contravene any Federal or State Law, nor to delegate to TRUSTEES any special power belonging exclusively to franchise or incorporation. The intent of the CREATORS OF THIS TRUST is to GRANT to it real and personal properties and in so-doing conveys all right, title and interest therein.

By creating this LEGAL ENTITY, the GRANTORS-CREATORS OF THIS TRUST have exercised their Constitutional Rights.

IN WITNESS WHEREOF the CREATORS hereof and GRANTORS hereto and the ACCEPTORS hereof, for themselves, their heirs, successors, and assigns, have hereunto set their hands and seals in token of the conveyance, delivery and acceptance of property, assets, or other things of value, and the obligations and duties as herein assumed

of said TRUST and assent to all stiuplations herein as imposed and expressed, on this date which is January 5, 1989.

## DAVID C. CLARK, GRANTOR CREATOR

### THE CLARK C. TRUST

By _____
DAVID C. CLARK

AND BY THE ACCEPTORS OF

THE CLARK C. TRUST

-aka-

THE CLARK C. FAMILY TRUST

By _____ , Trustee
STEVEN R. SHALLENBERGER, TRUSTEE

and

By _____ Trustee
RUSSELL JACOBSEN, TRUSTEE

---

WITNESSETH: That, we the undersigned do
hereby affirm, witness and attest that the above
Trustees Steven R. Shallenberger and Russell
Jacobsen signed this Trust Indenture in our presence.

By _____
DAVID C. CLARK, WITNESS

By _____
DAVID G. CLARK, WITNESS

---

Trust Indenture - THE CLARK C. TRUST - Page 7 of 7

Exhibit F

# AMENDMENT TO THE DECLARATION OF TRUST
## OF THE
## CLARK C. TRUST

DAVID C. CLARK and WENDY R. CLARK as GRANTOR-CREATORS of the CLARK C. TRUST did on this date, the 9th day of January 1989, create this AMENDMENT TO THE DECLARATION OF TRUST of the said CLARK C. TRUST, executed on the 6th day of January 1989, in order to CLARIFY the purposes and objectives of the GRANTOR/CREATORS in making said DECLARATION OF TRUST, and does hereby AMEND SAID DECLARATION OF TRUST TO INCLUDE THE FOLLOWING:

THE CLARK C. TRUST is expressly IRREVOCABLE and may not be altered or amended in any respect unless specifically authorized by the DECLARATION OF TRUST INSTRUMENT OR THIS AMEND-MENT, and may not be terminated except through distributions permitted by the DECLARATION OF TRUST INSTRUMENT AND AMENDMENT.

PURPORT: The nature and activities of the CLARK C. TRUST, maintaining assets, holding and controlling titled property, conductig business, and engaging in operational enterprise, include but are not limited to ownership of parts or entire business entities. The TRUSTEES are to establish the organization and performance of this TRUST so that it may NOT be interpreted that this TRUST is such enterprise, titled property, organization, or company, which it simply, but nevertheless owns

THIS TRUST: Is not a Business Trust: it does not allow nor shall it allow for BENEFICIARY investment in the TRUST, voting rights are not nor shall the be given to BENEFICIARIES, assets are vested in the name of the TRUSTEES and are not nor shall never be influenced by control of the BENEFICIARIES until the TRUSTEES have deterined distribution of same.

TRUST ADVISORS: The TRUST may acquire a large fund of investments at various major stock brokerage firms, private investment banks, and other financial and investment entities; that one or more TRUST ADVISORS might be required to bring professional expertise and management of investments of this TRUST, to assist the TRUSTEES. The GRANTOR/CREATORS therefore requires that a provision be made for expert skills to be contracted and acquired. It being the policy of certain investment banks, brokerage houses and other significant firms to refuse to accept TRUSTS as clients unless the TRUST has qualified TRUST ADVISORS. In such event a third party TRUST ADVISOR must needs be appointed.

At all times herein, the TRUST ADVISOR, if appointed by the GRANTOR under separate document, shall be the INITIAL TRUST ADVISOR, but the BOARD OF TRUSTEES, the BENEFICIARIES or the GRANTOR under this Agreement may terminate or change the INITIAL TRUST ADVISOR'S services or limit his (or her) powers, as provided hereunder, and appoint other TRUST ADVISORS. Should the BOARD OF TRUSTEES or the BENEFICIARIES propose a NOMINEE for TRUST ADVISOR, the person nominated must not have any connection whatsoever, either private, personal, professional, or family of the BENEFICIARIES or the TRUSTEES.

The TRUST ADVISOR may resign at any time during the TRUST administration by giving the BOARD OF TRUSTEES a thirty (30) day written notice. The GRANTOR may inform the BOARD OF TRUSTEES that no INITIAL TRUST ADVISOR has or will be appointed.

Document #2

POWERS OF TRUST ADVISORS: Subject only to the final approval of the EXECUTIVE TRUSTEE(S), the TRUST ADVISOR or TRUST ADVISORS shall have full power and authority to direct the TRUST to make investments, sale or purchase or assets, reinvestments, contracts or payments (other than distributions to BENEFICIARIES); and have authority to direct the TRUSTEES to employ INVESTMENT COUNSEL in the investment and reinvestment of the assets of the TRUST; and shall have full power and authority to direct the voting, for any purpose, of any and all shares of stock and/or securities held in this TRUST. All directions by the TRUST ADVISOR(S) to the TRUSTEES shall be in writing. If there be more than one (1) TRUST ADVISOR they shall act jointly or by the act of a majority of them in they event they do not all agree. Fees paid to the TRUST ADVISOR (S) are to be charged to the earnings achieved annually through their efforts, or from the CORPUS if necessary

CREATE ADDITIONAL TRUSTS: By regular act, TRUSTEES may provide for the formulation of additional TRUSTS without notice to the BENEFICIARIES or to any other person or persons. THIS TRUST may be the GRANTOR/CREATOR of such TRUSTS and may pledge or convey any or all of the assets of THIS TRUST in the process in order to arrange the TRUST'S affairs in the best interest of this TRUST.

PROVIDED, THAT in making such TRUSTS the TRUSTEES shall exercise care in the preparation of such documents to protect the rights of the BENEFICIAL INTEREST of the BENEFICIARIES OF THIS TRUST. THE CLARK C. TRUST shall be the sole BENEFICIARY of the TRUST(S) being established and that in all ways, such new TRUST(S) shall be bound by all of the provisions, powers, restrictions, and other requirements that are included in the CLARK C. TRUST.

