1   SCOTT N. SCHOOLS (SCSBN 9990)
    United States Attorney
2   THOMAS MOORE (ASBN 4305-T78O)
    Assistant United States Attorney
3    9th Floor Federal Building
     450 Golden Gate Avenue, Box 36055
4    San Francisco, California 94102
     Telephone:   (415) 436-7017
5    Fax:          (415) 436-6748

6   Attorneys for Plaintiff

7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                  NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10

    UNITED STATES OF AMERICA,            )
11                                        )        No. C-07-3086-MEJ
                 Plaintiff,               )
12                                        )
          v.                              )
13                                        )        REPLY MEMORANDUM IN SUPPORT
    DAVID C. CLARK, et al.,               )        OF UNITED STATES' MOTION FOR
14                                        )        SUMMARY JUDGMENT
                 Defendants.              )
15                                        )        DATE:   January 17, 2008
                                          )        TIME:   10:00 a.m.
16   _____ )        PLACE:  Courtroom B

17        The United States submits this reply memorandum in support of it Motion for Summary

18   Judgment.

19                            **ISSUES PRESENTED**

20        **1.**      Whether the United States is entitled to summary judgment for the amount of the tax

21   assessments due to defendants' failure to submit an opposing affidavit pursuant to Rule 56(e) with

22   respect to his claims concerning a new Tax Court matter.

23        2.       Whether the trust instruments designate beneficiaries as required by the California

24   Probate Code.

25   ///

26   ///

1

**I**

2

**THE DEFENDANTS' TAX COURT CLAIMS
ARE NOT SUPPORTED BY AN AFFIDAVIT**

3

**AS REQUIRED BY RULE 56(e)**

4      The defendants appear to argue that the United States' Motion for Summary Judgment, as to the

5   amount of the Clarks' tax liabilities, is premature as the Clarks allegedly have filed a Tax Court

6   petition challenging the merits of the assessments at issue and are asking that the Tax Court's 2001

7   decisions against the Clarks be set aside.  Opposition at 2, lines 18-28.  The Clark defendants

8   submit no declaration or other evidence supporting such claim.

9      Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own

10  affidavits, or by the [completed discovery] designate specific facts showing that there is a genuine issue

11  for trial."  **Celotex v. Catrett**, 477 U.S. 317, 324 (1986).  The policy of Rule 56(e) is to allow the

12  affidavit to contain all evidentiary matter, which, if the affiant were in Court and testifying on the

13  witness stand, would be admissible as part of his testimony.  Accordingly, Rule 56(e) requires that an

14  affidavit must to be made on personal knowledge, setting forth facts that would be admissible in

15  evidence and showing that the affiant is competent to testify to the matters contained therein.  **Coca-**

16  **Cola v. Overland, Inc.**, 692 F. 2d 1250, 1255 (9th Cir. 1982).  A party resisting a motion for summary

17  judgment must do more than make conclusory allegations.  The Clark defendants' affidavit does not

18  address their Tax Court claims, but relate only to the trust documents. Accordingly, it fails to meet the

19  requirements of Rule 56(e) with respect to the tax assessments.

20      The Sowards affidavit fails to support the Clarks claim that the Tax Court has before it a case

21  addressing the validity of the 2001 Tax Court decisions against the Clarks.  A party opposing summary

22  judgment must produce enough evidentiary matter to establish a genuine issue of fact for trial.

23  **Applegate**, supra, at 97; **O'Brien**, supra, at 374.  Therefore, the Clark defendants' failure to produce an

24  affidavit attaching a Tax Court petition attacking the 2001 decisions against the Clarks so that this

25  Court and plaintiff might examine the merits of their claims, prevents this Court from denying the

26  United States' Motion for Summary Judgment.

1   Professor Moore states, "[o]ccasionally, a party will attempt to create a smoke screen in

2   resisting summary disposition of a case that has no business going to trial."  6 Moore's Fed. Practice

3   ¶56.22[1] at page 56-755 (2d ed. 1988).  As an example of such a smoke screen, Professor Moore cites

4   the case of **Applegate v. Top Associates, Inc.**, 425 F.2d 92 (2nd Cir. 1970), wherein the plaintiff spun

5   a bizarre tale involving the President, the C.I.A., the Army, and "the Allied School for Assassins" and a

6   conspiracy to kidnap the plaintiff's wife.  In an unpersuasive attempt to avoid summary judgment the

