Ray W. Sowards **SBN 139952**
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, California  95035
Telephone:        (408)957-0807
FAX:        (408)957-0663
Email:   rsowards@pacbell.net

Attorney for Defendants: David C. Clark, Wendy R. Clark, Clark C. Family Trust,
American Synergy Financial Company, and Eagle
Systems International, Inc.

## THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | } Case Number: **C 07 3086** |
| Plaintiff, | } |
| vs. | } **DEFENDANTS' SURREBUTTAL IN** |
| | } **OPPOSITION TO PLAINTIFF'S** |
| **DAVID C. CLARK et. al.,** | } **MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | } |

Defendants hereby rebut Plaintiff's Reply to Defendants' Opposition to Motion for

Summary Judgment as follows:

### ISSUES PRESENTED

1. Whether the United States is entitled to summary judgment for the amount of the tax
   assessment due to defendants' failure to submit an opposing affidavit pursuant to
   Rule 56(e) with respect to his claims concerning a new tax Court matter;

2. Whether the trust instrument designated beneficiaries as required by the California
   Probate Code.

## II

## PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT
## BECAUSE NO RULE 56(e) AFFIDAVIT IS REQUIRED

Plaintiff has misinterpreted the application of Defendants' opposing arguments in this proceeding. Defendants are not asking that this Court set aside the 2001 tax Court decision, as counsel seems to think. Rather, the information imparted through Defendants' opposing memorandum serves as a courtesy notice to the United States that there is in fact a pending matter in the Tax Court in which the tax assessments underlying this lawsuit are under attack by these same defendants. [1] This was done merely as a courtesy to opposing counsel and not as an argument to create a triable issue. Counsel for Defendants does not and has never had access to any of the documents filed in Tax Court in that matter.

Based on the foregoing, no Rule 56(e) affidavit is required and Plaintiff's argument to the contrary should be rejected.

## II

## THE TRUST SUFFICIENTLY IDENTIFIES THE
## BENEFICIARIES AND THE TRUSTEES HAVE
## BEEN GIVEN THE APPROPRIATE POWERS UNDER
## CALIFORNIA LAW

The Plaintiff continues to propound a narrowly-focused and self-serving argument which requires an extremely restrictive reading of the Trust Instrument and an incorrect reading of the law to be valid. More particularly, Plaintiff is clearly under the impression that the Trust Instrument is required to explicitly spell out the names of each individual or entity it designates as beneficiaries. It is not, and the language of the Trust Instrument in the case at bar is entirely sufficient to satisfy the requirements of California law and to carry out the purpose of the trust.

Admittedly, this is not the standard garden-variety trust. It is a private irrevocable trust. To evidence this, the original trustees were issued Certificates of Beneficial Units (*Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment*, Exhibit "A".) The

---

[1] Counsel for Defendants in this case does not represent any of the defendants in the Tax Court case.

trustees, David and Wendy Clark, then issued the Certificates of Beneficial Units to their children and resigned as trustees after appointing independent trustees. It is the names on the Certificates of Beneficial Units which satisfy the requirements of *California Probate Code*, Section 15205(b)(1). This is true because the Trust Instrument explicitly provides that "the holders of the Certificates of Beneficial interest are the beneficiaries. Since the Certificates of Beneficial Units are an integral part of the irrevocable trust, the beneficiaries are, in fact and in law, named in the trust Instrument.

Counsel for the Plaintiff is clearly making an attempt to direct this Court's attention away from the process which makes this a valid and binding trust. The evidence of this process, leading to the creation of a valid trust, is abundant here. For example, at the time of the creation of this trust there was a true split of interest: the trustees holding legal interest and the beneficiaries – those whose names appear on the Certificates of Beneficial Units – holding equitable interest. But counsel inexplicably insists that the beneficiaries are not named. Perhaps counsel means that the beneficiaries are not "properly named" because their names are not spelled out in the body of the Trust Indenture? But the names of the beneficiaries are spelled out – in the Certificates of Beneficial Units, which are an integral and indispensible component of the Clark C. Trust. At any rate, the manner in which the trustees are identified in the Clark C. Trust is a well-established and valid procedure, one which hearkens back to the closing years of the 19th Century when these kinds of trusts issued Certificates of Beneficial Units in place of corporate stock.

There is nothing unusual, invalid, or wrong with the manner in which the trustees are identified in the Clark C. Trust. The Clark C. Trust identifies the beneficiaries in a manner and to the extent required by California law. Plaintiff is not entitled to summary judgment on this issue.

///

///

///

///

///

## **CONCLUSION**

For the foregoing reasons, Defendants aver that there are material issues of fact in genuine dispute and that Plaintiff is not entitled to summary judgment on any issue. Defendants respectfully request that this Court deny the motion in its entirety.


DATED:_____                                    Respectfully submitted,


                                                          Ray W. Sowards
                                                          Attorney for Defendants