**Ray W. Sowards** SBN 139952
**Law Offices of Ray W. Sowards**
1289 S. Park Victoria Drive, Suite 201
Milpitas, Callifornia 95035
Telephone:    (408)957-0807
FAX:            (408)957-0663
Email:   rsowards@pacbell.net

Attorney for Defendants David C. Clark, Wendy R. Clark, and Clark C. Family Trust

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case Number: **C 07 3086** |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL MEMORANDUM OF DEFENDANTS REGARDING IDENTIFICATION OF BENEFICIARIES, JOINT STATEMENT OF UNDISPUTED FACTS, AND PENDING U.S. TAX COURT CASES** |
| **DAVID C. CLARK; WENDY R. CLARK; CLARK C. FAMILY TRUST; AMERICAN SYNERGY FINANCIAL COMPANY TRUST; EAGLE SYSTEMS INTERNATIONAL, Inc.** | |
| Defendants. | |

    In accordance with this Court's Orders of January 8 and 9, 2008 for further briefing regarding identification of beneficiaries, joint statement of undisputed facts, and the pending U.S. Tax Court cases, Defendants submit the following:

## JOINT STATEMENT OF UNDISPUTED FACTS

    On December 20, 2007 the parties filed a one-page Response to Order to File Joint Statement of Undisputed Facts. Unfortunately, Defendants failed to properly state their position regarding the Plaintiff's factual allegations, and failed to ensure that the Joint Statement that was filed adequately reflected this. Defendants do not dispute every little fact alleged by the Plaintiff;

to do so would be a bit ridiculous. Rather, Defendants assert that the specific factual allegations which would entitle the Plaintiff to summary judgment if admitted are disputed.

David C. Clark and Wendy R. Clark are the taxpayers in this case. On June 18, 2001 the United States Tax Court entered a Stipulated Decision against the taxpayers relating to the 1996 tax year. On August 20, 2001 an assessment was made by a delegate of the Secretary of the Treasury against David and Wendy Clark for unpaid federal income taxes plus related penalties and interest, as well as accrued but not assessed statutory additions to the taxes.

In its Complaint Plaintiff relies entirely on the *res judicata* application of the 2001 Tax Court judgment as entitling it to foreclose the Kathlean Street property. This position is stated on page 4 of the Memorandum in Support of United States' Motion for Summary Judgment (hereinafter "Plaintiff's memorandum") where is it stated that, [a]dditionally, the claim of the United States is base[d] on the decision of the United States Tax Court against David C. Clark...." This is the crux of Defendants' opposition. Defendants do not dispute that the tax Court decision was entered, nor do Defendants dispute that that they are taxpayers. Defendants do not dispute the factual allegations relating to the dates of the assessments, or even Plaintiff's right to collect on that judgment. Defendants' wagons are circled around the Kathlean Street property: Defendants assert here that even if Plaintiff is entitled to judgment on the Tax Court judgment it is not entitled to foreclose the Kathlean Street property as a means of collecting on that judgment; property in which the Defendants have no ownership interest and which has no tax liabilities of its own.

Defendants further assert that the underlying assessments were invalid, a finding which would make this action superfluous. Since Defendants cannot assert this as a defense against Plaintiff's summary judgment motion, Defendants had to argue the prematurity of the motion in light of the pending challenges to the assessments in U.S. Tax Court. (*Memorandum of Defendants in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter "Defendants' Memorandum," pp. 2-3.)* This is what triggered this Court's January 8 order to produce certified court records evidencing these challenges. Failing to attach certified records of the Tax Court

cases to its opposing memorandum was an oversight: those records should have been attached to the opposing memorandum, and cited at pages 1-2 where the prematurity argument is made. The primary point of contention for Defendants is that the Plaintiff is not entitled to foreclose on the Kathlean Street property, not that the Tax Court judgment is unenforceable. It's only unenforceable *in that manner*.

### The Clark C. Trust is a Valid Trust

Plaintiff contends that Defendant David C. Clark executed documents which "purport" to create a trust, and which "purport" to amend the Trust. Those documents created by David C. Clark do not "purport" to do any such thing, they actually do create and amend the Clark C. Trust. To the extent Plaintiff argues that somehow the Clark C. Trust is not a valid trust because David C. Clark executed documents which "purport" to create and amend it, Plaintiff is wrong and that point is disputed by Defendants.

