JOSPEH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
 10th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-7017

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | No. C-07-3086-MEJ |
| ) | |
| v. ) | |
| ) | SUPPLEMENTAL BRIEF IN RESPONSE |
| DAVID C. CLARK, et al., ) | TO ORDER REQUESTING FURTHER |
| ) | BRIEFING RE: IDENTITY OF |
| Defendants. ) | BENEFICIARIES |
| ) | |

Pursuant to Court order the United States of America submits this response concerning the identity of trust beneficiaries.

**STATEMENT OF ISSUE**

Are the Certificates of Beneficial Interest referred to in the Clark C. Trust sufficient to ascertain the identities of the trust beneficiaries?

**STATEMENT OF FACTS**

On January 5, 1989, defendant David C. Clark executed a declaration of trust, purporting to create the Clark C. Trust.  The declaration of trust failed to identify the beneficiaries of the trust.  It provided only that Certificates of Beneficial Interest be divided into one hundred units that they be "non-assessable, non-taxable..., non-negotiable, non-transferable...; and the lawful possessor thereof shall be construed to be the true and lawful owner thereof."

1   Subsequent documents executed by David C. Clark and Wendy R. Clark on January 9, 1989,
2   and David C. Clark on September 26, 1996 purporting to amend the January 5, 1989 declaration of
3   trust had no modifying effect on the original language providing for Certificates of Beneficial Interest.
4   Each Certificate expressly states that the benefits conveyed to the owner of the Certificate
5   "consist solely of the emoluments as distributed by the action of The Trustees and nothing more.  The
6   Units of Beneficial Interest, as represented by This Certificate, convey no interest of any kind in The
7   Trust assets, management, or control thereof."

## **ARGUMENT**

### **I.**

### **BENEFICIAL INTEREST CERTIFICATES ARE NOT SUFFICIENT TO IDENTIFY BENEFICIARIES BECAUSE THE TRUST INSTRUMENT FAILS TO IDENTIFY WHO IS TO RECEIVE THE CERTIFICATES.**

"A trust, other than a charitable trust, is created only if there is a beneficiary."  Cal. Prob. Code § 15205(a).  The beneficiary requirement is satisfied if the trust instrument provides for "a beneficiary or class or beneficiaries that is ascertainable with reasonable certainty or that is sufficiently described so it can be determined that some person meets the description or is within the class."  Cal. Prob. Code § 15205(b)(1).

In constructing the meaning of the language in a trust instrument, "all parts of an instrument are to be construed in relation to each other and so as, if possible, to form a consistent whole.  If the meaning of any part of an instrument is ambiguous or doubtful, it may be explained by reference to or recital of that part in another part of the instrument.  Cal. Prob. Code § 21121.  Nowhere does the California Probate Code provide for reference to documents outside of the trust instrument in order to construct its meaning.  Rather, one may look to other parts contained within the four corners of the trust instrument.

The Clark C. Trust is ambiguous as to its intended designated beneficiaries, because it does not provide for any.  Instead, it provides for Certificates of Beneficial Interest, the possessors of whom are

1. the "lawful owner(s)".  The Certificates of Beneficial Interest referred to in the Clark C. Trust are not part of the trust instrument, therefore the Certificates cannot be considered in attempting to determine whether the trust provides for ascertainable beneficiaries.

On similar facts, the Supreme Court of Nebraska held that a trust designating the beneficiaries as those persons holding certificates of beneficial interest was invalid, because the trust instrument itself failed to indicate "how possession and ownership shall occur." <u>First Nat'l Bank in Mitchell v. Daggett</u>, 497 N.W.2d 358, 363 (Neb. 1993).

Since the Clark C. Trust fails to identify who is to receive the Certificates and the Certificates are not part of the trust instrument, the beneficiaries cannot be sufficiently ascertained and the trust is invalid.

## II.

### BENEFICIAL INTEREST CERTIFICATES ARE NOT SUFFICIENT TO IDENTIFY BENEFICIARIES BECAUSE THE TRUST INSTRUMENT DOES NOT PROVIDE THAT CERTIFICATE OWNERS HAVE A BENEFICIAL INTEREST IN TRUST PROPERTY.

A trust is a method of making a disposition of property, which necessarily requires "that there be a person to receive the beneficial interest in the property, a person who is to have a right to enforce the trust." Restatement (Second) of Trusts § 112 cmt. a (1959).

The United States District Court for the Northern District of California held a trust instrument that failed to designate beneficiaries or give Certificate owners a beneficial interest over the trust property was invalid for failure to separate legal title from the beneficial interest. <u>Limbaugh v. Dep't of the Treasury,</u> 1998 WL 544966 (ND Ca. 1998).

Similarly, the Clark C. Trust fails to give Certificate owners a beneficial interest in the trust property.  The alleged beneficiaries of the Clark C. Trust are the Certificate owners.  However, the trust instrument does not contain any provision giving the Certificate owners a beneficial interest in the trust property.  The Certificates themselves provide that the Certificate owners have units of beneficial interest in the trust property, but as established above the Certificates are not part of the trust

1 instrument and therefore cannot be considered in construing the meaning of the trust language.

2 Since the trust instrument does not designate any beneficiary, nor provide a beneficial interest

3 to the certificate owners, the beneficiaries cannot be sufficiently ascertained and the trust is invalid.

## **CONCLUSION**

Based on the forgoing reasons, the Certificates of Beneficial Interest referred to in the Clark C. Trust are insufficient to ascertain the identities of the trust beneficiaries, and the trust is therefore invalid.

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division