### DAVID C. CLARK and WENDY R. CLARK, GRANTOR-CREATORS

By _____ and          By _Wendy R Clark_
DAVID C. CLARK,                                   WENDY R. CLARK

### AND BY THE TRUSTEE(S)
### OF THE CLARK C. TRUST

By _____  _Executive Trustee_
STEVEN R. SHALLENBERGER, EXECUTIVE TRUSTEE

By _Russell Jacobs_____
RUSSELL JACOBSEN, TRUSTEE

WITNESSETH: That, we the undersigned do hereby affirm, witness and attest that the above Trustees Steven R. Shallenberger and Russell Jacobsen signed this Trust Indenture in our presence.

By_____
    DAVID C. CLARK, WITNESS

By_____
    DAVID G. CLARK, WITNESS

AMENDMENT to the DECLARATION OF TRUST of the CLARK C. TRUST - Page 2 of 2

Exhibit G

To be spread in the Minutes of the Annual Meeting of THIS TRUST

# AMENDED

# DECLARATION OF TRUST

of

# THE CLARK C. TRUST

41121 Kathlean Street
Fremont, California 94538

September 26, 1996

The GRANTOR and CREATOR of the THE CLARK C. TRUST, DAVID C. CLARK, is desirous of making certain that applicable regulations and codes of government agencies be strictly adhered to, and to clarify the scope and purpose of THIS TRUST, caused to be prepared on this date, September 26, 1996, the following AMENDED DECLARATION OF TRUST of THE CLARK C. TRUST INDENTURE dated January 5, 1989. Any and all terms and conditions detailed in the said DECLARATION OF TRUST are included and made a part hereof.

This AMENDED DECLARATION OF TRUST supersedes all other documents purporting to create or amend THE CLARK C. TRUST except as noted hereinabove.

Noted _____
Steven R. Shallenberger, Executive Trustee

Noted _____
Russell Jacobsen, Trustee

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 1 of 12

# AMENDED DECLARATION OF TRUST
# THE CLARK C. TRUST

THE GRANTOR, DAVID C. CLARK, on this date, September 26, 1996 hereby recognizes the above-designated TRUSTEES, STEVEN R. SHALLENBERGER and RUSSELL JACOBSEN, to be, in fact, TRUSTEES OF THIS TRUST, THE CLARK C. TRUST, created and established January 5, 1989 as evidenced by TRUST INDENTURE of that date, and initial AMENDMENT dated January 9, 1989.

The GRANTOR for and in consideration of the objects and purposes herein set forth, the cash sum of Ten Dollars in hand paid and other considerations of value, the receipt of which was acknowledged, did agree to sell, assign, convey and deliver unto said TRUSTEES, IN TRUST, who are to hold legal title in joint tenancy and not as tenants-in-common, to collectively act by virtue of this covenant as a BOARD OF TRUSTEES under the name herein designated, certain properties, business projects, operations under way or contemplated, dealing in equities, formulae, entities, patents, copyrights, business good-will, or other business desired to be engaged in by said TRUSTEES.

The TRUST name and other things of value to constitute A TRUST (ESTATE), including rights in reversion or remainder wherever situate, and other things of value and having its principal place of business at:

THE CLARK C. TRUST
-aka-  CLARK FAMILY TRUST
41121 Kathlean Street
Fremont, Alameda County, California 94538

The above-named TRUSTEES, for themselves and their Successors IN TRUST, do hereby agree to accept properties real and personal to be conveyed, and acknowledge acceptance and delivery of all of the property specified, together with all the terms of THE TRUST herein set forth, agreeing to conserve and improve THE TRUST (ESTATE), to invest and reinvest the funds of SAID TRUST in such manner as to increase the financial rating of the TRUST during the period of outstanding liabilities of the various properties and enterprises; in commerce for gain, exercising their best judgment and discretion in accordance with the TRUST MINUTES, making distributions of portions of the proceeds and income as in their discretion and according to the MINUTES should be made, making periodic reports of business transactions and upon final liquidation, distributing the assets to the BENEFICIARIES as their interests may appear; and in all other respects administering SAID TRUST (ESTATE) in good faith in conformity hereto.

COMPLIANCE WITH CODES AND REGULATIONS  The GRANTOR has made and is making every attempt to be in compliance with applicable Internal Revenue Codes. Although the following is primarily by way of instruction to Trustees, it is nonetheless binding. THIS TRUST shall be administered, managed, interpreted, and construed in such a way as to reflect the qualification and meaning of the following:

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 2 of 12

1. Cause gifts to the TRUST hereunder to qualify for annual gift tax exclusions under the provisions of §2503 (b)of the Internal Revenue Code (IRC), or any corresponding Section of any future revision of said Code;

2. TRUSTEES holding office shall be "non-adverse" parties according to the meaning of IRC §672 any FIDUCIARY not in compliance shall resign immediately after first appointing a qualified SUCCESSOR;

3. THIS TRUST shall be operated so as NOT to violate any Grantor Trust Rules within the meaning of IRC Sections §671 - §678 that may cause THIS TRUST to be classified a GRANTOR TRUST;

4. IRC Sections §661 - §663 and application of Treasury Regulations Sections §1.661 - §1.663 shall be followed in making managerial decisions to insure tax filing adherence as a COMPLEX TRUST;

5. Operational procedures should comply with Treasury Regulations Section §301.7701 so that THIS TRUST is not classed as an association, partnership, or BTO (Business Trust Organization) for tax purposes.

FAILURE TO COMPLY. In the event that the TRUSTEES shall fail to comply through distributions of assets of the TRUST, investments of TRUST assets, or administration of TRUST assets in any way that is not in compliance with Internal Revenue Code Section §2503, then such acts shall be considered a nullity; provided, however, that corrective action and appropriate remedy shall be applied by the TRUSTEES. Should the Internal Revenue Service determine upon something other than a classification of COMPLEX TRUST, the TRUSTEES may correct any errors in management application.

PARTIAL INVALIDITY CLAUSE. Should any provision, section, paragraph, or sentence of THIS TRUST INDENTURE, or subsequent AMENDMENTS, any RESOLUTIONS of the BOARD of TRUSTEES, or of THIS TRUST MINUTES be held invalid, unenforceable, or unlawful, it shall be severable; none of the remaining provisions THIS TRUST, AMENDMENTS, RESOLUTIONS, or MINUTES shall be affected, unpaired, or rendered inoperative, but shall be given full legal force and effect as if all the management documentation and formal expressions of THIS TRUST were lawfully valid.