7   plaintiff filed an affidavit "replete with romance, mystery, intrigue and jealousy." Id. at 95.  The Court

8   stated:

9   > We admit to having been fascinated and intrigued by this tale, which could only be
   > matched by an Ian Fleming novel.  To avoid summary judgment, however, a plaintiff
10  > must do more than whet the curiosity of the court; he must support vague accusation and
   > surmise with concrete particulars. . . . To prevent the exchange of affidavits on a motion
11  > for summary judgment from degenerating into a mere elaboration of conclusionary
   > pleadings, Rule 56(e) requires "supporting and opposing affidavits (to) be made on
12  > personal knowledge (and to ) set forth such facts as would be admissible in evidence."
   > Applegate has submitted an affidavit grounded on suspicion, and bound together with
13  > rumor and hearsay. He has provided the court with characters and plot line for a novel
   > of intrigue rather than the concrete particulars which would entitle him to a trial.

14

15  Id. at 96-97.

16   A party opposing summary judgment must disclose the merits of his case or defense.  A failure

17  to do so ends this entitlement to the rule of liberally construing the pleadings in his favor.

18  **International Longshoreman's Union v. Kuntz,** 334 F.2d 165 (9th Cir. 1964).  The opposing party is

19  not entitled to keep secret  his evidence by holding it back until trial.  **Donnelly v. Guion**, 467 F.2d

20  290, 293 (2nd Cir. 1972).  The opposing party is also not entitled to trial on the possibility that an issue

21  of material fact might turn up at trial.  **First Nat'l Bank v. Cities Serv. Co.**, 391 U.S. 253 (1968).

22  Summary judgment cannot be defeated by the possibility that the defendant may think of something

23  new to say at trial.  **O'Brien v. McDonald's Corp**. 48 F.R.D. 370, 374 (ND Ill. 1970).  It cannot be

24  disputed that the defendants' affidavit fails to support its alleged defense: a mysterious Tax Court case

25  which has the power to reverse two six year old Tax Court decisions. The allegations consist entirely of

26  vague conclusions and no concrete particulars concerning the alleged Tax Court case or the procedural

1    device which allows the Tax Court to reverse its previous decisions after the time for appeal has

2    passed.  Accordingly, this Court should ignore the Clark defendants' unsupported factual allegations

3    and enter summary judgment against the Clarks for the for the amount of the tax assessments at issue.

4                                                                II

5                          **THE TRUST FAILS TO NAME BENEFICIARIES**
                       **AND THE TRUSTEES DO NOT HAVE THE POWER**
6                              **TO NAME BENEFICIARIES**

7        The defendants admit that the trust does not describe the beneficiaries.  Opposition at 3, lines 9-

8    10.  The defendants argue, however, without authority, that the trust minutes, resolutions, and other

9    documents are incorporated into the by operation of law. Opposition at 3, lines 12-18.  This claim lack

10   a legal basis as the statute states that the trust instrument must provide the beneficiary or grant the

11   power to a trustee to name the beneficiaries.  The claim also lacks a factual basis as nowhere do any of

12   the related documents provide for the naming of the beneficiaries.  Defendants merely conclude that

13   the holding of the certificate of beneficial interest is a beneficiary.

14       Defendants also argue that the trustees have the implied power to choose a beneficiary.

15   Opposition at 4, lines 14-18.  The Court should reject this argument for two reasons.  First, any implied

16   powers to trustees come from their roles as trustees.  A defective declaration of trust fails to create a

17   trust and cannot create trustees; it therefore does not create any powers implicit in trustees.  Putative

18   trustees cannot bootstrap a trust into existence by relying on powers available only after they become

19   trustees.  Second, even if an implied grant of power can satisfy Section 15205(b)(2), a search for a

20   grant of implicit power to name beneficiaries is as fruitless as the search for an explicit grant.

21       A trustee's powers include those specified in the trust instrument, those conferred by statute,

22   and those needed to satisfy the reasonable person and prudent investor standards of care in managing

23   the trust.  **Moeller v. Superior Court**, 16 Cal.4th 1124, 1129 (1997).  Since a trustee's powers can

24   come from any of these sources, a trustee lacks a specific power when it is both absent from the trust

25   instrument and not provided for by statute.  In **Moeller**, the trust instrument expressly bestowed on its

26   trustee all powers the law confers upon trustees by providing "all other powers and discretions granted

1    to or vested in the trustee by law" in addition to specifically granted powers.  Id.  The California

2    Supreme Court ruled that since statutes implicitly empowered a trustee to become an attorney's client, a

3    trustee could assert the attorney-client privilege.  Id. at 1130.