### California Law Governs the Extent of David Clark's Property

This argument, made at Plaintiff's Memorandum, pages 7-8, is not disputed by Defendants. In fact, the argument is a bit obfuscatory: it is difficult to understand how this fact invalidates the Trust. The fact that California law governs the extent of the Settlors' property, as well as the validity of the Trust as a trust instrument, is a matter of course. Plaintiff seems to think that because the trust documents of the Clark C. Trust do not express an intent to organize the Trust under another state's law is it somehow invalid. This claim by Plaintiff as a ground for summary judgment is ludicrous, and the point is disputed by Defendants.

### California Law Requires that a Trust have an Ascertainable Beneficiary, an Ascertainable Class of Beneficiaries, or a Grant of Power to Choose a Beneficiary.

Plaintiff seems to argue at pages 8-10 of Plaintiff's Memorandum that in order to be valid the Clark C. Trust must name a beneficiary *and* a class of beneficiaries *and* contain a grant of power to name a beneficiary. This is shown by several statements made in Plaintiff's motion: "[t]he 1989 Trust documents are silent as to the identity of the beneficiaries (*Plaintiff's*

*Memorandum*, p. 9:14.) Defendants dispute this claim, as set forth later in this brief in compliance with this Court's order for briefing on that subject.

"Similar to the absence of identified beneficiaries is the complete absence, in the 1989 Trust documents, of mention of a class of beneficiaries of the trust." (*Plaintiff's Memorandum*, p. 9:23-24.) As with the foregoing claim of a lack of ascertainable beneficiaries, Plaintiff's claim in this regard is clearly wrong. All one has to do to see this is to read the Trust documents, which Plaintiff apparently has not. This claim is therefore disputed by Defendants.

### The 1989 Trust Documents Grant the Appropriate Powers

At page 10 of Plaintiff's Memorandum, Plaintiff contends that, "[s]ince the trust instrument does not grant to the trustees or to anyone else the power to name beneficiaries, the documents do not satisfy [*California Probate Code*] Section 15205(a). This claim is disputed by Defendants. California law only requires that the trust instrument grant the power to choose beneficiaries when there are no ascertainable beneficiaries set forth in the trust instrument.

### The Conveyance of the Kathlean Street Property was Valid

Plaintiff claims at *Plaintiff's Memorandum*, page 10 that the conveyance of the Kathlean Street property was invalid because the Clark C. Trust is incapable of holding title to real property, a claim arising out of Plaintiff's opinion that the Clark C. Trust is not a valid trust for lack of ascertainable beneficiaries. This claim is disputed by Defendants. This claim by Plaintiff assumes the correctness of its own preceding arguments. As with all of Plaintiff's preceding arguments, however, Plaintiff is wrong.

### David C. Clark Owns the Kathlean Street Property

Plaintiff claims at *Plaintiff's Memorandum*, page 11, that the deed conveying the Kathlean Street property to the Clark C. Trust was void *ab initio* and therefore David C. Clark owns the property. Plaintiff's reasoning, set forth at p. 11:3-10, is a game of mental Twister.

Defendants are not sure how Plaintiff intends to prove this strange claim, but Defendants dispute it.

## PENDING U.S. TAX COURT CASES

As stated *supra*, Defendants are remiss for failing to provide this Court with the appropriate documentation to substantiate its claim relating to the pending challenges to the assessments. In compliance with this Court's January 8 order, Defendants have obtained a copy of an order by the United States Tax Court which evidences the cases. This document is attached hereto as Exhibit "A." While this is not what the Court asked for, it would be impossible to obtain the documents the Court requested within the time frame allowed. Therefore, Defendants have placed an order with the United States Tax Court for certified copies of the first page of each docket, as well as a certified copy of the operational Complaint for each case. Those requests are pending at the time this brief is filed, and Defendants will lodge the documents immediately upon receiving them, serving a copy upon the Plaintiff.

It bears pointing out that counsel for this case does not represent the Clarks in the U.S. Tax Court cases. Counsel for the Clarks in this case does not have possession of *any* documentation involved in the Tax Court cases, with the exception of that which is attached hereto as Exhibit "A." Defendants therefore request that if the Court desires to review the documents, as well as to allow Plaintiff time to review the documents, then a continuance of this hearing should be ordered.

## ASCERTAINABLE BENEFICIARIES

As the Court noted in its January 9 Order Requesting Further Briefing Re: Identity of Beneficiaries, the Court correctly noted that Defendants had made the incongruous statement in it opposing memorandum that the Certificates of Beneficial Interest are incorporated as part of the Trust by operation of law. Understandably, the Court seeks clarification of this statement.