TRUSTEES. There shall not be fewer than two TRUSTEES but may be increased in number for practical reasons beneficial to the TRUST. THE TRUSTEES herein mentioned by name or their SUCCESSORS elected to fill vacancies, shall hold office, have and exercise collectively the exclusive management and control of the TRUST property and business affairs;

> PROVIDED, HOWEVER, that a TRUSTEE may resign or be removed from office by a RESOLUTION of unanimous concurrence of the remaining TRUSTEES, when in their opinion said TRUSTEE shall have been guilty of fraud, malfeasance in office, gross neglect of duty, or for cause by the mandate of a court of competent jurisdiction; and

AMENDED DECLARATION OF TRUST - THE CLARK C . TRUST - Page 3 of 12

42

PROVIDED FURTHER, that in the event of death, removal from office or resignation, THE TRUSTEES shall appoint or elect SUCCESSOR TRUSTEE(S) by the unanimous concurrence of the remaining TRUSTEES. Should the entire BOARD OF TRUSTEES become vacant, a Court of Equity may appoint one TRUSTEE, who in turn shall appoint the additional TRUSTEES. Should objection be filed to appointment of additional TRUSTEES, the same shall be spread upon the MINUTES. Any such objection shall deprive the candidate from accepting the trusteeship.

The signing and acknowledging of this Agreement by the herein above noted TRUSTEES or the signing and acknowledging of appropriate MINUTES by TRUSTEES subsequently elected or appointed, shall constitute their acceptance of THIS TRUST; and their acknowledgment of ITS copyrights and registration and the TRUST property, assets and emoluments thereof shall immediately vest in the new TRUSTEE or TRUSTEES without any further act or conveyance.

TRUSTEES' MEETINGS: By a regular act of the TRUSTEES they may provide for meetings of the BOARD OF TRUSTEES: at stated intervals without notice, and special meetings may be called at any time by two or more TRUSTEES upon three (3) days written notice, which may be waived. At any regular or special meeting a MAJORITY OF THE TRUSTEES shall constitute a quorum for conducting busines, PROVIDED, affirmative action may only be had upon a MAJORITY VOTE of the TRUSTEES whether present or absent; except that at special meetings called for a special purpose the MAJORITY present may affirmatively act in emergency matters.

POWERS OF TRUSTEES: Trustees may do anything any individual may legally do in any state or county, subject to the restrictions herein noted. They shall continue in business, conserve the property, commercialize the resources, extend any established line of business in industry or investment, as herein especially noted, at their discretion, for the benefit of THIS TRUST, such as viz: buy, sell, or lease real estate for the surface or mineral rights; buy or sell mortgages, securities, bonds, notes, leases of all kinds, contracts or credits of any form, patents, trademarks or copyrights, buy, sell, or conduct mail-order business, or branches thereof; operate stores, shops, factories, warehouses, or other trading establishments or places of business of any kind; construct, buy, sell, lease, or rent suitable buildings or other places of business; advertise different articles or business



In such instances the powers and authority of the TRUSTEES shall be defined and limited to the general purposes set forth by the DECLARATION OF TRUST, THE AMEND-MENTS and the TRUSTEES' DECLARATION OF PURPOSE.

The TRUST shall have authority to provide itself with operating funds through commercial loans, directly secured by assets or income of THE TRUST, provided such authority is possessed in writing from the BOARD OF TRUSTEES OF THIS TRUST.

Notice is hereby given to all persons, companies, or corporations extending credit to, contracting with, or having claims against this TRUST, that they must look only to the funds and property of the TRUST for payment or for settlement of any debt, tort, damage, judgment, or decree, or for any indebtedness which may become payable hereunder; that the TRUST-EES are not personally liable when dealing with the TRUST properties or assets.

LIABILITIES. The TRUSTEES shall, in the capacity of TRUSTEES and not individually, assume or incur only such liability as may attach to said TRUST property assets. This TRUSTEE liability shall not in any manner jeopardize their individual or personal holdings and for any losses they should suffer for any reason through their services, they shall be reimbursed from ths TRUST property to the same extent as would non-interested persons, only such liability as may attach to the assets of THIS TRUST. Any liability arising shall not in any manner jeopardize the serving FIDUCIARIES individual or personal holdings and should any losses be incurred, the same shall be reimbursed by the TRUST. FIDUCIARIES shall NOT be required to furnish bond; may serve without bond, provided, however, that if a FIDUCIARY so desires or is requested by the BOARD, the same may execute a bond, costs to be borne by THIS TRUST, with an authorized surety company, payable to THIS TRUST to secure the faithful performance of that FIDUCIARYS duties hereunder.

DOCUMENT. It is expressly declared that a TRUST, and not a partnership, is hereto created; and that neither the TRUSTEES, OFFICERS, OR CERTIFICATE HOLDERS, present or future, have or possess any beneficial interest in the property or assets of said TRUST, nor shall they be personally liable hereunder, as partners or otherwise; that no TRUSTEE shall be liable for the act or omission of a CO-TRUSTEE, or any other person, whatsoever, whether employed by such TRUSTEE or not, or for anything other than his own, personal breach of TRUST.

CERTIFICATES OF BENEFICIAL INTEREST.The BENEFICIAL INTERESTS, as a conve-nience, for distribution, are divided into ONE HUNDRED (100) UNITS, substantially in the certificate form hereto attached. They are non-assessable, non-taxable, (under provisions of Sections of the Internal Revenue Service Code), non-negotiable, non-transferable (except back to the TRUST); and the lawful possessor thereof shall be construed to be the true and lawful owner thereof.The lawful owner may, if he or she so desires, cause his/her BENEFICIAL CERTIFICATE to be registered with the SECRETARY OF THE TRUSTEES.

POWERS OF BENEFICIARIES. Certain rights assumed under law or State statute relating to the abilities of the BENEFICIARIES may apply. ALL holders of Certificates of Beneficial Interest shall have the power and right to: inspect all books and records of the TRUST; inspect all books and records of the TRUSTEES; inspect all property .

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 6 of 12

**SPENDTHRIFT:** The TRUSTEE is not to recognize any transfer, encumbering, mortgage, pledge, hypothecation, order, assignment, of any BENEFICIARY by way of anticipation of any part of the income or principal hereof, and the income and principal of the TRUST shall not be subject in any manner to operation of law, unless otherwise herein provided, and shall be exempt from the claims of creditors and other claimants and from orders, decrees, levies, attachments, garnishments and executions, and other legal or equitable process of proceedings to the fullest extent permissible by law. Each BENEFICIARY is expressly prohibited from any of the above.