4         Similar to the grant of trustee power in **Moeller** is the Clark C. Trust documents' provision that

5    "[t]rustees may do anything any individual may legally do in any state or county, subject to the

6    restrictions herein noted."  Declaration of Trust, Page 4 of 7.  However, in justifying that powers at

7    issue were "granted under the law," the **Moeller** court referred to Sections16247 and 16249 of the

8    California Probate Court.  **Moeller** at 1130.  In the present case there is no analogous statute that

9    empowers a trustee to name a beneficiary.  In fact, Section 15205 specifically conditions the existence

10   of a trust on a trustor's identification of a beneficiary or granting of the power to do so.  Cal. Prob.

11   Code § 15205.  This requirement of trust formation places the power to determine beneficiaries in the

12   hands of the trust creator to exert either directly or indirectly.  The statute does not implicitly grant such

13   power to a putative trustee.  Such an interpretation would make meaningless the requirement that the

14   trust instrument identify or beneficiary or contain a grant of power.  The power to name a beneficiary is

15   not among those powers conferred by statute.

16        Beyond specific statutory grants of power, common law holds that "a trustee has all the

17   authority necessary to carry out the objects and purposes of the trust."  **Craven v. Dominguez Estate**

18   **Co.**, 72 Cal.App. 713, 719 (2d Dist. 1925).   This power extends beyond those powers that the trust

19   instrument confers.  Id.  Examining the stated purpose of the Clark C. Trust makes it clear that the

20   power to name beneficiaries is not necessary to carry out "the objects and purposes of the trust."

21        The Trust Declaration empowers the trustees to "perform and function for any purpose," but

22   "[i]n such instances, the powers of the trustees shall be defined and limited" by the Declaration of Trust

23   and the Trustees' Declaration of Purpose.  Declaration of Trust, Page 5 of 7, emphasis added.  The

24   Declaration of Purpose says that the trustees "shall be required to accept rights, titles and interest in and

25   to real and personal properties . . . conveyed by the CREATORS HEREOF AND GRANTORS

26   HERETO."  Declaration of Trust, Page 4 of 7.  The Declaration of Purpose continues that included

1  among the property that the trust is required to accept is the services of David C. Clark.  Id.  The

2  trustees' must accept David C. Clark's service so that "he can maximize his lifetime efforts through the

3  utilization of his constitutional rights for the protection of his family in the pursuit of his happiness,

4  through his desire to promote the general welfare, all of which DAVID C. CLARK feels he will

5  achieve because they are sustained by his RELIGIOUS BELIEFS."  While the grantor's maximizing his

6  happiness is offered as a reason for the trust's retention of his services, the Declaration of Purpose

7  merely requires that the trustees accept properties from the grantor.

8      The purpose of the Clark C. Trust, according to its own declaration, is to accept properties of

9  the grantors.  Therefore, the trustees have the authority necessary to carry out this purpose.  Naming a

10 beneficiary is not necessary for the trustees to accept the properties conveyed by the grantors.

11     The 1989 Trust Documents do not grant the power to a trustee or other person to name

12 beneficiaries.  That power is not provided for California statutes.  The trust's grant of authority to

13 trustees to "do anything any individual may legally do in any state or county" does not provide the

14 power to name a beneficiary.  The authority necessary to carry out the purpose of the trust does not

15 include the power to name beneficiaries.  Since there is no beneficiary, the Clark C. Trust was not a

16 valid trust at the time of the conveyance of the Kathlean St. Property in 1989.

17                                    **III**

18                               **CONCLUSION**

19     For the reasons stated in the United States' Motion for Summary Judgment and for the above

20 reasons, Summary Judgment should be entered in favor of the United States of America.

21                                        SCOTT N. SCHOOLS
                                         United States Attorney

22
                                         /s/ Thomas Moore
23                                        THOMAS MOORE
                                         Assistant United States Attorney
24                                        Tax Division

25

26

Reply Mem. In Supp. Of U.S.' Mot. For
S/J (No. C-07-3086-MEJ)            6