The Certificates of Beneficial Interest are not incorporated into the Trust by operation of law. The Certificates of Beneficial Interest are incorporated into the Trust by reference. Characterizing the incorporation of the Certificates of Beneficial Interest into the Trust as having been done by "operation of law" instead of having been done by reference was not what was intended. Thus, the statement of Defendants at page 3, lines 15-19 which currently reads as follows:

> "The minutes, resolutions, and other trust documents are
> incorporated as part of the Trust itself by operation of law."

Should actually read:

> "The minutes, resolutions, and other trust documents are
> incorporated as part of the Trust itself by reference."

As the word, "incorporated" already appears in the above sentence, the gravamen of Defendants' argument regarding identification of the beneficiaries clearly revolves around an incorporation by reference. Thus, Defendants' statement at page 3, line 28 to page 4, line 2 that, "[a]s discussed *supra*, the beneficiaries are identified by name on the Certificates of Beneficial Interest. [citation omitted.] The beneficiaries are therefore 'ascertainable with reasonable certainty' in compliance with *Probate Code*, Section 15205(b)(1)[]" is a precisely focused statement directly implicating an incorporation by reference.

Blunder, faux-pas, mistake, error, typo, we can call it what we like. If it please the Court, Counsel for Defendants respectfully moves the Court to substitute the phrase, "operation of law" to the word, "reference" and attribute it to a Scribner's error.

## CONCLUSION

For the reasons set forth herein and in Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied.

1

2

3  DATED:_____

4

                                                      _____
                                                      Ray W. Sowards
                                                      Attorney for Defendants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

# UNITED STATES TAX COURT

**WASHINGTON, DC 20217**

|  |  |  |
|---|---|---|
| DAVID C. & WENDY CLARK, ET AL, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Docket Nos.  4092-05, |
| | ) | 4296-05, |
| COMMISSIONER OF INTERNAL REVENUE, | ) | 4589-05, |
| | ) | 4592-05, |
| Respondent. | ) | 5161-05, |
| | ) | 5162-05, |
| | ) | 5163-05. |

## ORDER

These cases are set for trial session October 15, 2007, in San Francisco, California.  On September 19, 2007, the undersigned held a conference call with the parties in the above-docketed cases.  Pursuant to the conference call, it is

ORDERED that the above referenced cases are continued and calendared for trial at a Special Session of the Court beginning at 10:00 a.m., on March 24, 2008, in United States Courthouse, 450 Golden Gate Avenue, Room 2-1408, San Francisco, California 94102.  It is further

ORDERED that these cases are jurisdiction retained by undersigned.

This Order constitutes official notice of its contents to the parties.

(Signed) Harry A. Haines

Harry A. Haines
Judge

Dated: Washington, D.C.
        September 21, 2007

# Exhibit "B"

Yahoo! Mail - simonjuris@yahoo.com                                    Page 1 of 2

Case 3:07-cv-03086-MEJ     Document 35     Filed 01/14/2008     Page 11 of 15

**YAHOO! MAIL** Classic                                    Print - Close Window

| | |
|---|---|
| **Date:** | Sat, 12 Jan 2008 16:04:52 -0800 (PST) |
| **From:** | "Simon Smith" <simonjuris@yahoo.com> |
| **Subject:** | Copy request -- CONFIDENTIAL: FINANCIAL INFORMATION ENCLOSED |
| **To:** | jisimmons@ustaxcourt.gov |
| **CC:** | "Ray W Sowards" <rsowards@pacbell.net> |

The Law Offices of Ray W. Sowards
1289 S. Park Victoria Drive, Suite 201
Milpitas, CA 95035
Tel: (408)957-0807
FAX: (408)957-0663
email: rsowards@pacbell.net

This request is made by: Simon P. Smith
                        Litigation Paralegal
                        Law Offices of Ray W. Sowards
                        email: simonjuris@yahoo.com

Re: DAVID C. & WENDY CLARK, et.al. v. Commissioner of Internal Revenue
     U.S. Tax Court Docket Nos. 4092-05
                                4296-05
                                4589-05
                                4592-05
                                5161-05
                                5162-05
            5163-05

    All of the above matters have the same title.

Dear Mrs. Simmons:

In accordance with our telephone conversation of January 11, 2008, I request CERTIFIED copies of the
following documents from the court file in each of the above referenced cases.

DOCUMENTS REQUESTED: One Certified copy of the top page of each docket of the seven open cases, listed
above, showing the names of the parties, assigned court, and impending trial date.