**DEATH, INSOLVENCY, BANKRUPTCY:** The death, insolvency, bankruptcy, of any CERTIFI-CATE HOLDER, or the transfer of his or her CERTIFICATE by gift, devise, or descent, shall not operate as a dissolution of THIS TRUST, or in any manner affect the TRUST or its operation or mode of business. Ownership of a BENEFICIAL CERTIFICATE shall not entitle the holder to any legal title in or to the TRUST property, nor any individual interest therein, nor in the management thereof; nor shall the death of a holder entitle his or her heir or legal representatives to demand any partition or division of the property of the TRUST, nor any special accounting, but said successor may succeed to the same distributional interest upon the surrender of the CERTIFICATE as held by the deceased for the purpose of reissue to the then lawful holder or owner.

**DURATION - CLOSURE:** This TRUST shall continue for a period of twenty-five (25) years from January 5, 1989, unless the TRUSTEES shall unanimously determine on an earlier date.

**CLOSURE ADVANCED:** For any sufficient reason necessary to protect or conserve the assets of THIS TRUST, the TRUSTEES may unanimously settle upon an earlier date to close and liquidate the assets; in a pro rata manner according to the number of Units of Beneficial Interest on the face of the Certificates, shall proportionately distribute, as provided elsewhere herein, all of the proceeds to the BENEFICIARIES. In the event this instrument has been recorded, the TRUSTEES shall file a notice with said Registrar that THIS TRUST shall terminate and cease; thereupon, the TRUSTEES shall be dismissed hereunder, provided that their final duties of administration and complete asset distribution have been made in accordance with the terms and provisions of THIS TRUST INDENTURE; otherwise, a Court of Equity may be invoked to examine the records of the TRUST and correct any private or civil wrong against the TRUST or error in administration.

**RENEWAL OF INDENTURE,** The GRANTOR in setting THIS TRUST'S period of duration hereunder, at the time, felt this to be in the best interest of the BENEFICIARIES and the TRUST, providing, however, at the closure specified for THE CLARK C. TRUST herein, the then TRUSTEES, if they so resolve that said TRUST should not be terminated by examining the state of affairs that exist at that time against the purport of this DECLARATION OF TRUST and the other provisions hereunder, may renew this INDENTURE for a like or shorter period. A Resolution of Renewal shall be included in the Minutes, recorded in the Registrar's Office (in the event this DECLARATION OF TRUST has been recorded) and published with all BENEFICIARIES at least 120 days prior to the expiration hereof, public notice shall be made in a newspaper of general circulation in the county where THIS TRUST was established not less than 60 days prior to the expiration hereof.

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 7 of 12

46

ASSIGNMENT OF BENEFICAIL INTEREST: The Certificate Holder may surrender the Certificate to the BOAR OF TRUSTEESⒺ and request that the units represented be reassigned, naming a candidate to be the new BENEFICIARY; the TRUSTEES have the sole power to act upon the redistribution of surrendered units; they shall have the power to follow the request, looking to provisions herein as their authority to make the new assignment of the units; should the TRUSTEES, at the direction of the GRANTOR, decide NOT to honor the request, they may select a new nominee using the provisions of this TRUST INDENTURE in determining the worthiness of the new BENEFICIARY.

In the event a Certificate Holder should cease to exist, the legal HEIR of that Holder, except the GRANTOR hereof, is entitled to receive that Holder's units, providing the relationship of the HEIR APPARENT does not violate any provisions herein; the BOARD OF TRUSTEES has the complete authority to receive that Certificate and reissue its units in the form of new Certificates to those having claim, in any division of units the TRUSTEES deem appropriate; further, should NO valid HEIR be found, then the BOARD OF TRUSTEES is to designate a recipient(s), with the concurrence of the GRANTOR hereof, to receive those units.

ASSET CONTROL. The TRUSTEES are hereby granted the expressed full power to control and manage the assets of THIS TRUST in the form of investment in which they are received without order or mandate, permission or consent, approval or confirmation of any court or person(s), subject only to the restrictions herein noted; including, but not limited to, the capacity to continue and operate any business concern(s) granted by the GRANTOR; to do any and all things deemed needful or appropriate by the TRUSTEES , including the power to incorporate the business and to put additional capital into the business, for such time as the TRUSTEES shall deem advisable, without liability for loss resulting from the continuance or operation of the business except as elsewhere herein provided; and to close out, liquidate, or sell the business at such time and upon such terms as the TRUSTEES shall deem appropriate and profitable.

BOARD ACTION: A Minute of RESOLUTION of the TRUSTEES authorizing what they determine to do or have done shall be the only evidence required that such an act is within their power, providing that it does not conflict with any provision of TRUST INDENTURE and its AMENDMENTS hereunder.

AUTHORITY. The BOARD OF TRUSTEES: shall look upon this document as adequate authority and guide for operating THIS TRUST, shall stipulate their management abilities by adopting RESOLUTIONS to cover contingencies as they arise;

BINDING DOCUMENTS. The BOARD OF TRUSTEES shall have permission hereby to endorse, execute, and deliver any and all deeds, mortgages, leases, contracts, agreements, bills of sale, notes, transfers, assignments, powers of attorney, proxies, consents,waivers, and all other documents and iinstruments pertaining to THIS TRUST and the assets hereunder in the hands of the TRUSTEES, indifferent to the period of duration of THIS TRUST;

CREATING TRUSTS. Under the terms and conditions hereunder and upon the BOARD OF TRUST-

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 8 of 12

EES acting in unanimous accord, THIS TRUST may establish other TRUSTS as the CREATOR thereof and the GRANTOR thereto, so long as in so doing the integrity or the net worth of THIS TRUST is not harmed; provided, however, it is with the express written approval of ALL BENEFI-CIARIES.

ADMINISTRATION. TRUSTEES may elect among their number any OFFICERS as may be deemed expedient for proper functioning; employ AGENTS, EXECUTIVES, or other EMPLOYEES, ac-countants, attorneys, and such professionals; pay reasonable compensation for services and appor-tion same between income and principal. Any EMPLOYEE with direct access to confidential TRUST records will be designated as an AGENT TRUSTEE properly charged with FIDUCIARY responsi-bility. The GRANTOR hereby declares the following guidelines for administrative conduct as instrucction to the TRUSTEES.