   I understand your copying and certification fees are $5 per document certified, and $0.50 per photocopy.
Accordingly, the total cost to this firm for these documents should be $38.50. I will provide the necessary credit
card information at the end of this email. If my calculations are incorrect, you are authorized to charge the credit
card for the appropriate amount without prior authorization, provided you notify me afterwards what the true cost
is.

BILLING INFORMATION:

| | |
|---|---|
| Card type: | Visa |
| Card number: | ████████████ |
| Expiry: | ████ |
| cv# | ███ |
| Name of cardholder: | Ray W Sowards |
| Billing address: | 1289 S. Park Victoria Drive, Suite 201 |
| | Milpitas, CA 95035 |
| | (408)957-0807 |

SHIPPING INFORMATION:

Ship to:          Law Offices of Ray W. Sowards
                  1289 S. Park Victoria Drive, Suite 201
                  Milpitas, CA  95035

Carrier:          Federal Express
Shipping method:  Priority overnight

Bill shipping to FedEx Account Number: 410445409

Because the U.S. District Court ordered me to produce these documents with less than a week to the hearing they relate to, I would be profoundly grateful if you would fax the documents to my office prior to depositing them with FedEx for delivery.

Thank you for your attention. My experience with the staff of your court has always been pleasant, a welcome reprieve from the apathy one encounters in most Califonia courts. If you have any questions I remain available to you on a priotity basis.


Best regards,


Simon P. Smith
Litigation Paralegal
Law Offices of Ray W. Sowards

---

Never miss a thing. Make Yahoo your homepage.

Exhibit "C"

Yahoo! Mail - simonjuris@yahoo.com
Page 1 of 2

Case 3:07-cv-03086-MEJ    Document 35    Filed 01/14/2008    Page 14 of 15

  **MAIL** Classic

Print - Close Window

| | |
|---|---|
| **Date:** | Sun, 13 Jan 2008 12:23:53 -0800 (PST) |
| **From:** | "Simon Smith" <simonjuris@yahoo.com> |
| **Subject:** | COPY REQUEST -- CONFIDENTIAL: FINANCIAL INFORMATION ENCLOSED |
| **To:** | jisimmons@ustaxcourt.gov |
| **CC:** | "Ray W Sowards" <rsowards@pacbell.net> |

Law Offices of Ray W. Sowards
1289 S. Park Victoria Drive, Suite 201
Milpitas, CA 95035
Tel: (408)957-0807
Fax: (408)957-0663
email: rsowards@pacbell.net

This request is made by: Simon P. Smith
                        Litigation Paralegal
                        Law Offices of Ray W. Sowards
                        email: simonjuris@yahoo.com

Re: DAVID C. & WENDY CLARK, et.al. v. Commissioner of Internal Revenue
    U.S. Tax Court Docket Nos. 4092-05
                              4296-05
                              4589-05
                              4592-05
                              5161-05
                              5162-05
            5163-05

    All of the above matters have the same title.

Dear Mrs. Simmons:

This constitutes a second and separate request for copies of court documents for the above referenced matters. In my previous request, emailed to you on January 12, I inadvertently neglected to include a request for a certified copy of the operational Complaint for each case, which Mr. Sowards was specifically ordered to produce by the U.S. District Court.

In accordance with the above, please provide me with one certified copy of the operational Complaint for each of the above referenced cases. I am resending the financial and shipping information to make sure the charge to the credit card is authorized under your internal policies. As with my first request, could you please fax the documents to me prior to shipping them? Again, you are authorized to charge the credit card for any additional cost this may incur.

Thank you for your attention.

                              Yours truly,


                              Simon P. Smith
                              Litigation Paralegal
                              Law Offices of Ray W. Sowards


BILLING INFORMATION:

Card type:       Visa
Card number:     ██████████████
Expiry:          ██████

Yahoo! Mail - simonjuris@yahoo.com                    Page 2 of 2

Case 3:07-cv-03086-MEJ     Document 35     Filed 01/14/2008     Page 15 of 15

cv#
Name of cardholder: Ray W Sowards
Billing address:      1289 S. Park Victoria Drive, Suite 201
                      Milpitas, CA  95035
                      (408)957-0807

SHIPPING INFORMATION:

Ship to:        Law Offices of Ray W. Sowards
                1289 S. Park Victoria Drive, Suite 201
                Milpitas, CA  95035

Carrier:          Federal Express
Shipping method:  Priority overnight

Never miss a thing. Make Yahoo your homepage.