1. A primary obligation shall be to obey and carry out ALL of the terms of the TRUST INDEN-TURE AS AMENDED to the best of their collective ability, remembering that in prudently manag-ing THIS TRUST in the greatest interest of the BENEFICIARIES, the fulfillment of the purport of this TRUST INDENTURE should weigh heavily in the decisions of the TRUSTEES;

2. Without limiting the generality of the foregoing or any other provisions herein, to manage, con-trol, operate, invest, re-invest, sell, exchange, lease, mortgage, encumber, and/or deal with the property of THIS TRUST for and on behalf of the TRUST and the BENEFICIARIES thereof to the same extent and with the same powers that any individual would have with respect to his or her property and funds;

3. Combine assets of two or more TRUSTS if the provisions and terms of each TRUST are sub-stantially identical, and to administer them as a single TRUST, if the TRUSTEES reasonably deter-mine that the administration as a single TRUST is consistent with the GRANTOR'S intent and facilitates the TRUSTEES administration without defeating or impairing the interests of the BEN-EFICIARIES.

4. Divide any of the assets into separate TRUSTS or create separate TRUSTS if the TRUSTEES reasonably deem it appropriate and the division or creation is compatible with the GRANTOR'S purpose and facilitates the TRUST'S administration without defeating or impairing the interests of the BENEFICIARIES.

5. The TRUSTEES have the sole authority to grant or deny attendance to any person or persons, except other TRUSTEES, at any particular meeting of the BOARD of TRUSTEES; provided, that the TRUSTEES are being responsive to their FIDUCIARY duty to supply reasonable opportunity for BENEFICIARIES to be made aware of the financial situation and related information about the TRUST.

6. TRUSTEES may permit any Certificate Holder who will sign an "Agreement of Confidential-ity" to attend meetings of the BOARD OF TRUSTEES without invitation, provided that a notice in writing is submitted at least 30 days prior to the meeting (which may be waived) allow ALL Certifi-

cate Holders at the annual meeting without notice.

MANAGEMENT. Unless threatened depreciation in values, or other good and sufficient reason necessary to protect or conserve TRUST ASSETS, TRUSTEES may liquidate the assets, distribute and close the TRUST at any earlier date determined by them. The TRUST shall be proportionately and in a pro-rata manner distributed to the BENEFICIARIES. In the event this instrument has been recorded with the Register of Deeds, they shall then file with said Recorder a notice that the TRUST shall terminate and cease, and thereupon, the TRUSTEES shall automatically be discharged hereunder, PROVIDED, their administration and distribution have been made in accordance with the terms and provisions of the TRUST INDENTURE AS AMENDED. Otherwise, a court of equity may be invoked to review and correct any tort or error.

RENEWAL: At the expiration of this Agreement the then TRUSTEES, if they so-desire and believe that said TRUST should not be closed, may renew this Agreement for a like or shorter period. A RESOLUTION of said renewal shall be entered upon the MINUTES and also recorded in the Recorder's Office (in the event this Agreement has been Recorded) at least 120 days prior to the expiration hereof. Public notice shall be made in a county newspaper of general circul.ation not less than 60 days prior to the expiration hereof.

RESTRICTIONS: Nothing herein contained shall be construed to authorize the TRUST to issue CERTIFICATES OF BENEFICIAL INTEREST in excess of the number herein provided, nor for a nominal value at variance with the provisions hereof.

PURPORT: The PURPORT of this instrument is to convey property to TRUSTEES, to constitute A TRUST (ESTATE) for the benefit of the BENEFICIARIES, held by the TRUSTEES in TRUST and in joint tenancy for the duration hereof, and to provide for the prudent and economical administration by natural persons acting in a fiduciary capacity, to BEGIN AT ONCE and not to be deferred until after the death of any CREATOR, GRANTOR OR MAKER, as occurs when such TRUST ESTATES are created by Last Will and Testament; the GRANTORS, CREATORS, OR MAKERS of this covenant preferring that the TRUSTEES act solely within their constitutional rights as based upon their common law rights and immunities vouchsafed to citizens of the United States of America and defined in Article IV, Section 2, PROVIDING, that "Citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," and Article VI, Section 2, PROVID-ING, that The Constitution of the United States and the laws made in pursuance thereof shall be the supreme law of the land;" and the 14th Amendment thereof, PROVIDING, that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.". The administration of THIS TRUST shall be amenable to judicial regulation on occasion arising and under the paternalism and protection of the court. Citations applicable and various rulings pertaining to TRUST ESTATES and constitutional rights of contract and collective bargaining (except co-partnership relationship, which is not applicable) may be found in case law which is applicable.

Nothing herein contained shall be construed as an intent to evade or contravene any Federal or State Law, nor to delegate to TRUSTEES any special power belonging exclusively to franchise or incorporation. The intent of the CREATOR OF THIS TRUST is to GRANT to it real and personal properties and in so-doing conveys all right, title and interest therein.

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 10 of 12

By creating this LEGAL ENTITY, the GRANTOR-CREATOR OF THIS TRUST has exercised ITS Constitutional Rights.THIS TRUST'S assets are in the complete control of the TRUSTEES who shall exercise all powers herein conferred after the termination of any TRUST and until the same is fully distributed, as follows:

1.   RECORDS. TRUSTEES shall keep detailed and accurate record of all meetings, maintain all legal and important papers of THIS TRUST in a businesslike manner, and generally record an accounting of all transactions. The ability to request information is hereby insured to the BENEFI-CIARIES relating to the status, operation, and plans of the BOARD, providing such information is kept confidential to the same degree required of any FIDUCIARY;

2.   PROPERTY. TRUSTEES shall register or record and take title to any property in the name of the TRUSTEES or in the name of a NOMINEE with or without disclosure of the TRUST, or to keep and retain any such property, or any part thereof, unregistered and in such condition that it may pass by delivery, without thereby enlarging or reducing the TRUSTEES' liability as FIDUCIARY, however, no such registration, recording and/or holding by the TRUSTEES shall relieve the TRUSTEES from responsibility for the safe conservation and distribution of the TRUST in accord with the terms and provisions hereof.

3.   DISTRIBUTIONS. TRUSTEES shall divide or distribute any TRUST property hereunder (including the satisfaction of any pecuniary bequest); make distributions or divisions in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to do so without regard to the income tax basis of specific property allocated to a BENEFICIARY (including any TRUST) insofar as each BENEFICIARY shall receive his or her proportionate share of the TRUST according to the number of units registered in that BENEFICIARY'S Certificate of Beneficial Interest;

FUNCTIONING. This BOARD OF TRUSTEES may perform and function for any purpose on behalf of any individual, group, or aggregation of individuals, severally or collectively, by recording the same as a Minute or in Resolution form in the official records of THIS TRUST.

EXCULPATORY PROVISIONS. The TRUSTEES and appointed officers, agents and other workers are independent contractors or employees and are NOT personally liable. The TRUSTEES shall have in the capacity of FIDUCIARY, not individually, only such liability as may attach to the assets of THIS TRUST.

CHARITABLE CONTRIBUTIONS. The BOARD OF TRUSTEES may make donations, by unanimous consent of the BOARD of TRUSTEES, from the assets of THIS TRUST, income, principal, or both, to any qualified charitable entity, choice of which is at the sole discretion of the TRUSTEES (within the meaning of Section §501(c)3 of the Internal Revenue Code), except as otherwise instructed by the GRANTOR; provided, however, that BENEFICIARIES are NOT given the power to initiate, order, or encourage this activity, but they ALL must ratify each occurrence of such action.

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 11 of 12

**AMENDMENTS.** The GRANTOR retains the power to amend any parts of this TRUST INDEN-TURE AS AMENDED, without notice. Nothing in this document is to be construed as giving authority to the TRUST, or any other person(s) to have the power to amend any parts) of THIS TRUST INDENTURE, with one exception; should the GRANTOR liberate his ability to amend the TRUST INDENTURE and if full written approval is obtained from ALL BENEFICIARIES, TRUSTEES may amend the TRUST by a unanimous decision, insofar as so doing will NOT be in conflict with the purport hereunder. Further, the AMENDMENTS shall be attached to this INSTRUMENT, jointly with the evidence of approval signed by ALL BENEFICIARIES.

FURTHER: THIS TRUST may also be known to do business as:

The Clark Family Trust

IN WITNESS WHEREOF the CREATOR hereof and GRANTOR hereto and the ACCEPTORS hereof, for themselves, their heirs, successors, and assigns, have hereunto set their hands and seals in token of the conveyance, delivery and acceptance of property, assets, or other things of value, and the obligations and duties as herein assumed as TRUSTEES of said TRUST and assent to all stiuplations herein as imposed and expressed, on this date.

OF THE

**GRANTOR CREATOR, DAVID C. CLARK**

By_____
DAVID C. CLARK, GRANTOR

AND BY THE ACCEPTORS HEREOF OF THE

**CLARK C. TRUST**

BY_____
STEVEN R.. SHALLENBERGER, EXECUTIVE TRUSTEE

BY_____
RUSSELL JACOBSEN, TRUSTEE

AMENDED DECLARATION OF TRUST - THE CLARK C. TRUST - Page 12 of 12

# Exhibit H

## A Statement of Fact

Paragraph 12 which states "the **grantor** retains the power to amend any part of this trust indenture as amended without notice." This is a clerical mistake .The reason is the next sentence contradicts the first statement by stating that there is only exception that a grantor can amend that is if the following situations happen:

1. full written approval from the beneficiaries
2. trustees need to make an unanimous decision. This still gives the trustee to override the grantor or beneficiaries suggested amendment.
3. The Amendment can not conflict the purport of the existing trust indenture or amendment.

So if the grantor retains the power to amend, then how can grantor only amend under one exception in which the trustees still have to make an unanimous decision before the amendment can be made.

As the GRANTOR of the Clark C. Trust, the trust had been operating for eight years prior to said AMENDMENT, with no improper input or action from the GRANTOR-CREATOR. In no way I, as the GRANTOR, since the time of AMENDMENT was signed, had influenced trustee to make amendments or provided improper input in order to violate his powers as trustee in managing the assets of the trust. It was never the GRANTOR's intent to create a Grantor Trust.

David C. Clark

Grantor of Clark C. Trust

"SEE ATTACHED ACKNOWLEDGEMENT"

# ACKNOWLEDGMENT

State of California
County of _Alameda_

On _Jan 30, 2007_ before me, CHARLOTTE KATHRYN MAGNONE - NOTARY PUBLIC,

(here insert name and title of the officer)

personally appeared _David C. Clark_

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be

the person(s) whose name(s) is/are subscribed to the within instrument and

acknowledged to me that he/she/they executed the same in his/her/their authorized

capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),

or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Charlotte Kathryn Magnone_

(Seal)



Charlotte Kathryn Magnone
Comm. #1442243
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires October 6, 2007

Exhibit I

2003667651    11/18/2003 02:38 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        19.00

5  PGS

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Law Office of Francis X. Mohan III
3031 W. March Lane. #211-W
Stockton, CA 95219

# RESIGNATION OF TRUSTEES
## AND CONSENT OF SUCCESSOR TRUSTEES TO ACT

DAVID C. CLARK and WENDY R. CLARK states as follows:

1. We are the initial Grantors and Trustees of the CLARK C. FAMILY TRUST dated January 5, 1989.

2. Pursuant to paragraph 11 of the minutes of this trust dated January 5, 1989, after conveyance of the corpus to this trust, we resign as Trustees of this trust and in our place, STEVEN R. SHALLENBERGER and RUSSELL JACOBSEN, are hereafter appointed as Trustees.

3. We hereby resign as Trustee of the Trust. We are the same person as DAVID C. CLARK and WENDY R. CLARK named as the initial Trustee of the Trust.

4. This RESIGNATION OF TRUSTEE is executed to establish that the Trustees of this Trust are STEVEN R. SHALLENBERGER and RUSSELL JACOBSEN by reason of the provisions of said Trust.

5. As the Settlors of said Trust, we hereby consent to the resignation of DAVID C. CLARK and WENDY R. CLARK as the Trustees and to STEVEN R. SHALLENBERGER and RUSSELL JACOBSEN assuming the positions of Trustees.

6. The real property the subject of this document is commonly known as 41121 Kathlean Street, Fremont, California, 94538, APN: 525-1118-11, and more particularly described on Exhibit "A" attached hereto.

DOCUMENT # 89-272093        DATE OF RECORDING  OCTOBER 4, 1989

03FX04 0253.01-D/ Clark, David & Wendy - Clark C Trust        Page  1
Affidavit - Resignation of Trustee

Dated: *NOV 10        2003*

_(signature)_

DAVID C. CLARK

_(signature)_

WENDY R. CLARK

## CONSENT OF SUCCESSOR TRUSTEE

The undersigned hereby accepts the office, duties and responsibilities and agrees to act as Trustee of the Trust.

Dated: *7 NOV    2003*

_(signature)_

STEVEN R. SHALLENBERGER

_(signature)_  11/10/03

RUSSELL JACOBSEN

03FXM  0253.01-0/ Clark, David & Wendy - Clark C Trust
Affidavit - Resignation of Trustee

Page  2

State of California          )
                             )
County of Alameda            )

On Nov. 10, 2003, before me, the undersigned Notary
Public, personally appeared DAVID C. CLARK and WENDY R. CLARK,
~~personally known to me~~ or proved to me on the basis of satisfactory evidence to
be the persons whose names are subscribed to the within instrument and
acknowledged to me that they executed the same in their authorized capacities,
and that by their signatures on the instrument the persons, or the entity upon
behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

*Charlotte Kathryn Magnone*
Notary Public

Charlotte Kathryn Magnone
Comm. #1442743
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires October 8, 2007

State of ~~California~~ Utah    )
                               )
County of Utah                 )

On 7 Nov, 2003 before me, the undersigned Notary
Public, personally appeared STEVEN R. SHALLENBERGER, personally known
to me or proved to me on the basis of satisfactory evidence to be the persons
whose names are subscribed to the within instrument and acknowledged to me
that they executed the same in their authorized capacities, and that by their
signatures on the instrument the persons, or the entity upon behalf of which the
persons acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY PUBLIC
SHERRY SMITH
45 South State St.
Orem, Utah 84058
Commission Expires
November 16, 200
STATE OF UTAH
November 14, 2004
Notary Public

State of California　　　　　)

County of Alameda　　　　)

On Nov. 10th, 2003, before me, the undersigned Notary Public, personally appeared RUSSELL JACOBSEN, personally known to me or proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

*Charlotte Kathryn Magnone*

Notary Public



Charlotte Katinyie Magnone
Comm. #1442243
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires October 6, 2007

# EXHIBIT "A"

**THE FOLLOWING DESCRIBED REAL PROPERTY IN THE COUNTY OF ALAMEDA, STATE OF CALIFORNIA:**

LOT 43, IN BLOCK 3, AS SAID LOT AND BLOCK ARE SHOWN ON THE MAPS OF "TRACT 1975, FREMONT FIELDS UNIT NO. 5, CITY OF FREMONT, ALAMEDA COUNTY, CALIFORNIA", FILED FEBRUARY 4, 1959, IN BOOK 39 OF MAPS, AT PAGES 46 AND 47 IN THE OFFICE OF THE COUNTY RECORDER OF ALAMEDA COUNTY

Street Address:            41121 KATHLEAN STREET, FREMONT, CA 94538
Assessor's Parcel No.      525-1118-011

Exhibit J

## AFFIDAVIT

I, Steven R. Shallenberger, of 1330 S 1000 E, Orem, Utah 84097 do hereby certify that I have known David C. Clark since 1980. Mr. Clark was an employee of my firm. Mr. Clark later asked if I would be willing to serve as the Executive Trustee for the Clark C. Trust and I agreed. I have known Gardner H. Russell since 1972 and asked Mr. Russell to serve as a Trust Advisor to the Clark C. Trust.

Among Mr. Russell's duties were:

(a) Attend Board of Trustees Meetings and provide business input and recommendations.

(b) Prepare Minutes of such meetings and to keep the Minute Book of the Trust current.

Mr. Russell recommended the TRUSTEES approve an AMENDMENT to strengthen the DECARATON OF TRUST. Mr. Russell read and studied Internal Revenue Services Codes and Regulations pertaining to Irrevocable Trusts, particularly compliance with Adverse Trustee and Grantor rules. As Executive Trustee, I also sought individuals and entities versed in such Trusts but there were few sources for Trustees. Based on the best experts available, Mr. Russell prepared and I signed the AMENDMENT and filed it in the Minute Book. The reason Mr. Russell recommended the Trustees consider an AMENDMENT was to recite major IRS Codes to assure best possible TRUST compliance.

On September 23-25, 1996 the Mr. Russell and I attended a Fiduciary and Trust Workshop with Louis Bass in Longview, Texas. Mr. Bass examined the Amendment and found it needed clarification as to one clause titled "AMENDMENTS" which read as follows:

"AMENDMENTS. The Grantor retains the power to amend any part of this Trust Indenture AS AMENDED without notice. Nothing in this document is to be construed as giving authority to the TRUST, or any other person(s) to have the power to amend any part of this TRUST INDENTURE with one exception; should the GRANTOR liberate his ability to amend the TRUST INDENTURE and if full written approval is obtained from ALL BENEFICIARIES, TRUSTEES may amend the TRUST by unanimous decision, insofar as so doing will NOT be in conflict with the Purport hereunder."

1

Mr. Bass asked in a meeting which took place at 2:15 pm on September 23, 1996, that the AMENDMENTS clause be rewritten to clarify the intent of the Trustees. Mr. Russell then corrected the clause to read,

"AMENDMENTS: Nothing in this document is to be construed as giving authority to any person(s) to have the power to amend any part(s) of THIS TRUST INDENTURE, with one exception: if full written approval is obtained from ALL BENEFICIARIES, the TRUSTEES may amend the TRUST by unanimous decision, insofar as so doing will NOT be in conflict with the purport hereunder. The BENEFICIARIES are NOT by this or any other provision, granted the right or power to compel amendment action by the TRUSTEES, and the power of the TRUSTEES to manage the assets of THIS TRUST is NOT subject to approval of the BENEFICIARIES in any manor by this provision of Amendment Approval. Further, the AMENDMENTS shall be attached to this instrument, jointly with the evidence of approval signed by ALL BENEFICIARIES."

I instructed Mr. Russell to complete the CORRECTED AMENDMENT and he forwarded the same to me requesting this CORRECTED AMENDMENT be signed and substituted for the INCORRECT AMENDMENT. Unfortunately, the substitution did not occur due to a clerical error. I am not sure where it ended up and have not been able to locate it. The CORRECTED AMENDMENT was, however, duly substituted in the TRUST MINUTES, which also serves for us as a back-up to our hard copy records.

The Trust first learned that the CORRECTED AMENDMENT had not been executed when recently, Mr. Virgil Nelson, Appeals Officer of the Internal Revenue Service took the position that language appearing on the signature page of the AMENDMENT to the TRUST INDENTURE of the CLARK C TRUST caused the TRUST to be a designated by him as a GRANTOR TRUST.

The Clark C Trust had been operating for nearly eight (8) years prior to the said AMENDMENT, with no improper input or action from the GRANTOR-CREATOR who had no reason to AMEND the TRUST INDENTURE. To my knowledge, there have not been any violations by the GRANTOR CREATOR which would indicate a GRANTOR TRUST either in substance or form.

As the Executive Trustee, I would like to point out that the MINUTES are an account of all true action of the Trustees and they show that in no way was the Trust influenced by the Grantor(s) nor did the Grantor(s) receive any benefit from Trust

2

proceeds or property. It was NOT the Grantor(s) intent to create a Grantor Trust and the evidence clearly demonstrates that it was never managed in that manner. Further, all transactions and business was in the control of ONLY the Trustees and the Grantor was never consulted in any way by their management of the Trust's assets.

Respectfully submitted,

_____

Steven R. Shallenberger, Executive Trustee

State of Utah

County of Utah

.On this 13th day of February in the year 2007, before me _____ a notary public, personally appeared , Steven R. Shallenberger proved on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are)subscribed to this instrument, and acknowledged (he/she/they) executed the same. Witness my hand and official seal.

NOTARY PUBLIC
SEAL

NOTARY PUBLIC
PAULA WATTS
1220 South 800 East
Orem, UT 64097
My Commission Expires
March 16, 2010
STATE OF UTAH

3

Exhibit K

## AFFIDAVIT

I, Gardner Russell, of 645 Cinnamon Court, Satellite Beach, Florida 32937 do hereby certify that I have known Steven R. Shallenberger, Executive Trustee of the Clark C Trust, since 1972. More than 20 years later in 1993, Mr. Shallenberger asked me to be a Trust Advisor to the Clark C Trust. Among my duties as Trust Advisor   were to:

(a) Attend Board of Trustees Meetings and provide input and recommendations.
(b) Prepare Minutes of such meetings and to keep the Minute Book of the Trust current.

I recommended the TRUSTEES approve an AMENDED DECLARATION OF TRUST to strengthen and to supersede the DECLARATON OF TRUST and to recite major IRS Codes to assure best possible TRUST compliance. Accordingly. I read and studied Internal Revenue Services Codes and Regulations pertaining to Irrevocable Trusts, particularly compliance with Adverse Trustee and Grantor rules. I also sought individuals and entities versed in such Trusts but there were few sources for Trustee and Trust Advisor Training. Based on the best information available to me, I prepared and the Executive Trustee signed an AMENDED DECLARATION OF TRUST and filed it in the Minute Book.

September 23-25, 1996 the Executive Trustee and I attended a Fiduciary and Trust Workshop with Louis Bass in Longview, Texas. He examined the AMENDED DECLARATION OF TRUST and found a clause on the signature page titled "AMENDMENTS" as follows:

"AMENDMENTS. The Grantor retains the power to amend any part of this Trust Indenture AS AMENDED without notice. Nothing in this document is to be construed as giving authority to the TRUST, or any other person(s) to have the power to amend any part of this TRUST INDENTURE with one exception; should the GRANTOR liberate his ability to amend the TRUST INDENTURE and if full written approval is obtained from ALL BENEFICIARIES, TRUSTEES may amend the TRUST by unanimous decision, insofar as so doing will NOT be in conflict with the Purport hereunder."

Mr. Bass asked in a meeting which took place at 2:15 pm on September 23, 1996, that in order to clarify the clause "AMENDMENTS" in the AMENDMENDED DECLARATION OF TRUST, that it be rewritten to clarify the intent of the Trustees. I then corrected the clause to read,

"AMENDMENTS: Nothing in this document is to be construed as giving authority to any person(s) to have the power to amend any part(s) of THIS TRUST INDENTURE, with one exception: if full written approval is obtained from ALL BENEFICIARIES, the TRUSTEES may amend the TRUST by unanimous decision, insofar as so doing will NOT be in conflict with the purport hereunder. The BENEFICIARIES are NOT by this or any other provision, granted the right or power to compel amendment action by the TRUSTEES, and

the power of the TRUSTEES to manage the assets of THIS TRUST is NOT subject to approval of the BENEFICIARIES in any manor by this provision of Amendment Approval. Further, the AMENDMENTS shall be attached to this instrument, jointly with the evidence of approval signed by ALL BENEFICIARIES."

This is to further certify that I, Gardner Russell completed the AMENDED DECLARATION OF TRUST per copy enclosed. and forwarded same to the EXECUTIVE TRUSTEE of the Clark C Trust. requesting this CORRECTED AMENDMENDED DECLARATION OF TRUST be signed and substituted for the INITIAL AMENDMENDED DECLARATION OF TRUST. Unfortunately, the substitution did not occur due apparently to clerical error. The CORRECTED AMENDMENDED DECLARATION OF TRUST was, however, duly substituted in the master file of TRUST MINUTES which I preserve for such eventualities.

I first learned that the CORRECTED AMENDMENDED DECLARATION OF TRUST had not been forwarded to I.R.S. when recently, Mr. Virgil Nelson, Appeals Officer of the Internal Revenue Service took the position that language appearing on the signature page of the AMENDMENDED DECLARATION OF TRUST of the CLARK C TRUST titled "AMENDMENTS" caused it to br considered as a GRANTOR TRUST.

The Clark C Trust had been operating for nearly eight (8) years prior to the said AMENDMENDED DECLARATION OF TRUST, and a number of years after the AMENDMENDED DECLARATION OF TRUST with no improper input or action from the GRANTOR-CREATOR who had no personal or self-serv ingreason to AMEND the TRUST INDENTURE. To my knowledge, there have not been any violations by the GRANTOR CREATOR which would indicate a GRANTOR TRUST either in substance or form.

I would like to additionally point out that the MINUTES are an account of all true action of the Trustees and they show that in no way was the Trust influenced by the Grantor(s) nor did the Grantor(s) receive any benefit from Trust proceeds or property. It was NOT the Grantor(s) intent to create a Grantor Trust and the evidence clearly demonstrates that it was never managed in that manner. Further, all transactions and business was in the control of ONLY the Trustees and the Grantor was never consulted in any way by their management of the Trust's assets. A copy pf the CORRECTED AMENDMENDED DECLARATION OF TRUST enclosed for reference purposes..

Respectfully submitted,

Gardner Russell, Trust Advisor

State of Florida

On this 12th day of February in the year 2007, before me _David J Moeckel_ a notary public, personally appeared , GARDNER RUSSELL, proved on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are)subscribed to this instrument, and acknowledged (he/she/they) executed the same. Witness my hand and official seal.



NOTARY PUBLIC

**SEAL**